IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERCY HEALTH SYSTEM, | ) | |
| | ) | Civil Action |
| Plaintiff | ) | No. 01-CV-05681 |
| | ) | |
| vs. | ) | |
| | ) | |
| CSI FINANCIAL, INC., | ) | |
| | ) | |
| Defendant | ) | |

\* \* \*

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF | ) | |
| MONTANA, INC. and | ) | Civil Action |
| CSI FINANCIAL, INC., | ) | No. 02-CV-03608 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MERCY HEALTH SYSTEM OF | ) | |
| SOUTHEASTERN PENNSYLVANIA, | ) | |
| | ) | |
| Defendant | ) | |

\* \* \*

APPEARANCES:

    RONALD L. WILLIAMS, ESQUIRE
    STACEY A. SCRIVANI, ESQUIRE
        On behalf of Plaintiff/Defendant
        Mercy Health System

    KAREN LEE TURNER, ESQUIRE
    R.J. SEWELL, JR., ESQUIRE
    BRUCE M. SPENCER, ESQUIRE
        On behalf of Plaintiff/Defendant
        CSI Financial, Inc.

    CHRISTOPHER M. BRUBAKER, ESQUIRE
    JOSEPH M. DONLEY, ESQUIRE
        On behalf of Plaintiff First National Bank
        of Montana, Inc.

\* \* \*

RULE 16 STATUS CON FERENCE ORDER

NOW, this 17th day of July, 2003, after status conference conducted by telephone with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure,

IT IS ORDERED that counsel for First National Bank of Montana, Inc. shall communicate a settlement demand to counsel for Mercy Health System on or before July 31, 2003.  Counsel for Mercy Health System shall respond to the First National Bank of Montana, Inc.'s demand on or before August 8, 2003.  Counsel for Mercy Health System shall report to the undersigned concerning the status of settlement negotiations on or before August 15, 2003.

IT IS FURTHER ORDERED that, except as otherwise provided below, all discovery shall be completed by October 31, 2003.

IT IS FURTHER ORDERED that plaintiffs shall be precluded from offering the testimony of expert witnesses at trial unless on or before October 31, 2003 plaintiffs provide defense counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that defendants shall be precluded from offering the testimony of expert witnesses at

trial unless on or before December 1, 2003 defendants provide plaintiffs' counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that all discovery motions, including motions concerning expert witnesses, shall be filed and served prior to the close of discovery.  Any motions filed in violation of this Order may be deemed waived in the absence of good cause shown.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before December 15, 2003.

IT IS FURTHER ORDERED that all motions in limine shall be filed and served on or before March 1, 2004.

IT IS FURTHER ORDERED that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned.  Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

IT IS FURTHER ORDERED that any party filing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise

statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute.  The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

<u>IT IS FURTHER ORDERED</u> that any party opposing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  All factual assertions set forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth in this paragraph.

<u>IT IS FURTHER ORDERED</u> that a jury trial of the within case shall commence before the undersigned on Monday, April 12, 2004 at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  This

Order shall serve as a formal attachment for trial.

  <u>IT IS FURTHER ORDERED</u> that by July 21, 2003 Attorney Karen Lee Turner shall advise all counsel and the undersigned how CSI Financial will handle notice of depositions of its former employees and who the contact person will be to arrange the oral depositions of former employees.

          BY THE COURT:


          _____
          James Knoll Gardner
          United States District Judge