IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
MERCY HEALTH SYSTEM,            )
                                )  Civil Action
        Plaintiff               )  No. 01-CV-05681
                                )
    vs.                         )
                                )
CSI FINANCIAL, INC.,            )
                                )
        Defendant               )

                        *   *   *

FIRST NATIONAL BANK OF          )
MONTANA, INC. and               )  Civil Action
CSI FINANCIAL, INC.,            )  No. 02-CV-03608
                                )
        Plaintiffs              )
                                )
    vs.                         )
                                )
MERCY HEALTH SYSTEM OF          )
SOUTHEASTERN PENNSYLVANIA,      )
                                )
        Defendant               )

                        *   *   *
```

APPEARANCES:

    RONALD L. WILLIAMS, ESQUIRE
    STACEY A. SCRIVANI, ESQUIRE
        On behalf of Plaintiff/Defendant
        Mercy Health System

    PATRICK J. EGAN, ESQUIRE
        On behalf of Plaintiff/Defendant
        CSI Financial, Inc.

    CHRISTOPHER M. BRUBAKER, ESQUIRE
    JOSEPH M. DONLEY, ESQUIRE
        On behalf of Plaintiff First National Bank
        of Montana, Inc.

                      *   *   *

<u>THIRD RULE 16 STATUS CONFERENCE ORDER</u>

NOW, this 24th day of February, 2004, after status conference conducted by telephone with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel,

<u>IT IS ORDERED</u> that the Clerk of Court shall remove these consolidated actions from civil suspense.

<u>IT IS FURTHER ORDERED</u> that the within matter is stricken from the April 12, 2004 jury trial list.

<u>IT IS FURTHER ORDERED</u> that on or before March 2, 2004 counsel for CSI Financial, Inc., shall provide all counsel with the name and address of the potential buyer of CSI Financial, Inc., and of the individual or individuals from the potential buyer who were responsible for negotiating of the sale of CSI Financial, Inc. to the potential buyer.

<u>IT IS FURTHER ORDERED</u> that on or before March 25, 2004 CSI Financial, Inc., shall provide full and complete responses to the interrogatories and the motion to produce documents propounded by Mercy Health System.

<u>IT IS FURTHER ORDERED</u> that on or before March 25, 2004 Mercy Health System shall provide full and complete responses to the motion to produce documents propounded by First National Bank of Montana.

<u>IT IS FURTHER ORDERED</u> that the parties shall have until

April 30, 2004 to select an alternate dispute resolution format for this matter and to identify a person or body who will conduct or preside over the chosen format.  On or before April 30, 2004 counsel for Mercy Health System shall advise the undersigned regarding the format and the identity of the mediator or other person or body conducting the alternate dispute resolution or presiding over it.

IT IS FURTHER ORDERED that, except as otherwise provided below, all discovery shall be completed by May 25, 2004.

IT IS FURTHER ORDERED that any party shall be precluded from offering the testimony of expert witnesses at trial unless on or before May 25, 2004 it provides all counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that the parties shall have until July 15, 2004 to conduct depositions of any expert witness in these consolidated actions.

IT IS FURTHER ORDERED that the parties shall have until September 15, 2004 to complete alternate dispute resolution in these consolidated actions.

IT IS FURTHER ORDERED that all discovery motions, including motions concerning expert witnesses, shall be filed and served prior to the close of discovery.  Any motions filed in

violation of this Order may be deemed waived in the absence of good cause shown.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before September 30, 2004 .

IT IS FURTHER ORDERED that all motions in limine shall be filed and served on or before December 27, 2004.

IT IS FURTHER ORDERED that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned.  Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

IT IS FURTHER ORDERED that any party filing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute.  The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

IT IS FURTHER ORDERED that any party opposing a motion

for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record. All factual assertions set forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth in this paragraph.

  <u>IT IS FURTHER ORDERED</u> that a jury trial of the within consolidated actions shall commence before the undersigned on Monday, April 18, 2005 at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania. This Order shall serve as a formal attachment for trial.

              BY THE COURT:

              _____
              James Knoll Gardner
              United States District Judge