IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCY HEALTH SYSTEM, ) | |
| ) | Civil Action |
| Plaintiff ) | No. 01-CV-05681 |
| ) | |
| vs. ) | |
| ) | |
| ROSS P. RICHARDSON, Chapter 7 ) | |
| Trustee for the Bankruptcy ) | |
| Estate of CSI Financial, Inc., ) | |
| ) | |
| Defendant ) | |

\* \* \*

| | |
|---|---|
| FIRST NATIONAL BANK OF ) | |
| MONTANA, INC. and ) | Civil Action |
| ) | No. 02-CV-03608 |
| ROSS P. RICHARDSON, Chapter 7 ) | |
| Trustee for the Bankruptcy ) | |
| Estate of CSI Financial, Inc., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| MERCY HEALTH SYSTEM OF ) | |
| SOUTHEASTERN PENNSYLVANIA, ) | |
| ) | |
| Defendant ) | |

O R D E R

NOW, this 16th day of September, 2004, upon consideration of Motion for Leave to File a Reply Brief in Support of Mercy Health System's Motion for Sanctions, filed August 19, 2004; upon consideration of Plaintiff Mercy Health System's Motion for Sanctions or, in the Alternative, to Extend Discovery and Permit Supplemental Expert Report, which motion was filed July 30, 2004;

upon consideration of Defendant CSI's [sic] Response to Plaintiff's Motion for Sanctions, filed by plaintiff/defendant Ross P. Richardson, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc. on August 9, 2004; it appearing that plaintiff/defendant Richardson has substantially complied with all discovery requests in the within matter; it further appearing that certain discovery provided by Trustee Richardson was provided after the discovery deadline of July 31, 2004; after oral argument held this date; and by agreement of plaintiff/defendant Richardson,

    <u>IT IS ORDERED</u> that the Motion for Leave to File a Reply Brief in Support of Mercy Health System's Motion for Sanctions is granted.

    <u>IT IS FURTHER ORDERED</u> that on or before September 24, 2004 plaintiff/defendant Mercy Health System shall file the reply brief attached to Mercy Health System's Motion for Leave to File a Reply Brief.[1]

    <u>IT IS FURTHER ORDERED</u> that Plaintiff Mercy Health System's Motion for Sanctions, or, in the Alternative, to Extend Discovery and Permit Supplemental Expert Report is granted in part.

---

[1] The undersigned has already received, reviewed and considered as part of the within Order Mercy Health System's proposed reply brief.

IT IS FURTHER ORDERED that, except as otherwise provided below, all discovery shall be completed by October 29, 2004.

IT IS FURTHER ORDERED that plaintiff/defendant Mercy Health System shall have until November 15, 2004 to provide all counsel with a written supplemental expert report containing the findings, conclusions and opinions of Mercy Health System's experts Glen Newman and James O'Brien of Parenti Randolph containing opinions regarding discovery provided to Mercy Health System after the former discovery deadline of July 31, 2004.

IT IS FURTHER ORDERED that the parties shall have until December 15, 2004 to depose or redepose any party's expert witnesses.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before January 3, 2005.

IT IS FURTHER ORDERED that all motions in limine, accompanied by a brief, shall be filed and served on or before March 1, 2005.

IT IS FURTHER ORDERED that the Jury Trial Attachment Order dated and filed March 25, 2004, and all of its conditions and deadlines, shall remain in full force and effect.[2]

---

[2] In the Jury Trial Attachment Order of March 25, 2004 the trial of the within case was attached before the undersigned on Monday, April 25, 2005. That trial attachment remains unchanged. Jury trial was originally attached

3

IT IS FURTHER ORDERED that, to the extent not inconsistent herewith, all of the terms, conditions and deadlines of the Third Rule 16 Status Conference Order dated February 24, 2004 shall remain in full force and effect.

IT IS FURTHER ORDERED that no party shall introduce at trial evidence of any fact requested, but not provided, in discovery.

IT IS FURTHER ORDERED that in all other respects plaintiff Mercy Health System's Motion for Sanctions or, in the Alternative, to Extend Discovery and Permit Supplemental Expert Report is denied.[3]

BY THE COURT:

---

for April 18, 2005 in accordance with the Third Rule 16 Status Conference Order dated February 24, 2004 and filed February 27, 2004.  However, the parties agreed to changing the trial date to April 25, 2005, which was ordered in the March 25, 2004 Jury Trial Attachment Order.

[3]   We find credible the assertions of counsel for plaintiff/defendant Ross P. Richardson, Patrick J. Egan, Esquire, that he has substantially provided plaintiff/defendant Mercy Health System with all discovery requested. We reject Mercy Health System's contention that Mr. Richardson has illegally, improperly, or otherwise withheld evidence or caused the spoilation of evidence or violated the condition of the December 20, 2002 Order, filed December 23, 2002, of our former colleague, Honorable Jay C. Waldman.  We specifically find, contrary to the assertion of Mercy Health System, that Ross P. Richardson did "provide movant with such access and assistance as may be required to identify relevant computer account records as efficiently as possible", as directed in Judge Waldman's Order.
    This does not relieve any party from their continuing legal obligation to supplement their discovery disclosures by providing discovery information and materials which may come to the attention of, or come within the possession and control of, any party with a duty to disclose discovery information after the date of its last discovery disclosure.
    We have provided in the within Order that no party shall introduce at trial evidence of any fact requested, but not provided, in discovery.

```
                                        James Knoll Gardner
                                        United States District Judge
```