27.    Plaintiffs cannot make out a claim of negligent misrepresentation by merely alleging that Mercy negligently represented that it would comply with the Contract.

28.    Plaintiffs cannot recover punitive damages for what is essentially a breach of contract claim.

29.    Pennsylvania and not Montana law applies to any dispute between the parties.

———————————

Mercy reserves the right to assert any additional affirmative defenses in this case which become apparent to it during discovery in this action.

———————————

WHEREFORE, Mercy requests that judgment of dismissal be entered in its favor and against plaintiffs, plus costs of suit and reimbursement of Mercy's counsel fees as provided for in the Contract.

Dated:  July 11, 2002

STEVENS & LEE

By:  _____

Ronald L. Williams
Attorney I.D. No. 47912
John J. Miravich
Attorney I.D. No. 56124
One Glenhardie Corporate Center
Suite 202
1275 Drummers Lane
P. O. Box 236
Wayne, PA 19087-0236
(610) 293-5883

Attorneys for Defendant Mercy Health
Systems

## CERTIFICATE OF SERVICE

I, RONALD L. WILLIAMS, ESQUIRE, hereby certify that a true and correct

copy of the foregoing Answer and Affirmative Defenses of Defendant Mercy Health Systems

was served upon the following counsel by first class mail addressed as follows:

> Heather E. Reenie, Esquire
> Eckert Seamans Cherin & Mellott, LLC
> 1515 Market Street
> Philadelphia, PA  19102
>
> R.J. Sewell, Jr., Esquire
> Smith Law Firm, P.C.
> Box 1691
> 26 W. Sixth Avenue
> Helena, MT  59624

Ronald L. Williams, Esquire

Dated: July 11, 2002

# EXHIBIT "N"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



MERCY HEALTH SYSTEM OF            :        CIVIL ACTION
SOUTHEASTERN PENNSYLVANIA         :
                                  :
      v.                          :
                                  :
CSI FINANCIAL, INC.               :        NO. 01-5681

---

FIRST NATIONAL BANK OF MONTANA    :
INC. and CSI FINANCIAL, INC.      :
                                  :
      v.                          :
                                  :
MERCY HEALTH SYSTEM OF            :
SOUTHEASTERN PENNSYLVANIA         :

## MEMORANDUM ORDER

          This is a breach of contract case.  Mercy Health System
and CSI are parties to a Patient Financing Agreement under which
CSI finances certain of Mercy's accounts receivable.  CSI
arranged a purchase of the accounts receivable by the First
National Bank of Montana.  The Bank is expressly named in the
Agreement as a third-party beneficiary in a provision that
specifically recognizes its prerogative directly to enforce its
rights against Mercy after making a reasonable effort to do so
through CSI.  Presently before the court is Mercy Health System's
Motion to Compel the Production of Documents it claims were
improperly withheld as privileged or work product by First
National Bank.

On August 23, 2002, Mercy served the Bank with its First Set of Interrogatories and Document Requests. The Bank responded on September 23, 2002 but did not include any documents. A dispute ensued between the two parties, but the Bank ultimately produced what it claims to be all non-privileged responsive documents as well as a privilege log. The privilege log was later amended to reflect the fact that one document had been erroneously withheld and to correct the reasons for the non-production of three other documents. The amended privilege log lists 58 documents withheld on the grounds of attorney-client privilege, work-product doctrine or nonresponsiveness. Mercy argues that all but two of these documents were improperly withheld and must be produced.

A party who withholds documents as privileged "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). A privilege log should contain the date, author and recipients of the communications at issue, as well as "a specific explanation of why the document is privileged or immune from discovery." Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 145 F.R.D. 84, 88 (N.D. Ill. 1992). This explanation must detail "how each

2

element of the privilege is met as to that document." Perez v.
Sphere Drake Ins., Ltd., 2002 WL 31618812, *4 (D.V.I. Feb. 15,
2002).

The Bank has withheld 42 documents on the grounds that
they are either protected by the work-product doctrine or
attorney-client privilege.  It has withheld or redacted another
16 documents on the ground that they contain nonresponsive as
well as responsive material which can be obtained from other
documents being produced.  The Bank has not asserted a claim that
the nonresponsive material is privileged and has not specified
from where the responsive information can otherwise be obtained.
Information in these documents goes to the heart of the
litigation and should be produced.

The descriptions provided in the Bank's amended
privilege log are insufficient to allow the court to determine
the applicability of the asserted privileges with regard to
document requests #3-6, 10-14, 16, 18-24, 30-33, 38-47, 51-55 and
59.

ACCORDINGLY, this $7t\alpha$  day of January, 2003, upon
consideration of the Motion of Mercy Health System to Compel
Production of Documents (Doc. #25) and the response of First
National Bank of Montana thereto, **IT IS HEREBY ORDERED** that the
Motion is **GRANTED** as to document requests #8, 9, 25-29, 34-37,
48-49 and 56-58 which shall be produced within fifteen days;

3

is DENIED as to document requests #1, 2, 7, 15, 17 and 41 which

have been properly withheld; and, is DENIED as to document

requests #3-6, 10-14, 16, 18-24, 30-33, 38-47, 51-55 and 59,

without prejudice to renew if the Bank fails within fifteen days

to produce a second amended privilege log demonstrating with

specificity the applicability of any privilege or protection.


BY THE COURT:


JAY C. WALDMAN, J.

# EXHIBIT "O"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

*01.27.03*

| | | |
|---|---|---|
| MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA | : | CIVIL ACTION<br>Case No. 01-CV-5681 |
| Plaintiffs, | : | |
| v. | : | |
| CSI FINANCIAL, INC., | : | |
| Defendant | : | |

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF MONTANA,<br>INC. and CSI FINANCIAL, INC. | : | CIVIL ACTION |
| | : | Consolidated |
| Plaintiffs, | : | |
| v. | : | |
| MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA | : | |
| Defendant. | : | |

## PLAINTIFF FIRST NATIONAL BANK OF MONTANA'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT MERCY HEALTH SYSTEMS OF SOUTHEASTERN PENNSYLVANIA

Plaintiff First National Bank of Montana, by and through its attorneys, Kittredge, Donley, Elson, Fullem & Embick, LLP, hereby requests that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Mercy Health Systems of Southeastern Pennsylvania respond to the following interrogatories, within thirty (30) days of service hereof.

### DEFINITIONS

The following definitions are applicable to and incorporated by reference into each interrogatory:

1.    "BANK" or "THE BANK" means Plaintiff First National Bank of Montana, and its associated companies, its employees, agents, and representatives, including its attorneys and accountants, and any other persons who acted, are acting, purported to act, or are purporting to act on its or their behalf.

2.    "CSI" means Plaintiff CSI Financial, Inc., and its associated companies, its employees, agents, and representatives, including its attorneys and accountants, and any other persons who acted, are acting, purported to act, or are purporting to act on its or their behalf.

3.    "MERCY" means Defendant Mercy Health Systems of Southeastern Pennsylvania and its associated companies, its employees, agents, servants, and representatives, including its attorneys and accountants, and any other person or persons who acted, are acting, purported to act, or are purporting to act on its or their behalf.

4.    "IDENTIFY" shall mean when used in reference to:

a.    A natural person -- to set forth his or her full name, present or last known residence and business addresses, residence and business telephone numbers, occupation and business title, both at the present time and during the time to which the interrogatory answer refers.

b.    A company, corporation, association, joint venture, sole proprietorship, firm, partnership, or any other business or legal entity not a natural person -- to set forth its full name, address, principal place of business, and jurisdiction and date of incorporation, both at the present time and during the time to which the interrogatory answer refers.

2

        c.    A documents -- to set forth its character (*e.g.* letter, memorandum, report, etc.), its title, date, author, addressee, all recipients, its subject matter, the number of pages, all attachments (and, for each attachment identified, list all of the information required herein for identification of a document), its present location, and the custodian of the original and all copies of such documents.

        d.    An oral statement, communication, meeting or conference - to set forth:

    (1)    the date and place where made and/or held;

    (2)    the place where received;

    (3)    the substance thereof;

    (4)    the means or medium employed for transmission thereof;

    (5)    the identification of each person who made and to whom such statement or communication was made, each person who was present when such statement or communication was made, each person who was present when such statement was received, and/or each person who convened or participated in any meeting or conference.

        e.    Any other thing -- to set forth a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

6.    "PERSON" or "PERSONS" shall include not only natural persons, but also public and private corporations, unincorporated associates, proprietorships, partnerships, governmental entities, associations, organizations, groups or divisions, plus any departments or units thereof.

7.    "DOCUMENT" shall have the same full meaning as set forth in Rule 34 of the Federal Rules of Civil Procedure, and shall include the original and any non-identical copy or

3

draft of any written, printed, typewritten, recorded or graphic matter, however produced or reproduced or stored on paper, cards, tapes, films, computer storing devices or any other media, now in the possession, custody, or control of you and all persons or entities acting or purporting to act on your behalf, or of which any of the foregoing know or believe to exist or to have existed, and includes, without limiting the generality of the foregoing: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, facsimiles, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, proposals, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, e-mails and all other data processing files, records, programs, and/or data compilations kept by electronic, digital, photographic or mechanical means, and things similar to any of the foregoing however denominated.

    8.    "TANGIBLE THINGS" means any item that can be inspected, copied, tested, or sampled within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure.

    9.    "COMMUNICATION" means all oral, verbal, or written: statements, utterances, conversations, discussions, meetings, conferences, admissions, denials, negotiations, agreements, contracts, telephone conversations, telegrams, telexes, facsimiles, electronic transmissions including but not limited to e-mails and video conferences of any kind.

4

10.    "REFER OR RELATE TO" means in any way showing, disclosing, adverting to, evidencing, constituting, mentioning or revealing, either directly or indirectly and either in whole or in part.

11.    "AGREEMENT" means the Patient Finance Agreement signed on or about October 18, 1999 by Mercy Health Systems of Southeastern Pennsylvania, CSI Financial, Inc. and the First National Bank of Montana.

12.    If your answers to the following interrogatories require more space than is allotted in the page, continue your answer on a separate piece of paper and attach it to your answers.

5

## INTERROGATORIES

1.    Identify all persons known to you who possess knowledge or information relevant to the subject matter of this action and/or the Agreement between CSI and Mercy and for each such person set forth a summary of the information or knowledge he/she possesses.

ANSWER:

2.    Identify all persons you intend to call as witnesses at the trial of this matter and set forth a summary of the facts about which they are expected to testify.

ANSWER:

3.    Identify all expert witnesses you intend to call at the trial of this matter and provide a copy of their expert report.

ANSWER:

4.    Identify all the documents that you intend to use as exhibits during the trial of this case.

ANSWER:

6

5.      Identify any rules, procedures, guidelines, directions or instructions used by Mercy between October 18, 1999 and the present, that refer or relate to the Agreement.

ANSWER:

6.      Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 8 of Mercy's Complaint against CSI that CSI had to return all accounts receivables immediately upon realizing a 90-day delinquency.

ANSWER:

7.      Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 10 of Mercy's Complaint against CSI that Mercy performed its duties and obligations under the conditions of the Agreement.

ANSWER:

7

8.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 11 of Mercy's Complaint against CSI that Paragraph 7 of the Agreement required CSI to present 90-day delinquent accounts to Mercy for recourse on the 90th day.

ANSWER:

9.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 12(a) of Mercy's Complaint against CSI that CSI breached the Agreement by wrongfully offsetting payments to Mercy for accounts that it did not present for recourse within a 90-day time period.

ANSWER:

10.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 12(b) of Mercy's Complaint against CSI CSI breached the Agreement by mislabeling and misnaming files.

ANSWER:

8

11.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 12(c) of Mercy's Complaint against CSI that CSI breached the Agreement by inaccurately and improperly posting accounts.

ANSWER:

12.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 12(d) of Mercy's Complaint against CSI that CSI failed to properly recourse delinquent accounts within the required time period.

ANSWER:

13.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 13 of Mercy's Complaint against CSI that CSI's failure to present 90-day delinquent accounts for recourse on the 90th day was a material breach of the Agreement.

ANSWER:

9

14.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 13 of Mercy's Complaint against CSI, that CSI's conduct alleged in Paragraph 12 of the Complaint constitutes a material breach of the Agreement.

ANSWER:

15.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 14 of Mercy's Complaint against CSI that Mercy put CSI on notice on or about October 9, 2001 that CSI had defaulted under the Agreement.

ANSWER:

16.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 15 of Mercy's Complaint against CSI that CSI failed to cure its alleged defaults under the terms of the Agreement.

ANSWER:

10

17.   Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 16 of Mercy's Complaint against CSI that Mercy is due money under the Agreement.

ANSWER:

18.   Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 16(2) of its Affirmative Defenses to the Bank and CSI's Complaint against Mercy that CSI presented Mercy with accounts for repurchase that did not meet the Agreements terms and conditions for repurchase.

ANSWER:

19.   Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 16(5) of its Affirmative Defenses to the Bank and CSI's Complaint against Mercy that CSI recovered duplicate patient accounts and then sought to offset these accounts.

ANSWER:

11

20.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in its Affirmative Defense #20 that it did not improperly retain payments that it received on accounts financed under the Agreement.

ANSWER:

21.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in its Answer to the Bank and CSI's Complaint against Mercy that Mercy did not present accounts for financing under the Agreement which did not meet the requirements of the Agreement.

ANSWER:

22.    Identify any and all discussions, negotiations, reviews or agreements; whether written or oral, you are aware of pertaining to the recourse of patient accounts under the Agreement.

ANSWER:

12

23.    Identify any and all discussions, negotiations, reviews or agreements; whether written or oral, you are aware of pertaining to the repurchase of patient accounts under the Agreement as contemplated by paragraph 2.2 of the Agreement.

ANSWER:



24.    Identify any and all discussions, negotiations, reviews or agreements; whether written or oral, you are aware of pertaining to the repurchase of patient accounts under the Agreement as contemplated by paragraph 5 of the Agreement.

ANSWER:



25.    Identify all persons on behalf of Mercy who participated in or were consulted about, the negotiation, drafting and acceptance of the Agreement.

ANSWER:

13

26.    Identify any and all discussions, negotiations or communications; whether written or oral, you are aware of between the Bank and Mercy pertaining to the Agreement.

**ANSWER:**

27.    With regard to each and every discussion or writing between Mercy and the Bank pertaining to the Agreement, provide the following:

1)    identity of all persons who were present or involved in each discussion;

2)    the date, time and location of the discussion;

3)    whether the discussion was telephonic and if so, identify who placed the call, the telephone number called, the known participants;

4)    the identity of each written or electronic correspondence and for each identify the date, author, intended recipients and all persons known to you who were involved in the preparation of the correspondence.

**ANSWER:**

14

28.   Identify by name and location your financial institution together with the account number under which deposits were or should have been made, for any account which was subject to the Agreement.

ANSWER:

29.   Identify all payments received by Mercy which were on accounts which had been financed under the Agreement including: 1) the name of the account; 2) the date(s) payments were received by Mercy; 3) the amount of each payment received; and 4) the amounts paid to CSI or Bank for each such account.

ANSWER:

KITTREDGE, DONLEY, ELSON,
FULLEM & EMBICK

Joseph M. Donley
Christopher M. Brubaker
421 Chestnut Street, 5th Floor
Philadelphia, PA 19106
(215) 829-9900

Attorneys for Plaintiff First National
Bank of Montana, Inc.

Dated: January 27, 2003

15

EXHIBIT "P"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA | : | CIVIL ACTION |
| | : | Case No. 01-CV-5681 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CSI FINANCIAL, INC., | : | |
| | : | |
| Defendant | : | |
| | : | |
| FIRST NATIONAL BANK OF<br>MONTANA, INC. and CSI FINANCIAL,<br>INC. | : | CIVIL ACTION |
| | : | |
| | : | Consolidated |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA | : | |
| | : | |
| Defendant. | : | |

**MERCY HEALTH SYSTEM'S RESPONSES AND OBJECTIONS TO
FIRST NATIONAL BANK OF MONTANA'S
FIRST SET OF INTERROGATORIES DIRECTED TO MERCY HEALTH SYSTEMS**

## INTERROGATORIES

1.  Identify all persons known to you who possess knowledge or information relevant

to the subject matter of this action and/or the Agreement between CSI and Mercy and for each such

person set forth a summary of the information or knowledge he/she possesses.

ANSWER: Mercy directs the Bank to Mercy's Preliminary Pretrial Statement
and the Bank and CSI's Preliminary Pretrial Statement, which were filed with the United States
District Court for the District of Montana and agreed between the parties to serve as initial
disclosures in the above action. Mercy reserves the right to supplement this response in the
future.

2.    Identify all persons you intend to call as witnesses at the trial of this matter and set

forth a summary of the facts about which they are expected to testify.

ANSWER: Objection. Mercy objects to this interrogatory because it imposes an obligation on Mercy beyond that imposed by the Federal Rules of Civil Procedure and the Court's Scheduling Order. Subject to that objection and without waiving it, Mercy does not yet know what witnesses it intends to call at trial. Mercy reserves the right to supplement this response in the future.

3.    Identify all expert witnesses you intend to call at the trial of this matter and provide

a copy of their expert report.

ANSWER: Objection. Mercy objects to this interrogatory because it imposes an obligation on Mercy beyond that imposed by the Federal Rules of Civil Procedure and the Court's Scheduling Order. Mercy will provide the requested information in accordance with the Rules and the Court's Order.

4.    Identify all the documents that you intend to use as exhibits during the trial of this

case.

ANSWER: Objection. Mercy objects to this interrogatory because it imposes an obligation on Mercy beyond that imposed by the Federal Rules of Civil Procedure and the Court's Scheduling Order. Subject to that objection and without waiving it, Mercy does not yet know what exhibits it intends to use at trial. Mercy reserves the right to supplement this response in the future.

5.    Identify any rules, procedures, guidelines, directions or instructions used by Mercy

between October 18, 1999 and the present, that refer or relate to the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because it is incomprehensible and incapable of being answered.

6.    Identify the factual and legal basis, including but not limited to witnesses and

documents, that supports Mercy's claim in paragraph 8 of Mercy's Complaint against CSI that CSI had

to return all accounts receivables immediately upon realizing a 90-day delinquency.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

7.    Identify the factual and legal basis, including but not limited to witnesses and

documents, that supports Mercy's claim in paragraph 10 of Mercy's Complaint against CSI that Mercy

performed its duties and obligations under the conditions of the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own. Mercy also objects to this interrogatory because it is over broad and unduly burdensome.

SL1 331193v1/30512.005

8.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 11 of Mercy's Complaint against CSI that Paragraph 7 of the Agreement required CSI to present 90-day delinquent accounts to Mercy for recourse on the 90th day.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

9.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 12(a) of Mercy's Complaint against CSI that CSI breached the Agreement by wrongfully offsetting payments to Mercy for accounts that it did not present for recourse within a 90-day time period.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

10.    Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 12(b) of Mercy's Complaint against CSI, CSI breached the Agreement by mislabeling and misnaming files.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case

due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

11.  Identify the factual and legal basis, including but not limited to witnesses and

documents, that supports Mercy's claim in paragraph 12(c) of Mercy's Complaint against CSI that CSI

breached the Agreement by inaccurately and improperly posting accounts.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

12.  Identify the factual and legal basis, including but not limited to witnesses and

documents, that supports Mercy's claim in paragraph 12(d) of Mercy's Complaint against CSI that CSI

failed to properly recourse delinquent accounts within the required time period.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

5

13. Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 13 of Mercy's Complaint against CSI that CSI's failure to present 90-day delinquent accounts for recourse on the 90th day was a material breach of the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

14. Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 13 of Mercy's Complaint against CSI, that CSI's conduct alleged in Paragraph 12 of the Complaint constitutes a material breach of the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

15. Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 14 of Mercy's Complaint against CSI that Mercy put CSI on notice on or about October 9, 2001 that CSI had defaulted under the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002. Mercy has not asserted any claims against the Bank. Therefore, it has no legitimate reason for asking

this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

      16.  Identify the factual and legal basis, including but not limited to witnesses and

documents, that supports Mercy's claim in paragraph 15 of Mercy's Complaint against CSI that CSI

failed to cure its alleged defaults under the terms of the Agreement.

      <u>ANSWER:</u> Objection.  Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002.  Mercy has not asserted any claims against the Bank.  Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

      17.  Identify the factual and legal basis, including but not limited to witnesses and

documents, that supports Mercy's claim in paragraph 16 of Mercy's Complaint against CSI that Mercy

is due money under the Agreement.

      <u>ANSWER:</u> Objection.  Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002.  Mercy has not asserted any claims against the Bank.  Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

18.  Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 16(2) of its Affirmative Defenses to the Bank and CSI's Complaint against Mercy that CSI presented Mercy with accounts for repurchase that did not meet the Agreements terms and conditions for repurchase.

ANSWER: Objection.  Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002.  Mercy has not asserted any claims against the Bank.  Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

19.  Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in paragraph 16(5) of its Affirmative Defenses to the Bank and CSI's Complaint against Mercy that CSI recovered duplicate patient accounts and then sought to offset these accounts.

ANSWER: Objection.  Mercy objects to this interrogatory because it seeks to obtain information on behalf of Defendant CSI, which is not permitted to participate in this case due to the automatic stay imposed when it filed for bankruptcy on December 16, 2002.  Mercy has not asserted any claims against the Bank.  Therefore, it has no legitimate reason for asking this contention interrogatory other than to obtain information for CSI that CSI cannot obtain on its own.

20.  Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in its Affirmative Defense #20 that it did not improperly retain payments that it received on accounts financed under the Agreement.

ANSWER: Objection.  Mercy objects to this interrogatory because the Bank's characterization of Affirmative Defense #20 is incorrect.

8

21. Identify the factual and legal basis, including but not limited to witnesses and documents, that supports Mercy's claim in its Answer to the Bank and CSI's Complaint against Mercy that Mercy did not present accounts for financing under the Agreement which did not meet the requirements of the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because it does not know what to what in its Answer the Bank is referring.

22. Identify any and all discussions, negotiations, reviews or agreements; whether written or oral, you are aware of pertaining to the recourse of patient accounts under the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because it is over broad and unduly burdensome.

23. Identify any and all discussions, negotiations, reviews or agreements; whether written or oral, you are aware of pertaining to the repurchase of patient accounts under the Agreement as contemplated by paragraph 2.2 of the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because it is over broad and unduly burdensome.

24. Identify any and all discussions, negotiations, reviews or agreements; whether written or oral, you are aware of pertaining to the repurchase of patient accounts under the Agreement as contemplated by paragraph 5 of the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because it is over broad and unduly burdensome.

25. Identify all persons on behalf of Mercy who participated in or were consulted about, the negotiation, drafting and acceptance of the Agreement.

ANSWER: Mercy directs the Bank to Mercy's Preliminary Pretrial Statement and the Bank and CSI's Preliminary Pretrial Statement, which were filed with the United States District Court for the District of Montana and agreed between the parties to serve as initial disclosures in the above action. Mercy reserves the right to supplement this response in the future.

26. Identify any and all discussions, negotiations or communications; whether written or oral, you are aware of between the Bank and Mercy pertaining to the Agreement.

ANSWER: Objection. Mercy objects to this interrogatory because Federal Rule of Civil Procedure 36 limits the number of interrogatories a party can serve to 25. This interrogatory exceeds the Bank's limit and Mercy is not obligated to respond.

10

27. With regard to each and every discussion or writing between Mercy and the Bank pertaining to the Agreement, provide the following:

    1)    identity of all persons who were present or involved in each discussion;

    2)    the date, time and location of the discussion;

    3)    whether the discussion was telephonic and if so, identify who placed the call, the telephone number called, the known participants;

    4)    the identity of each written or electronic correspondence and for each identify the date, author, intended recipients and all persons known to you who were involved in the preparation of the correspondence.

    ANSWER: Objection. Mercy objects to this interrogatory because Federal Rule of Civil Procedure 36 limits the number of interrogatories a party can serve to 25. This interrogatory exceeds the Bank's limit and Mercy is not obligated to respond.

28. Identify by name and location your financial institution together with the account number under which deposits were or should have been made, for any account which was subject to the Agreement.

    ANSWER: Objection. Mercy objects to this interrogatory because Federal Rule of Civil Procedure 36 limits the number of interrogatories a party can serve to 25. This interrogatory exceeds the Bank's limit and Mercy is not obligated to respond.

29. Identify all payments received by Mercy which were on accounts which had been financed under the Agreement including: 1) the name of the account; 2) the date(s) payments were

received by Mercy; 3) the amount of each payment received; and 4) the amounts paid to CSI or Bank

for each such account.

ANSWER: Objection. Mercy objects to this interrogatory because Federal Rule of Civil Procedure 36 limits the number of interrogatories a party can serve to 25. This interrogatory exceeds the Bank's limit and Mercy is not obligated to respond.

Date: February 26, 2003                STEVENS & LEE

                                       By_____

                                           Ronald L. Williams
                                           Attorney I.D. 47912
                                           Stacey A. Scrivani
                                           Attorney I.D. 84275
                                           One Glenhardie Corporate Center
                                           1275 Drummers Lane, Suit 202
                                           P.O. Box 236
                                           Wayne, PA   19087-0236

12

## CERTIFICATE OF SERVICE

I, RONALD L. WILLIAMS ESQUIRE, certify that on this date, I served a certified true

and correct copy of the foregoing answers of Mercy Health System's Responses And Objections To

First National Bank Of Montana's First Set of Interrogatories Directed To Mercy Health Systems upon

the following counsel of record, by depositing the same in the United States mail, postage prepaid,

addressed as follows:

> Christopher M. Brubaker, Esquire
> 421 Chestnut Street, 5th Floor
> Philadelphia, PA  19106
>
> R.J. "Jim" Sewell, Jr., Esquire
> Smith Law Firm, P.C.
> 26 West 6th Avenue, Box 1691
> Helena, MT  59624
>
> Heather E. Rennie, Esquire
> Eckert, Seamans, Cherin & Mellot, LLC
> 1515 Market Street, 9th Floor
> Philadelphia, PA  19102

Ronald L. Williams

Date:  February 26, 2003

SL1 331193v1/30512.005

# EXHIBIT "Q"

KITTREDGE , DONLEY , ELSON , FULLEM & EMBICK , LLP

ATTORNEYS AT LAW
THE BANK BUILDING
421 CHESTNUT STREET
PHILADELPHIA, PENNSYLVANIA 19106-2416
TELEPHONE: (215) 829-9900
FACSIMILE: (215) 829-9888
Email: lawoffice@kdefe.com
URL: http://www.kdefe.com

NJ OFFICE
211 KINGS HIGHWAY EAST - SUITE 12
HADDONFIELD, NEW JERSEY 08033-1906
TELEPHONE: (856) 428-6677
FACSIMILE: (856) 428-7255

CHRISTOPHER M. BRUBAKER
ALSO MEMBER N.J. BAR
Email: cbrubaker@kdefe.com

March 4, 2003

*Via Facsimile - 610-371-7980*

Ronald L. Williams, Esquire
Stevens & Lee, P.C.
The Glenhardie Corporate Center
1275 Drummers Lane, Suite 202
P.O. Box 236
Wayne, PA 19087-0236

> RE:    First National Bank of Montana, Inc. and CSI Financial,
>        Inc. v. Mercy Health System of Southeastern Pennsylvania

Dear Mr. Williams:

This letter is in response to Mercy's Responses and Objections to the Interrogatories and Requests for Admission propounded by First National Bank of Montana.

Addressing first the Responses and Objections to Interrogatories, the Bank takes exception to them in their entirety, as being evasive and contrary to the open nature of discovery under the Federal Rules of Civil Procedure. In particular, Mercy's rote objection to Interrogatories 6 through 19 is meritless. The Bank has every right to the information sought in Interrogatories 6-19. Mercy denies any liability to the Bank under the Patient Finance Agreement ("Agreement") and bases that contention on what it characterizes as CSI's breaches of the Agreement. In fact, Mercy incorporated by reference its Complaint against CSI in answer to the Bank's Complaint against Mercy. As such the Bank is entitled to discover the information responsive to Interrogatories 6-19 because Mercy has made its allegations against CSI, an issue in the Bank's case against Mercy. Accordingly, the Bank requests full, complete and meaningful responses to interrogatories 6-19 by Monday, March 10, 2003 or it will refer this issue to Magistrate Judge Arnold C. Rapaport pursuant to Judge Gardner's Standing Order on Discovery.

Mercy's objections to Interrogatories 20 and 21 are equally without merit. Whether or not Mercy agrees with the Bank's characterization of Mercy's Affirmative Defense in Interrogatory 20, is irrelevant. The Interrogatory clearly identifies what is at issue, namely

KITTREDGE, DONLEY, ELSON, FULLEM & EMBICK, LLP
March 4, 2003
Page 2

Mercy's Affirmative Defense No. 20, and in no way prevents Mercy from providing a full and meaningful response. Mercy's Response to Interrogatory 21 is frankly unbelievable. Mercy states repeatedly in its answer to the Bank and CSI's complaint that it did not breach the Agreement. Paragraphs 30, 31, 35-38 of the Bank's Complaint specifically refer to the Agreement's requirements for accounts presented for financing. Mercy responded to each of those paragraphs with the same boiler plate denial that it breached the Agreement (Contract) or breached any duty to the Bank. These answers also incorporate Mercy's affirmative defenses which also state that Mercy did not breach the Agreement. To suggest that Mercy is unable to identify where it denies presenting accounts that did not meet the terms of the Agreement is to suggest that Mercy waives any defense on this basis. The Bank requests Mercy provide full, complete and meaningful responses to Interrogatories 20 and 21 by Monday March 10, 2003 or it will refer the issue to Magistrate Judge Arnold C. Rapaport.

In Response to Interrogatories 22-24, Mercy objects on the basis that the interrogatories are overly broad and unduly burdensome. Mercy provides no other explanation or rationale for not answering or any specifics as to how the interrogatory is over broad or unduly burdensome. Under Fed. R. Civ. P. 26(b)(2) an objection on these grounds must be made by motion for protective order. Accordingly, the Bank requests that Mercy answers to Interrogatories 22-24 to the extent not deemed overly broad or unduly burdensome and provide a detailed explanation as to which portions of the Interrogatories are over broad and/or unduly burdensome and why by Monday, March 10, 2003 or it will refer the issue to Magistrate Judge Arnold C. Rapaport.

Regarding Mercy's objections to the Bank's First Set of Interrogatories Nos. 26-29 and Second Set No. 1, the Bank respectfully requests that Mercy answer these objections. Should Mercy continue to refuse to answer on the ground that the number of Interrogatories exceeds 25, the Bank will move pursuant to Rule 33 for leave of Court to serve five additional interrogatories. While Mercy's objection is technically correct, even though Fed. R. Civ. P. 36 is referenced, it is submitted that the five additional interrogatories at issue are reasonable under the facts and circumstances of this case. Accordingly, the Bank requests Mercy to Answer Interrogatories 26-29 from the Bank's First Set of Interrogatories and Interrogatory 1 from the Bank's Second Set of Interrogatories by Monday, March 10, 2003 or the Bank will move for leave to serve the interrogatories at issue.

Turning to the Bank's Request for Admissions, Mercy's responses do not meet the requirements of Fed. R. Civ. P. 36. This case is a breach of contract case. The Bank has sought to narrow the issues regarding interpretation of the contract, namely the Agreement, through requests for admission pursuant to Fed. R. Civ. P. 36. Rule 36 requires the answering party to specifically deny the matter or set forth in detail the reason why it cannot admit or deny the matters. Moreover, a denial shall fairly meet the substance of the requested admission and in good faith admit that portion of the admission that is true and qualify or deny the remainder.

KITTREDGE, DONLEY, ELSON, FULLEM & EMBICK, LLP
March 4, 2003
Page 3

     Mercy's responses to Requests for Admission 3-5 are clearly inadequate under Rule 36.
Mercy's responses to Requests for Admission 6, 7, 10 and 14 are also inadequate. To the extent
Mercy believes relevant sections of the Agreement were omitted, Mercy should identify those
portions of the Agreement and explain how that language controls or modifies the language
quoted in the Request for Admission.

     Mercy's responses to Requests for Admission 8, 9, 11-13, and 15-23 are all inadequate in
that they do not fairly meet the substance of the admission. The Bank requests that Mercy submit
amended answers to Requests for Admission 3-23 that fully and adequately respond to the
requested admission as required by Rule 36 by Monday, March 10, 2003 or the Bank will refer
this matter to Magistrate Judge Arnold C. Rapaport.

                          Sincerely,

                          CHRISTOPHER M. BRUBAKER

CMB/afr

cc:   Heather Rennie

# EXHIBIT "R"

# STEVENS & LEE
A PROFESSIONAL CORPORATION

One Glenhardie Corporate Center
Suite 202
1275 Drummers Lane
P. O. Box 236
Wayne, PA 19087-0236
(610) 964-1480  Fax (610) 687-1384
www.stevenslee.com

Dial Direct:    (610) 293-5883
Email:    rlw@stevenslee.com
Direct Fax:    (610) 371-7980

March 5, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Christopher M. Brubaker, Esquire
Kittredge, Donley, Elson, Fullem & Embick, LLP
The Bank Building
421 Chestnut Street
Philadelphia, PA  19106-2416

## Re:  First National Bank of Montana and CSI Financial, Inc. v. Mercy Health Systems

Dear Christopher:

This letter is in response to your March 4, 2003 letter requesting that Mercy submit amended answers to First National Bank of Montana's Interrogatories and Requests for Admission. Because Mercy's responses and objections conform completely to the Pennsylvania Rules of Civil Procedure, we have no intention of amending any of the responses or objections.

On another note, in accordance with the Court's August 20, 2002 Order, the Bank's expert report was due on February 26, 2003. The Bank did not produce an expert report by that date. Therefore, we assume that the Bank does not intend to offer an expert at the trial of this matter. However, please confirm this in writing by March 10, 2003 so we can discuss it with the Judge during the conference call next week if necessary.

Very truly yours,

STEVENS & LEE

Ronald L. Williams) sesc

Ronald L. Williams

• Cherry Hill    • Harrisburg    • Lancaster    • Lehigh Valley    • Philadelphia
• Reading    • Scranton    • Valley Forge    • Wilkes-Barre    • Wilmington

SL1 334455v1/30512.005

# STEVENS & LEE
A PROFESSIONAL CORPORATION

One Glenhardie Corporate Center
Suite 202
1275 Drummers Lane
P. O. Box 236
Wayne, PA 19087-0236
(610) 964-1480  Fax (610) 687-1384
www.stevenslee.com

Dial Direct:    (610) 293-5883
Email:    rlw@stevenslee.com
Direct Fax:    (610) 371-7980

March 7, 2003

## VIA FACSIMILE AND REGULAR MAIL

Christopher M. Brubaker, Esquire
Kittredge, Donley, Elson, Fullem & Embick, LLP
The Bank Building
421 Chestnut Street
Philadelphia, PA 19106-2416

## Re: First National Bank of Montana and CSI v. Mercy Health Systems

Dear Christopher:

First, please let me correct something that was contained in my March 5, 2003 letter. That is, Mercy believes that its Responses and Objections to the Bank's First Set of Interrogatories and Requests for Admission comply completely with the Federal Rules of Civil Procedure. Therefore, as stated in my March 5, 2003 letter, Mercy has no intention of providing any supplementation.

Second, your letter accusing Mercy of "stonewalling" was laughable. It has been the Bank and not Mercy that has taken every possible step to impede the discovery process in this case. Need I remind you that Mercy has had to file not one, but two motions to compel discovery from the Bank? The Bank also has played games with respect to scheduling depositions it claims it needs in the transparent effort to have the trial of this matter postponed.

Finally, I am confused by your indication that the Bank has the option of deciding when it will submit an expert report. You have made it abundantly clear that the Bank deems itself to be the plaintiff in this litigation. Under the Court's August 19, 2002 Scheduling Order, which is the only Scheduling Order that is in existence, the plaintiff's expert report was due on or before February 26, 2003. The Bank has failed to comply with that date and is now precluded from

• Cherry Hill        • Harrisburg        • Lancaster        • Lehigh Valley        • Philadelphia
    • Reading            • Scranton        • Valley Forge        • Wilkes-Barre            • Wilmington

SL1 335145v1/30512.005

STEVENS & LEE
A PROFESSIONAL CORPORATION

Christopher M. Brubaker, Esquire
March 7, 2003
Page 2

doing so. Should the Bank insist on seeking to submit an expert report, Mercy will take all steps
necessary to preclude such action.

Very truly yours,

STEVENS & LEE

Ronald L. Williams /psac
Ronald L. Williams

## CERTIFICATE OF SERVICE

I, CHRISTOPHER M. BRUBAKER, hereby certify that on this date I caused to be served a true and correct copy of the foregoing First National Bank of Montana's Objections to Mercy Health System of Southeastern Pennsylvania's Statement of Uncontested Fact in Support of its Motion for Partial Summary Judgment on its Claims for Breach of Contract against CSI Financial, Inc. and in Support of its Motion for Summary Judgment on the Claims of CSI Financial, Inc. and the First National Bank of Montana and Counterstatement of Fact, via Federal Express Overnight Delivery, as follows:

Stacey A. Scrivani, Esquire
Stevens & Lee
111 N. Sixth Street
P.O. Box 679
Reading, PA 19603-0679

Patrick J. Egan, Esquire
239 S. Camac Street
Philadelphia, Pennsylvania 19107

Dated: January 31, 2005

Christopher M. Brubaker

13