# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MERCY HEALTH SYSTEM,** | : | **CIVIL ACTION NO. 01-CV-5681** |
| **Plaintiff** | : | |
| v. | : | |
| **ROSS P. RICHARDSON, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc.,** | : | |
| **Defendant** | : | |
| **FIRST NATIONAL BANK OF MONTANA, INC. and ROSS P. RICHARDSON, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc.,** | : | **CIVIL ACTION NO. 02-CV-3608** |
| **Plaintiffs** | : | |
| v. | : | |
| **MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA,** | : | |
| **Defendant** | | |

**Ross Richardson's Response to
Mercy's Statement of Undisputed Facts**

1. This is correct as long as the accounts qualified.

2. Certain portions of CSI's services were held out to be electronic. Mercy has taken this representation out of context to create a false impression. Mercy was aware that there were some tasks that required manual input.

3. Admitted.

4. Admitted as to CSI.

5. Admitted.

` 6. Admitted.

7. Admitted.

8. This is an incorrect statement. There were many contingencies after CSI purchased an account.

9. Admitted.

10. Admitted. Although the Hospital was supposed to send only accounts that had previously been submitted to insurance companies. Mercy sent thousands of accounts that had not properly been submitted for insurance or were previously sent to collection agencies.

11. Admitted minus the finally.

12. Admitted.

13. Admitted.

14. Denied as stated. CSI represented that in the normal course that percentage could be expected.

15. Denied as stated. CSI represented that in the normal course that percentage could be expected.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Mercy's characterization of CSI's recitation of its recourse average as boastful is not a statement of fact.

22. Admitted.

23. Admitted.

24. It is admitted that Bradley signed the agreement. The legal conclusion that

it could only be modified by him is denied.

25. Admitted.

26. Admitted.

27. The provision speaks for itself. Mercy's attempt to analyze its effect is not a statement of fact and should be stricken.

28. The provision speaks for itself. Mercy's attempt to analyze its effect is not a statement of fact and should be stricken.

29. The provision speaks for itself. Mercy's attempt to analyze its effect is not a statement of fact and should be stricken.

30. The provision speaks for itself. Mercy's attempt to analyze its effect is not a statement of fact and should be stricken.

31. The provision speaks for itself. Mercy's attempt to analyze its effect is not a statement of fact and should be stricken.

32. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. This is a question of fact to be determined at trial.

33. This statement is vague and conclusory and does not constitute a fact.

34. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial.

35. On the contrary, Mercy's never reviewed the recourse history until it received a demand for payment from the Bank. (See Exhibit G to Bank's Motion for Summary Judgment.)

36. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to

cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial.

37. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial.

38. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial.

39. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial.

40. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial.

41. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial. Mercy's expert's assertions are denied.

42. It is admitted that CSI went through a software conversion. The characterization of the testimony of its former employees is denied.

43. The first sentence is vague and conclusory. The second sentence is admitted.

44. The term lost is taken out of context. Data was placed in the wrong field causing it to be temporarily misinterpreted.

45. It is admitted that some employees in a few instances did this.

46. Admitted.

47. Admitted, however it should be noted that Mercy was but one of the customers involved and there was no resulting problem with any other customer.

48. Admitted.

49. This allegation requires no response from Richardson.

50. This allegation requires no response from Richardson.

51. This allegation requires no response from Richardson.

52. This allegation requires no response from Richardson.

53. Mr. Sewell's letter requesting coverage is inadmissible.

54. Mr. Sewell's letter requesting coverage is inadmissible.

55. Mr. Sewell's letter requesting coverage is inadmissible.

56. Mr. Sewell's letter requesting coverage is inadmissible.

57. Mr. Sewell's letter requesting coverage is inadmissible.

58. Admitted.

59. It is admitted that Mr. Jaeb stated this obvious fact, however Mercy has taken it out of context. As testified to by Mr. Jaeb there were many other business reasons why it was preferable not to recourse accounts, not the least of which was Mercy's refusal to accept the accounts on a regular basis.(See Exhibit E to Bank's Motion.)

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. It is admitted that Mr. Erdman denies this allegation, although his level of

vehemence is a subjective question. The pressing of Ms. Dorr is an equally subjective issue. It is undisputed however that Mr. Erdman and Ms. Dorr disagree on this fact, which is ultimately a question for the fact finder.

65. Ms. Dorr's testimony speaks for itself. Mercy's conclusions are disputed.

66. Admitted.

67. It is admitted that there is no writing. The characterization of the course of conduct of the parties as an "amendment" is a legal interpretation and requires no response.

68. Admitted.

69. Admitted.

70. Admitted.

71. Admitted.

72. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial. Mercy's expert's assertions are denied.

73. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial. Mercy's expert's assertions are denied.

74. Erdman's affidavit is not to be accepted at face value. Mercy's conduct and expectations are at issue in this case. Mr. Erdman's assertions should be subjected to cross-examination before the fact-finder. Moreover, his conduct was contrary to the assertions now made. This is a question of fact to be determined at trial. Mercy's expert's assertions are denied.

75. Admitted. Although they were insufficient to cover the previously provided recourse and left Mercy still in debt to the bank.

76. Admitted.

77. Admitted.

78. Admitted.

79. Behemoth and overwhelming are conclusions. The files were sent on the date stated.

80. Mercy received credit for all accounts purchased.

81. CSI was required to offset because Mercy refused to pay for recourses even though the contract required it to. (Exhibit C to Bank's Motion.)

82. Admitted.

83. Admitted.

84. Admitted.

85. Admitted.

86. Admitted.

87. Admitted.

88. Denied. Mr. Johnson relied on the materials identified in his report and at his deposition. (See Exhibit B to Bank's motion.)

89. This quote is taken out of context. It is admitted it reads as stated.

90. Admitted.

91. This characterization is not factual and misleading. At the time Mr. Johnson prepared his analysis the company had been bankrupt for several years. SENEX had better data than he could obtain.(See Exhibit B to Bank's motion.)

92. This characterization is not factual and misleading. At the time Mr. Johnson prepared his analysis the company had been bankrupt for several years. SENEX had better data than he could obtain.(See Exhibit B to Bank's motion.)

93. Admitted.

94. It is admitted that the testimony reads as stated. The remainder is denied as a conclusion. Moreover Richardson will present evidence at trial that such funding would have been available absent Mercy's specious litigation. (See Exhibit B to Bank's motion.)

95. Admitted.

96. Admitted.

97. Johnson followed normally accepted and reasonably prudent standards.(See Exhibit B to Bank's motion.)

98. This is a legal conclusion.

99. Admitted.

100. Admitted.

101. This paragraph is conclusory, not factual.

102. Admitted.

103. Admitted.

104. Admitted.

105. Admitted.

106. Admitted.

107. Admitted.

108. Admitted.

109. It is admitted that he did not consider past earnings. The remainder is a disputed conclusion.

110. Admitted.

111. Admitted.

112. Admitted.

113. Admitted.

114. Admitted.

115. Admitted.

116. Admitted. However all these offers were made with knowledge of the

Mercy litigation which caused the dimunition of value.(See Exhibit B to Bank's motion.)

117. Admitted.

118. Admitted.

119. What factors could have played a role is vague and conclusory.

120. Denied. He read the deposition testimony and was aware of the facts surrounding this case.(See Exhibit B to Bank's motion.)

121. Admitted.

122 Denied. He reviewed relevant case documents including the testimony of Mercy employees in reaching his conclusions.(See Exhibit B to Bank's motion.)

123. Denied. He reviewed relevant case documents including the testimony of Mercy employees in reaching his conclusions.(See Exhibit B to Bank's motion.)

124. Admitted.

125. Admitted.

126. Admitted.

127. Johnson reviewed those documents he needed to provide his analysis. Mercy's view of what is critical is irrelevant.(See Exhibit B to Bank's motion.)

128. Admitted.

129. Denied. Johnson performed several sampling analyses as set forth in his opinion.(See Exhibit B to Bank's motion.)

130. Denied. Johnson performed several sampling analyses as set forth in his opinion.(See Exhibit B to Bank's motion.)

131. Denied. He reviewed relevant case documents including the testimony of Mercy employees in reaching his conclusions.(See Exhibit B to Bank's motion.)

132. Denied. He reviewed relevant case documents including the testimony of Mercy employees in reaching his conclusions.(See Exhibit B to Bank's motion.)

133. It is admitted that Johnson used a 15% interest rate. The remainder of this paragraph is not factual.(See Exhibit B to Bank's motion.)

134. It is admitted that he measured accrual as stated. It is denied that there was no factual basis for applying that method.(See Exhibit B to Bank's motion.)

135. This figure was included because of Mercy's breach of the contract which caused extraordinary costs to be incurred by CSI. This comports with Jaeb's discussions with Doug Smith and the representations made on behalf of Mercy by Smith.(See exhibit E to Bank's Motion at p. 284.)

Respectfully submitted,

/s/ Patrick J. Egan
Patrick J. Egan
239 S. Camac Street
Philadelphia, PA 19107
215-546-5040

## CERTIFICATE OF SERVICE

Patrick J. Egan hereby certifies that a copy of the attached Response to Mercy's Summary Judgment Motions has been served upon the following individuals by electronic means:

E. Thomas Henefer, Esq.
Stacey A. Scrivani, Esq.
Stevens & Lee
111 North 6th Street
P.O. Box 679
Reading, PA 19603-0679


Joseph Donley
Christopher M. Brubaker, Esq.
Kittredge, Donley, Elson, Fulem & Embick
421 Chestnut Street
Philadelphia, PA 19106


   /s/ Patrick J. Egan
Patrick J. Egan
239 S. Camac Street
Philadelphia, PA 19107
215-546-5040

DATED:   January 31, 2005