IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA<br><br>            Plaintiff,<br><br>       v.<br><br>ROSS P. RICHARDSON, Chapter 7<br>Trustee for the Bankruptcy Estate<br>of CSI Financial, Inc.,<br><br>            Defendant. | CIVIL ACTION<br>Case No. 01-CV-5681 |
| FIRST NATIONAL BANK OF MONTANA,<br>INC. and ROSS P. RICHARDSON, Chapter 7<br>Trustee for the Bankruptcy Estate<br>of CSI Financial, Inc.,<br>            Plaintiffs,<br><br>       v.<br><br>MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA<br><br>            Defendant. | CIVIL ACTION<br><br>Consolidated |

## ORDER

AND, NOW, this _____ day of _____, 2005, upon consideration of the First National Bank of Montana's Motion in Limine to Preclude the Introduction of Evidence of CSI Financial, Inc.'s Performance Against the Bank, supporting Memorandum of Law with exhibits, and any response thereto, it is hereby ORDERED that Mercy Health System of Southeastern Pennsylvania is precluded from introducing into evidence at the trial of this matter any evidence related to CSI Financial, Inc.'s performance under the Patient Finance Agreement.

_____

J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA, | : | |
| Plaintiff | : | Civil Action<br>No. 01-CV-05681 |
| v. | : | |
| ROSS P. RICHARDSON, Chapter 7 Trustee<br>for the Bankruptcy Estate of CSI Financial,<br>Inc., | : | |
| Defendant | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   \*\*\*   \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF MONTANA,<br>INC. and ROSS P. RICHARDSON, Chapter 7<br>Trustee for the Bankruptcy Estate of CSI<br>Financial, Inc., | : | Civil Action<br>No. 02-CV-03608 |
| Plaintiffs | : | |
| v. | : | |
| MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA, | : | |
| Defendant | : | |

**FIRST NATIONAL BANK OF MONTANA'S MOTION IN LIMINE TO PRECLUDE
THE INTRODUCTION OF EVIDENCE OF CSI FINANCIAL, INC.'S
PERFORMANCE AGAINST THE BANK**

Plaintiff, First National Bank of Montana, Inc. ("Bank"), by its undersigned counsel, Kittredge, Donley, Elson, Fullem & Embick, LLP hereby moves this Court for an order precluding Mercy Health System of Southeastern Pennsylvania ("Mercy") from introducing any evidence regarding CSI Financial Inc.'s ("CSI") performance under the Patient Finance Agreement against the Bank. As set forth in the accompanying Memorandum of Law, the Bank has the absolute right to demand repayment of any account at any time from Mercy. The parties' responsibilities in this matter are governed by the express terms of the Patient Finance

Agreement and there is nothing in the Agreement that conditions the Bank's right to repayment on CSI's performance. Accordingly, this evidence should be excluded from trial.

                                            **Respectfully Submitted,**

                                            **KITTREDGE, DONLEY, ELSON,**
                                               **FULLEM & EMBICK, LLP**

                                            */s/ Christopher M. Brubaker*
                                            JOSEPH M. DONLEY, ESQUIRE
                                            CHRISTOPHER BRUBAKER, ESQUIRE
                                            I.D. NOS. 23058/82057
                                            400 Market Street, Suite 200
                                            Philadelphia, PA 19106-2416
Dated: March 1, 2005                        (215) 829-9900

                                            Attorneys for Plaintiff
                                            First National Bank of Montana

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA, <br><br> Plaintiff <br><br> v. <br><br> ROSS P. RICHARDSON, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc., <br><br> Defendant | Civil Action <br> No. 01-CV-05681 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   \*\*\*   \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| FIRST NATIONAL BANK OF MONTANA, INC. and ROSS P. RICHARDSON, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc., <br><br> Plaintiffs <br><br> v. <br><br> MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA, <br><br> Defendant | Civil Action <br> No. 02-CV-03608 |

## FIRST NATIONAL BANK OF MONTANA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE PRECLUDE THE INTRODUCTION OF EVIDENCE OF CSI FINANCIAL, INC.'S PERFORMANCE AGAINST THE BANK

Plaintiff, First National Bank of Montana, Inc. ("Bank"), by its undersigned counsel, Kittredge, Donley, Elson, Fullem & Embick, LLP hereby submits this memorandum of law in support of its Motion in Limine to Preclude the Introduction of Evidence of CSI Financial, Inc.'s [1] Performance Against the Bank.

---

[1] During the pendency of this action CSI Financial, Inc. filed for bankruptcy and is now represented in this action by Ross P. Richardson, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc. For ease of reference this party will be referred to simply as "CSI" throughout this Memorandum.

I.  **INTRODUCTION**

This case arises out of a dispute among the parties over their respective rights and obligations under the Patient Finance Agreement ("Agreement"). The parties in this matter are: Mercy Health System of Southeastern Pennsylvania ("Mercy") a party to the Agreement; CSI Financial, Inc. ("CSI") a party to the Agreement; and, the First National Bank of Montana ("Bank") an express third-party beneficiary of the Agreement. Mercy and CSI entered into the Agreement on or about October 18, 1999. The Bank, is also a signatory to the Agreement, although it is simply an express third party beneficiary. The Bank as a third party beneficiary enjoys rights granted by the Agreement but has no obligations under the Agreement. Rather, the Agreement expressly sets forth the obligations of both CSI and Mercy, referred to as "PROVIDER" in the Agreement, but does not contain a similar Paragraph for the Bank.

The Bank had the right to demand repurchase of any account at any time. Paragraph 5 states as follows:

> 5. **REUMBURSEMENT BY PROVIDER.** PROVIDER understands and agrees that accounts acquired for financing by CSI under this Agreement will be financed by the BANK. PROVIDER understands that CSI is the administrator of all accounts. PROVIDER agrees to deal only with CSI with respect to administrative, settlement, and accounting inquiries. PROVIDER agrees to pay directly to the BANK on demand ninety two (92%) percent of the balance then due on any account which was acquired for financing from PROVIDER by CSI, that the BANK requires CSI to repurchase.

The Agreement also provides for the repurchase of accounts by Mercy under different scenarios including, *inter alia*, the account becoming 90 days delinquent at any point during repayment by the patient (para. 7), and the account not meeting certain specifications set forth in the Agreement (para. 2). The Agreement is also clear that Mercy will deal only with CSI regarding administrative and accounting issues. This is further evidence by Paragraph 6,

Payment of Fees, which contemplates that Mercy will pay to CSI an eight percent (8%) fee for processing and settlement of accounts on all accounts that are financed under the Agreement.

On November 1, 2004 the Bank filed a motion for partial summary judgment regarding the interpretation of the Agreement. The Bank maintains that under the clear unambiguous language of the Agreement it has the right to demand that Mercy repurchase any account at any time. Mercy responded to the Motion arguing an alternative interpretation of the Agreement which does not adhere to Pennsylvania's principles of contract interpretation. That Motion is still pending. On January 3, 2005 Mercy filed its own motion for summary judgment against the Bank, which essentially reasserted Mercy's argument on contract interpretation advanced in its response to the Bank's motion for summary judgment. The Bank has opposed this motion in part by reasserting its interpretation of the Agreement, that the Bank has the absolute right to demand repayment of any account at any time from Mercy. This motion is also still pending.

## II.  LEGAL ARGUMENT

Federal Rule of Evidence ("FRE") 401 defines "relevant evidence" as: "… evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." "Evidence which is not relevant is not admissible." FRE 402. Relevant evidence may also be excluded if its probative value is substantially outweighed by the danger of prejudice, confusion of the issues or misleading the jury, or for considerations of undue delay and waste of time. FRE 403.

The Agreement is clear that the Bank may demand repayment of any account at any time from Mercy. As such the only issue as to whether or not the Bank is entitled to repayment on an account is whether or not it demanded repayment from Mercy. Any issues regarding CSI's

3

performance under the Agreement are solely between CSI and Mercy, as stated by the express terms of the Agreement. Accordingly, CSI's performance has no bearing on the Bank's right to recover from Mercy and is irrelevant regarding the Bank. Because this evidence is irrelevant with respect to the Bank, it must be excluded.

                                          **Respectfully Submitted,**

                                          **KITTREDGE, DONLEY, ELSON,**
                                          **FULLEM & EMBICK, LLP**

JOSEPH M. DONLEY, ESQUIRE
CHRISTOPHER BRUBAKER, ESQUIRE
I.D. NOS. 23058/82057
400 Market Street, Suite 200
Philadelphia, PA 19106-2416
(215) 829-9900

Dated: March 1, 2005

Attorneys for Plaintiff
First National Bank of Montana

4

## CERTIFICATE OF SERVICE

I, CHRISTOPHER M. BRUBAKER, hereby certify that on this date I caused to be served a true and correct copy of the First National Bank of Montana's Motion in Limine to Preclude the Introduction of Evidence of CSI Financial, Inc.'s Performance Against the Bank and supporting Memorandum of Law, electronically via the Electronic Case Filing system of the United States District Court for the Eastern District of Pennsylvania ("ECF system") as follows:

> Stacey A. Scrivani, Esquire
> Stevens & Lee
> 111 N. Sixth Street
> P.O. Box 679
> Reading, PA 19603-0679
>
> Patrick J. Egan, Esquire
> 239 S. Camac Street
> Philadelphia, Pennsylvania 19107

The documents referenced herein are available for viewing and downloading from the ECF system.

Dated: March 1, 2005

Christopher M. Brubaker