IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA<br><br>Plaintiff,<br><br>v.<br><br>ROSS P. RICHARDSON, Chapter 7<br>Trustee for the Bankruptcy Estate<br>of CSI Financial, Inc.,<br><br>Defendant. | CIVIL ACTION<br>Case No. 01-CV-5681 |
| FIRST NATIONAL BANK OF MONTANA,<br>INC. and ROSS P. RICHARDSON, Chapter 7<br>Trustee for the Bankruptcy Estate<br>of CSI Financial, Inc.,<br>Plaintiffs,<br><br>v.<br><br>MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA<br><br>Defendant. | CIVIL ACTION<br><br>Consolidated |

## ORDER

AND, NOW, this _____ day of _____, 2005, upon consideration of the First National Bank of Montana's Motion in Limine to Exclude the July 30, 2004 Expert Report by Glenn Newman and James O'Brien, supporting Memorandum of Law with exhibits, and any response thereto, it is hereby ORDERED that Mercy Health System of Southeastern Pennsylvania is precluded from introducing into evidence at the trial of this matter the July 30,

2004 Expert Report by Glenn Newman and James O'Brien and Messrs Newman and O'Brien are precluded from testifying.

_____

J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA<br><br>    Plaintiff,<br><br>v.<br><br>ROSS P. RICHARDSON, Chapter 7<br>Trustee for the Bankruptcy Estate<br>of CSI Financial, Inc.,<br><br>    Defendant. | CIVIL ACTION<br>Case No. 01-CV-5681 |
| FIRST NATIONAL BANK OF MONTANA,<br>INC. and ROSS P. RICHARDSON, Chapter 7<br>Trustee for the Bankruptcy Estate<br>of CSI Financial, Inc.,<br>    Plaintiffs,<br><br>v.<br><br>MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA<br><br>    Defendant. | CIVIL ACTION<br><br>Consolidated |

## ORDER

AND, NOW, this _____ day of _____, 2005, upon consideration of the First National Bank of Montana's Motion in Limine to Exclude the July 30, 2004 Expert Report by Glenn Newman and James O'Brien, supporting Memorandum of Law with exhibits, and any response thereto, it is hereby ORDERED that Mercy Health System of Southeastern Pennsylvania is precluded from introducing into evidence at the trial of this matter Sections I, II,

2

III A, III B, III D, and III E of the July 30, 2004 Expert Report by Glenn Newman and James O'Brien and and Messrs Newman and O'Brien are precluded from testifying on these matters.

_____

J


## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA,<br><br>    Plaintiff<br><br>  v.<br><br>ROSS P. RICHARDSON, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc.,<br><br>    Defendant | Civil Action<br>No. 01-CV-05681 |
| ************************************* *** ************************************* | |
| FIRST NATIONAL BANK OF MONTANA, INC. and ROSS P. RICHARDSON, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc.,<br><br>    Plaintiffs<br><br>  v.<br><br>MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA,<br><br>    Defendant | Civil Action<br>No. 02-CV-03608 |

**FIRST NATIONAL BANK OF MONTANA'S MOTION IN LIMINE TO EXCLUDE THE JULY 30, 2004 EXPERT REPORT BY GLENN NEWMAN & JAMES O'BRIEN**

Plaintiff, First National Bank of Montana, Inc. ("Bank"), by its undersigned counsel, Kittredge, Donley, Elson, Fullem & Embick, LLP hereby moves this Court for an order excluding the expert report dated July 30, 2004 by Glenn Newman and James O'Brien ("Expert Report"). As set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, the Expert Report does not satisfy the requirements of Federal Rule of 702 and Rule of Civil Procedure 26(a)(2)(B) and goes beyond the proper bounds of an expert report by suggesting the meaning of documents, which do not require expert assistance but are just as

easily interpreted by the jury, reaching legal conclusions and including extrinsic evidence which should be excluded.[1] Accordingly, the Expert Report should be struck in its entirety or in the alternative certain portions should be redacted before being allowed into evidence and Messrs. Newman and O'Brien should be precluded from testifying regarding any portion of the report that is not allowed into evidence.

        **Respectfully Submitted,**

        **KITTREDGE, DONLEY, ELSON,**
        **FULLEM & EMBICK, LLP**

        */s/ Joseph M. Donley*

        JOSEPH M. DONLEY, ESQUIRE
        CHRISTOPHER BRUBAKER, ESQUIRE
        I.D. NOS. 23058/82057
        400 Market Street, Suite 200
        Philadelphia, PA 19106-2416
        (215) 829-9900

Dated: March 1, 2005

        Attorneys for Plaintiff
        First National Bank of Montana

---

[1] The Bank is simultaneously filing a Motion in Limine to exclude marketing materials and related testimony. These documents, which are inadmissible regarding the terms of the Patient Finance Agreement and irrelevant to the other issues in dispute, are referred to throughout the Expert Report.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA,<br><br>Plaintiff<br><br>v.<br><br>ROSS P. RICHARDSON, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc.,<br><br>Defendant | Civil Action<br>No. 01-CV-05681 |
| ************************************ *** | ****************************************** |
| FIRST NATIONAL BANK OF MONTANA, INC. and ROSS P. RICHARDSON, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc.,<br><br>Plaintiffs<br><br>v.<br><br>MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA,<br><br>Defendant | Civil Action<br>No. 02-CV-03608 |

**FIRST NATIONAL BANK OF MONTANA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE JULY 30, 2004 EXPERT REPORT BY GLENN NEWMAN & JAMES O'BRIEN**

Plaintiff, First National Bank of Montana, Inc. ("Bank"), by its undersigned counsel, Kittredge, Donley, Elson, Fullem & Embick, LLP hereby submits this memorandum of law in support of its Motion in Limine to Exclude the July 30, 2004 Expert Report by Glenn Newman and James O'Brien.

I.  **INTRODUCTION**

This case arises out of a dispute among the parties over their respective rights and obligations under the Patient Finance Agreement ("Agreement"). The parties in this matter are: Mercy Health System of Southeastern Pennsylvania ("Mercy") a party to the Agreement; CSI Financial, Inc.[1] ("CSI") a party to the Agreement; and, the First National Bank of Montana ("Bank") an express third-party beneficiary of the Agreement. Mercy and CSI entered into the Agreement on or about October 18, 1999. The Bank, is also a signatory to the Agreement, although it is simply an express third party beneficiary. The Bank as a third party beneficiary enjoys rights granted by the Agreement but has no obligations under the Agreement. Rather, the Agreement expressly sets forth the obligations of both CSI and Mercy, referred to as "PROVIDER" in the Agreement, but does not contain a similar Paragraph for the Bank.

The Bank had the right to demand repurchase of any account at any time. Paragraph 5 states as follows:

> 5. **REUMBURSEMENT BY PROVIDER.** PROVIDER understands and agrees that accounts acquired for financing by CSI under this Agreement will be financed by the BANK. ... PROVIDER agrees to pay directly to the BANK on demand ninety two (92%) percent of the balance then due on any account which was acquired for financing from PROVIDER by CSI, that the BANK requires CSI to repurchase.

The Agreement also provides for the repurchase of accounts by Mercy under different scenarios including, *inter alia*, the account becoming 90 days delinquent at any point during repayment by the patient (para. 7), and the account not meeting certain specifications set forth in the Agreement (para. 2).

---

[1] During the pendency of this action CSI Financial, Inc. filed for bankruptcy and is now represented in this action by Ross P. Richardson, Chapter 7 Trustee for the Bankruptcy Estate of CSI Financial, Inc. For ease of reference this party will be referred to simply as "CSI" throughout this Memorandum.

2

On July 30, 2004 Mercy produced an 'expert report' prepared by Glenn Newman and James O'Brien of Parente Randolph, LLC ("Parente Report"). (A true and correct copy of the Parente Report is attached as Exhibit A.) The Parente Report fails to state the methods and principles used to reach the conclusions stated therein and should be struck in its entirety for this reason Messrs. Newman and O'Brien must be precluded from testifying. Alternatively, the Parente Report states, *inter alia*, that it is giving an analysis of "CSI's FAST TRAC Program, The Mercy/CSI Agreement, CSI's Performance, and First National Bank of Montana's Performance." (Parente Report pg. 4) These areas of analysis are beyond the permissible areas of expert testimony as delineated by the Federal Rules of Evidence and are largely irrelevant to the issues involved in this case. As such, these portions of the Parente Report must be redacted and Messrs. Newman and O'Brien must be precluded from testifying on these matters.

## II.  LEGAL ARGUMENT

Federal Rule of Evidence ("FRE") 401 defines "relevant evidence" as: "… evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." "Evidence which is not relevant is not admissible." FRE 402. Relevant evidence may also be excluded if its probative value is substantially outweighed by the danger of prejudice, confusion of the issues or misleading the jury, or for considerations of undue delay and waste of time. FRE 403.

FRE 702 states,

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and

3

methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

There have been recent changes to FRE 702 in the wake of Daubert v. Merril Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and its progeny.

> The amendment does not alter the venerable practice of using expert testimony to educate the factfinder on general principles. For this kind of generalized testimony, Rule 702 simply requires that: (1) the expert be qualified; (2) **the testimony address a subject matter on which the factfinder can be assisted by an expert**; (3) the testimony be reliable; and (4) the testimony "fit" the facts of the case.

FRE 702 Advisory Committee Notes on 2000 amendments (emphasis added). Expert testimony in the form of conclusions of law and interpretation of a contract are inadmissible. Good Shepherd Manor Found., Inc. v City of Momence, 323 F3d 557 (7th Cir. 2003); CMI-Trading v. Quantum Air, 98 F.3d 887, 890 (6th Cir., 1996); United States ex rel. Mossey v. PaL-Tech, Inc., 231 F. Supp. 2d 94, 98-99 (D.D.C., 2002); Whitmill v. City of Philadelphia, 29 F. Supp. 2d 241, 246 (E.D.P.A. 1998). If a jury, without assistance, can answer a question as well as an expert could then there is no need for the expert testimony. See e.g., Sherbert v. Alcan Aluminum Corp., 66 F.3d 965 (8th Cir. 1995) (expert testimony not required to establish the standard of care for operation of forklift; principles of balance well within the common knowledge of jurors); Scott v. Sears, Roebuck & Co., 789 F.2d 1052, 1055 (4th Cir. 1986) ("Rule 702 makes inadmissible expert testimony as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance.")

The Parente Report does not identify the principles and methods used and should be struck in its entirety for this failing. Additionally, various sections of the Parente

Report improperly seek to opine about matters that are not the proper subject of expert testimony because they are well within the jury's common knowledge or are conclusions of law. Certain areas of the report also deal with facts that are irrelevant to the issues involved in this case.

    A.    **The Parente Report does not identify any "reliable principles and methods" upon which it is based.**

Under FRE 702 expert testimony is admissible if, inter alia, "the testimony is the product of reliable principles and methods." Federal Rule of Civil Procedure 26(a)(2)(B) requires, inter alia, that an expert report "shall contain a complete statement of the all opinions to be expressed and the basis and reasons therefore." The Parente Report does not identify a single principle or method used to generate the report and the opinions contained therein. There is a Section "II Basis for Analysis" which simply summarizes the qualifications of Messrs. Newman and O'Brien and states that the report is based on the information listed in Exhibit B. (Parente Report, pgs. 3-4.) The Parente Report then states "Our analysis is based on the information provided to date."[2] While this is all well and good, it is a far cry from identifying the principles and methods used to analyze the information reviewed and to draw the conclusions that are expressed in the report. By failing to identify the principles and methods used it is impossible to determine if they are reliable. Accordingly, the Parente Report should be struck in its entirety.

Interestingly, the majority of the Parente Report does not deal with accounting issues at all, for which Messrs. Newman and O'Brien may be qualified, but rather contains extended discussion on the interpretation of Marketing Materials, the Patient Finance Agreement, and CSI

---

[2] This Section also contains the statement that "Counsel has requested numerous documents from CSI and FNBM, which to date, have not been provided." This statement is completely false with respect to the Bank which has complied with all of its discovery obligations. Mercy has not filed a motion to compel against the Bank for any outstanding documents. Mercy did file a motion to compel against CSI and was granted additional time for discovery and the ability to file a supplemental expert report based on additional documents from CSI. Mercy filed its supplemental expert report on November 15, 2004. Accordingly, this statement should be struck from the Parente Report regardless of the outcome of any other issues raised herein.

and the Bank's "performance" under the Agreement. These are issues for which Messrs. Newman and O'Brien are clearly not qualified, either by knowledge, skill, experience, training or education. They are also areas either within the common understanding of the jury for which expert testimony is inadmissible (interpretation of the Marketing Materials and what the parties did during the relevant time period) or that are the exclusive province of the Court (conclusions of law and interpretation of the Patient Finance Agreement). Thus, it is perhaps not surprising that no principles or methods have been disclosed as the basis of the Parente Report. It is also questionable that the two sections of the Parente Report dealing with patient accounts are even necessary to assist the trier of fact, as they amount to little more than simple math with respect to the total number of accounts.

**B.     Expert Testimony on the CSI FAST TRAC Brochure is of no assistance to the jury and is irrelevant.**

The "analysis" portion of the Parente Report begins with a discussion of the "CSI FAST TRAC Program" and is based on "CSI's FAST TRAC Document."[3] (Parente Report, Section III A, pgs. 4-6.) This discussion is not necessary to assist the trier of fact in understanding the Marketing Materials that CSI gave to Mercy prior to the parties executing the Patient Finance Agreement should the Court determine that the Marketing Materials are admissible. Clearly, the English language will be within the common knowledge of the jurors ultimately selected to hear this case. There is nothing in the Marketing Materials that would require expert testimony to assist the jury to understand these documents. In addition, the Marketing Materials are totally unconnected to the parties' actual performance under the Patient Finance Agreement, which does

---

[3] The Parente Report does not identify the document with any further particularity. Various documents including the "CSI Fast Trac" brochure (Bates numbered 3711-3721) and other marketing materials (Bates numbered 3227-3261) (collectively "Marketing Materials") are the subject of a separate Motion in Limine filed consecutively herewith. Said Motion in Limine is incorporated herein by reference with regard to the inadmissibility of the Marketing Materials.

6

not incorporate or otherwise reference the Marketing Materials, and the documents are therefore irrelevant. The Marketing Materials are referred to throughout the Parente Report. Accordingly, those portions of the Parente Report discussing CSI's Fast Trac program must be redacted and Messrs. Newman and O'Brien must be precluded from testifying on these matters. See, Scott, 789 F.2d at 1055.

    **B.**    **Expert Testimony regarding the Patient Finance Agreement is not allowed.**

The next section of the Parente Report deals with the Patient Finance Agreement, which is the contract upon which all claims in this litigation are based. (Parente Report, pg. 7) Any testimony regarding the meaning and import of the Patient Finance Agreement is strictly prohibited because it would amount to conclusions of law and invade the sole province of the Court to instruct the jury as to the law. Good Shepherd Manor Found., Inc. v City of Momence, 323 F3d 557 (7th Cir. 2003) (district court properly ruled that expert testimony as to legal conclusions that are outcome determinative are inadmissible); CMI-Trading v. Quantum Air, 98 F.3d 887, 890 (6th Cir., 1996) (experts may not testify as to legal effect of contract); United States ex rel. Mossey v. PaL-Tech, Inc., 231 F. Supp. 2d 94, 98-99 (D.D.C., 2002); Whitmill v. City of Philadelphia, 29 F. Supp. 2d 241, 246 (E.D.P.A. 1998) ("As a general rule an expert's testimony on issues of law is inadmissible"). The discussion of the Patient Finance Agreement in the Parente Report is a clear attempt by Mercy to dress its interpretation of the Agreement and its version of events in the cloak of expert opinion. The interpretation of the Patient Finance Agreement is for the Court to decide, whether or not the parties met their respective obligations under the agreement is for the jury to decide. Expert testimony regarding the meaning or interpretation of a contract is clearly barred by the Federal Rules of Evidence and relevant case law. Accordingly, Section III B of the Parente Report including Exhibits C and D must be

7

redacted and Messrs. Newman and O'Brien must be precluded from testifying on these matters. Additionally, all other sections of the Parente Report that rely on the conclusions of Section III B should be redacted including Sections III C through III F and corresponding exhibits.

### C. Testimony regarding CSI's performance is inadmissible.

The Parente Report also contains section III D, "CSI's Performance." This section is a recitation of facts according to Mercy and rests upon the improper legal conclusions of Messrs. Newman and O'Brien from Section III B. There is nothing in this section about which a jury would need expert opinion to assist it in its role as fact finder. It is important to note that there is nothing to prevent Mercy from introducing these facts through the appropriate factual witnesses and documents. However, there is nothing about this information which requires expert analysis and this is an improper attempt by Mercy to give its theory of the case the air of authority. The conclusions reached in this section are essentially who said what to whom and when did they say it, or who did what and when did they do it. These are issues that do not require expert testimony to assist the trier of fact and this Section of the report should be struck. Torres v. K-Mart Corp., 145 F. Supp. 2d 161, 163 (D.P.R., 2001) ("It is also clear to me, as gatekeeper, that this expert's testimony is not helpful to a jury in understanding the evidence"). Mercy also attempts to get in expert testimony about the credibility of Cindy Dorr on an issue that is central to Mercy's theory of the case. This is not allowed. See, e.g., United States v. Beasley, 72 F.3d 1518 (11th Cir. 1996) Accordingly, Section III D of the Parente Report including Exhibits G and H must be redacted and Messrs. Newman and O'Brien must be precluded from testifying on these matters.

8

### D. Testimony regarding the Bank's performance is inadmissible.

The Parente Report next contains Section III E, First National Bank of Montana's Performance. (Parente Report, pg. 21-24) Again, Mercy is seeking to drape facts, which are well within the common knowledge of jurors, with expert trappings. There is nothing encompassed by this Section that a juror would need expert assistance to understand. The information discussed is also irrelevant to the issues in this lawsuit.

The Patient Finance Agreement does not impose any obligations on the Bank. However, the Parente Report concludes that the Bank failed to properly monitor CSI. (Parente Report, pg. 24.) This section also refers to documents that admittedly do not deal directly with Mercy. (Parente Report, pg. 21.) For, the most part this section is a critique of an Audit Report prepared by Neysha Humphreys after the instant litigation had begun. (Parente Report pg. 22-24.)

This Section should be struck from the report simply for attempting to impose on the Bank an obligation (the monitoring of CSI's performance under the Agreement) not contemplated by the Patient Finance Agreement. Legal conclusions are outside the scope of proper expert testimony, even for attorneys. See e.g., Burkhart v. Washington Metro. Area Transit Auth., 324 U.S. App. D.C. 241 (D.C. Cir., 1997); Specht v. Jensen, 853 F.2d 805, 807 (10th Cir. 1988); Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 509-510 (2d Cir., 1977). A completely unsubstantiated legal conclusion, by an accountant, is a blatant disregard of the rules and should be dealt with accordingly. Ms. Humphreys has not been proffered as an expert, nor have any of her various audit reports been submitted as an expert report. To the extent this section is an attempt to discredit Ms. Humphreys or her work, this is an area properly addressed on cross-examination should Ms. Humphreys be called to testify. However, there is nothing relevant to the contested issues in this case that a jury would need the assistance of an expert to

reach a decision about in this Section. Accordingly, Section III E of the Parente Report must be redacted and Messrs. Newman and O'Brien must be precluded from testifying on these matters.

## III. CONCLUSION

The Parente Report does not comply with the applicable requirements of FRE 702 and FRCP 26(a)(2)(B). Given this failing, the overall lack of attention to issues outside the common knowledge and understanding of the jury and the blatant attempt to couch Mercy's theory of the case as an 'expert report' the Parente Report should be stricken in its entirety and the authors precluded from testifying. In the alternative, those sections of the Parente Report dealing with the Marketing Materials (inadmissible extrinsic evidence that does not require expert commentary to be understood), the Patient Finance Agreement (a contract whose interpretation is the sole province of the Court), and the Bank's and CSI's performance under the Patient Finance Agreement (based on improper conclusions of law and address facts that do not require expert commentary to be understood) should be redacted from the report and Messrs. Newman and O'Brien should be precluded from testifying thereto.

**Respectfully Submitted,**

**KITTREDGE, DONLEY, ELSON,
FULLEM & EMBICK, LLP**

_____
JOSEPH M. DONLEY, ESQUIRE
CHRISTOPHER BRUBAKER, ESQUIRE
I.D. NOS. 23058/82057
400 Market Street, Suite 200
Philadelphia, PA 19106-2416
(215) 829-9900

Dated: March 1, 2005

Attorneys for Plaintiff
First National Bank of Montana

## CERTIFICATE OF SERVICE

I, CHRISTOPHER M. BRUBAKER, hereby certify that on this date I caused to be served a true and correct copy of the First National Bank of Montana's Motion in Limine to Exclude the July 30, 2004 Expert Report by Glenn Newman and James O'Brien and supporting Memorandum of Law, electronically via the Electronic Case Filing system of the United States District Court for the Eastern District of Pennsylvania ("ECF system") as follows:

> Stacey A. Scrivani, Esquire
> Stevens & Lee
> 111 N. Sixth Street
> P.O. Box 679
> Reading, PA 19603-0679
>
> Patrick J. Egan, Esquire
> 239 S. Camac Street
> Philadelphia, Pennsylvania 19107

The documents referenced herein are available for viewing and downloading from the ECF system.

Dated: March 1, 2005

Christopher M. Brubaker