PARENTERANDOLPH

*The Power of Ideas*

Forensic & Litigation Services

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MERCY HEALTH SYSTEM )
)
     Plaintiff )    Civil Action No. 01-CV-5681
)
    v. )
)
CSI FINANCIAL, INC. )
)
    Defendant )
)
FIRST NATIONAL BANK OF MONTANA, )
INC. and CSI FINANCIAL, INC., )
)
    Plaintiffs )
)
    v. )
)
MERCY HEALTH SYSTEM OF )
SOUTHEASTERN PENNSYVANIA, )
)
    Defendant )

---

Expert Report:  By Glenn Newman & James O'Brien

July 30, 2004

---

# PARENTERANDOLPH

*The Power of Ideas*

Forensic & Litigation Services

July 30, 2004

## MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA

### v.

## CSI FINANCIAL, INC.

### And

## FIRST NATIONAL BANK OF MONTANA, INC. AND CSI FINANCIAL, INC.,

### v.

## MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA

We have been engaged by Plaintiff's counsel to explore and analyze whether Mercy Health System ("Mercy") suffered damages that resulted from CSI Financial, Inc.'s ("CSI") alleged breach of an agreement (the "Agreement") related to the sale of certain patient accounts receivable. We have performed certain procedures designed to identify the specific areas and amount of potential damages suffered by Mercy. In addition, First National Bank of Montana ("FNBM") has joined CSI in its suit against Mercy over the sale of the disputed patient accounts. For the purpose of our analysis, we have assumed liability on the part of the responsible parties.

Our report is structured as follows:

|      |                   |
|------|-------------------|
| I.   | Background        |
| II.  | Basis for Analysis |
| III. | Analysis          |
| IV.  | Conclusions       |
|      | Exhibits          |



an independent member of
BAKER TILLY
INTERNATIONAL

PARENTE RANDOLPH, LLC  ACCOUNTANTS & CONSULTANTS  TWO PENN CENTER PLAZA, SUITE 1800  PHILADELPHIA, PA 19102-1725
(P) 215.972.0714  (F) 215.563.5083  www.parentenet.com

## I.    BACKGROUND

Mercy is a comprehensive healthcare provider serving Southeastern Pennsylvania (i.e., the Delaware Valley) and consists of five acute-care hospitals, multiple ambulatory care centers, physician practices, two skilled nursing facilities, an independent living facility, a home healthcare company and managed care plans.    The company is based in Conshohocken, Pennsylvania and employs over 8,000 individuals who serve over 500,000 patients and 600,000 HMO enrollees each year.

CSI was a patient account financing and receivable management company that provided services to hospitals and healthcare clinics throughout the United States.  CSI was located in Helena, Montana and began conducting business in 1992.    CSI served over 60 hospitals and clinics in 16 states.  CSI developed and eventually marketed its collection services through its FAST TRAC program.[1]  Its FAST TRAC program allowed patients to pay outstanding debt incurred for medical services with either a single payment or payments over time.    CSI paid the healthcare providers 92 percent of the value of approved and accepted[2] patient accounts in exchange for the right to collect the entire account balance, plus interest and fees as appropriate.    CSI entered into separate agreements with banks in order to obtain financing for these patient accounts.

FNBM was CSI's primary source for funding the purchase of patient accounts from CSI's clients.    FNBM was closely connected to CSI's operations throughout the collection process.  Patients were instructed to make payments directly to a "lock box" located at FNBM and then FNBM would record, summarize and notify CSI of the patient payments.  This summary report would be sent to CSI for recording in CSI's detailed patient computer system for tracking the patient's balance and payment history.  FNBM would reconcile the hospital's outstanding balance of patient accounts and would receive

---

[1] CSI's FAST TRAC Document.
[2] Approved and Accepted accounts are the accounts that exceeded the beacon credit score of 600 and were placed into the program by CSI and FNBM.

reports from CSI that documented the accounts that became delinquent because of the failure to make payments.

A dispute has arisen among the parties related to contractual performance to the Agreement, which included:

- The untimely recourse of certain delinquent accounts.
- Duplicate returned and recoursed accounts.
- The possible misapplication of payments received by CSI and FNBM.

As a result, Mercy has filed a lawsuit related to CSI's alleged breach of its Agreement. Conversely, CSI and FNBM filed a counterclaim against Mercy for damages that allegedly arose under the Agreement. In addition filed for protection from its creditors under Chapter 11 of the U.S. Bankruptcy code on December 16, 2002.

## II.    BASIS FOR ANALYSIS

The analysis and opinions included in this report are based primarily upon the documentation available to date and our experience in performing financial analysis and economic damage calculations. Mr. Newman has performed economic damage calculations and presented his findings in courts throughout the United States since 1984. He is a Certified Public Accountant and has a Masters Degree in Business Administration with a concentration in Economics/Finance. He has been appointed to the American Institute of CPA's ("AICPA") Forensic and Litigation Services Committee and chairs its economic damages task force. The Committee provides guidance to CPA practitioners specializing in forensic accounting, economic damages, among other areas. Mr. Newman is also responsible for Parente Randolph, LLC's Forensic & Litigation Services department. Mr. O'Brien is a Certified Public Accountant who specializes in analyzing the financial aspects of matters in dispute. Messrs. Newman and O'Brien's curriculum

*Mercy Health System of Southeastern Pennsylvania v. CSI
Financial, Inc. and First National Bank of Montana, Inc. and CSI
Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania*

vitae, testimony history and publications listing are attached as Exhibit A. Our firm is being compensated for its work in this matter at hourly rates ranging from $70 to $325.

Our analysis was based primarily on the documentation and information listed in Exhibit B. The documents and information utilized are the types of documents and information that experts in our field typically rely upon in performing such an analysis. Our analysis is based on the information provided to date. Counsel has requested numerous documents from CSI and FNBM, which to date, have not been provided. Additionally, deposition testimony revealed that previously provided electronic files excluded critical supporting information. Accordingly, we reserve the right to amend our analysis and this report if additional or updated information is provided.

## III.    ANALYSIS

Our analysis is structured as follows:

- CSI's FAST TRAC Program
- The Mercy/CSI Agreement
- Mercy Account Activity
- CSI's Performance
- First National Bank of Montana's Performance
- Offsets
- Diminution of Business Claim

### A.    CSI's FAST TRAC PROGRAM

CSI marketed its FAST TRAC program to Mercy as a complete system to finance certain receivables for a comprehensive healthcare provider. The CSI FAST TRAC program operated by analyzing medical facilities self pay patient receivables and converted an

approved and accepted portion into cash for the medical facility. CSI claimed its "Data Center" was set up to receive electronic transfers of patient accounts into its secure system. CSI then analyzed those accounts through its internal scoring and approval process using a program developed by Equifax. As outlined in its program description, CSI approved and accepted accounts with the patient/guarantor having a minimum credit score of 600.[3] CSI claimed that if a patient was employed and does not have any current collection problems, he/she would qualify for the program. CSI's FAST TRAC program stated:

> **We score accounts for two reasons, to ensure the best odds we will receive payment from the patient, and to eliminate unncessesary and expensive charge backs.** The combination of electronic credit reporting, account scoring, and file transfer is unique to the industry. **This program is simple to administer and uses many of the same components your facility is currently using with vendors and collection agencies.[4]** [Emphasis Added]

CSI's FAST TRAC marketing materials claimed it historically approved and accepted 35 - 55 percent of initial accounts received from providers. CSI's credit scoring system and account approved and accepted process represented the best opportunity for collecting Mercy's self pay patient accounts. CSI expected to initially approve and accept 50 percent of Mercy's self pay patient accounts. CSI's marketing materials projected Mercy's patient approved and accepted rate to improve to 60 - 75 percent as the program "cleaned-up" old patient accounts. CSI stated that it "...becomes the customer service department for accounts transferred to our system. We handle all the statements and telephone calls. When an account becomes delinquent, CSI will handle collections calls, late notices, and final notices."[5]

---

[3] The deposition testimony provides conflicting testimony. It is unclear who approved and accepted the accounts that were purchased as part of the FAST TRAC program. See deposition testimony of Neysha Humphreys, pg. 170.

[4] CSI's FAST TRAC Document – Section "The Fast Trac Program."

[5] CSI's FAST TRAC Document – Section "The Fast Trac Program."

*Mercy Health System of Southeastern Pennsylvania v. CSI
Financial, Inc. and First National Bank of Montana, Inc. and CSI
Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania*

CSI's FAST TRAC marketing materials indicated that it is inevitable that certain types of accounts will be improperly approved and accepted into the program. CSI's FAST TRAC program stated:

> Despite the best efforts of everyone involved, some accounts will be placed on our program by mistake. These accounts may have insurance pending, special written arrangements with your facility for extended payments, etc.[6]

In the event that CSI failed in its collection efforts, the Agreement provided the opportunity to timely recourse delinquent patient accounts back to Mercy at the original 92 percent account value initially purchased. CSI claimed that account recourses would occur after making every attempt to collect payments from patients. CSI stated:

> If after 90 days and numerous attempts by telephone and mail, we have not received payment on the account, we will recourse (send back) the account  Once you have the account back, it is your decision what to do with it. **Currently our recourse average is 4.8% of accounts placed on our system.**[7] [Emphasis Added]

As discussed subsequently, the Agreement stated CSI was to timely notify Mercy of delinquent patient accounts and recourse those accounts in an electronic file monthly to Mercy. The FAST TRAC marketing materials and the Agreement provided CSI with a limited opportunity to recourse delinquent patient accounts to Mercy for repurchase.

CSI's billing statements to the patient/guarantor were set up in a credit card format, which included the outstanding account balance with a minimum payment due. "Patients have the option to pay the account in full within a 25-day grace period interest free, or extended payments at 15% Annual Percentage Rate. A late fee of $10.00 is charged to accounts that are past due. The minimum payment is $20.00 or 4% of the outstanding balance whichever is greater."[8]

---

[6] CSI's FAST TRAC Document – Section "Accounts place on Fast Trac by mistake."
[7] CSI's FAST TRAC Document – Section "Uncorrectable Accounts."
[8] CSI's FAST TRAC Document – Section "Fast Trac Program."

B.    THE MERCY/CSI AGREEMENT

On October 18, 1999, Mercy and CSI entered into a Patient Financing Agreement (the "Agreement"), by which FNBM would provide financing for CSI (through a separate agreement with FNBM) associated with the purchase of certain Mercy self pay patient accounts receivable.    Although not specifically addressed, the Agreement covered accounts for services rendered at Mercy Hospital of Philadelphia, Mercy Fitzgerald Hospital and Mercy Community Hospital.  Additionally, the Agreement covered self pay patient accounts that were to be paid directly by the patient/guarantor as opposed to third-party payors (e.g., insurance providers or Medicare/Medicaid).

Under the terms of the Agreement, CSI paid Mercy 92 percent[9] of the value of approved and accepted patient accounts.   The remaining eight percent[10] represented a portion of CSI's fee for processing and collecting the patient accounts.  However, various scenarios could arise during the Agreement[11] that would ultimately determine whether the patient accounts were retained by CSI for collection or returned to Mercy because of insurance, non-payment by the patient or other reasons.   Exhibit C summarizes the overall flow of transactions, including the dollar value and number of accounts.     The following discussion summarizes the process:

- Mercy performed an internal analysis to determine the population of self pay patient accounts.  Initially, CSI wanted all of Mercy's self pay patient accounts.

- An electronic file with the population of self-pay patient accounts was sent by Mercy for CSI's review and scoring (Mercy incurred a per-account fee for the credit scoring process.)

- CSI analyzed the patient accounts through its internal review process, which assigned a credit score to each patient account.  CSI prepared a listing of accounts

---

[9] Section 6 of Agreement dated October 18, 1999.
[10] Ibid.
[11] These scenarios were contemplated in the CSI FACT TRAC marketing materials presented to Mercy.

that met the contractual terms and presented that listing to FNBM.  Deposition testimony was inconsistent as to whether FNBM and/or CSI approved and accepted the accounts with a certain minimum credit score and other factors related to collectibility.

- Accounts that failed the credit scoring process or other collection factors were not approved and accepted by CSI and/or FNBM.  These accounts were to be immediately returned to Mercy and excluded from the program.

- The approved and accepted accounts that were purchased were identified to Mercy in an electronic file.  These approved and accepted accounts were classified as "CSI Approved."  The date these accounts were approved and accepted was the "Batch Date" for determining the delinquency period.  It is our understanding funding would also occur at this time.

- When the program began, Mercy initially received a wire transfer from FNBM for 92 percent of the value of the approved and accepted accounts.  CSI and Mercy moved to an offset process to account for the cash payments related to new accounts approved and accepted into the program.  The offset program operated by netting the returned and/or recoursed accounts repurchased by Mercy.  Generally the offset process operated with no cash exchanged, but instead reduced that amount paid for new patient accounts.

- After the accounts were qualified, approved and accepted, either party could reveal that the account was improperly included.  Possible reasons were patients with insurance pending or accounts with Medicaid coverage.[12]  Accounts improperly approved and accepted by CSI were transferred back to Mercy and classified as "returns."  If CSI identified the patient accounts within a 25-day grace period (as outlined in CSI's FAST TRAC document),[13] they were returned to Mercy, and generally offset against future amounts due.[14]  If returned accounts

---

[12] CSI's FAST TRAC Document Section on Return Accounts.
[13] CSI's FAST TRAC Document Section on Return Accounts.
[14] The Agreement contemplated payments in the form of both cash and non-cash "offsets."  After the initial batch, the parties' predominately used an offset process.

were identified after the 25-day grace period, Mercy was charged interest at an annual rate of 15 percent by FNBM for the duration of the time the accounts were purchased and/or offset.

- The purchased accounts were CSI's responsibility to collect.

- The Agreement stated that:

> At the end of each calendar month during which BANK or CSI holds any account acquired for financing from PROVIDER [Mercy], **CSI will automatically present to the PROVIDER [Mercy] for repurchase all accounts that are delinquent for 90 days. PROVIDER [Mercy] agrees to reimburse directly to the BANK upon notification by CSI, Ninety two (92%) of the balance then due on any account that has become 90 days delinquent during the preceding calendar month. CSI will give immediate notice to PROVIDER [Mercy] of all accounts which are ninety days delinquent.** [Emphasis Added] PROVIDER [Mercy] will not be held responsible for CSI's 8% prorated fee on any unpaid accounts. CSI will pay to the BANK all of the charges that are in excess of the original balance financed by the patient. CSI and BANK shall have the right of offset against sums due PROVIDER [Mercy] under this Agreement for the amount of any delinquent reimbursement obligations that exceed thirty (30) days.[15]

- Delinquent accounts returned by CSI were classified as "recoursed" accounts. The Agreement specifically required CSI to give Mercy **immediate notice** when the accounts became delinquent. A flowchart maintained by the First National Bank of Montana entitled "Life Cycle of An Account" outlines the collection process of a recoursed account, including the classification of the account as "recoursed" on the 90th day. A copy of this flowchart is included at Exhibit D.

- Any CSI approved and accepted account that was not returned or recoursed after 90 days of delinquency at the end of each calendar month were presumed collected. It is important to note the Agreement did not offer Mercy the ability to monitor CSI's collection success; however, the Agreement limited CSI's risk through its ability to timely return and recourse files as they became delinquent. CSI's FAST TRAC marketing material identified a 4.8 percent recourse rate, which also indicated a high collection success rate.

---

[15] Section 7 of Agreement dated October 18, 1999.

- In addition, Mercy periodically received payments made by patients on accounts approved and accepted into the Agreement, and Mercy was required to forward the entire payment to CSI.

Mercy began participating in CSI's patient financing program during October 1999. On July 11, 2001 CSI recoursed 1,300 accounts with combined account balances of $760,387 (at 92 percent). At that time, Mercy became aware that CSI held these patient accounts for substantially longer than the 90-day provision in the Agreement. Ultimately, CSI untimely recoursed 5,427 accounts with an account balance of approximately $2.7 million. The average number of days CSI held these accounts was approximately 255 days. As a result, Mercy terminated the Agreement with CSI.

C.    MERCY ACCOUNT PERFORMANCE

During the course of the contractual relationship between Mercy and CSI, electronic files were routinely transmitted between the two parties to move specific Mercy patient account files onto and off of the program. Specifically, these files transmitted the patient information in order to identify, track and account for the patient activity. The process included sending patient account files for receivables:

- Available for CSI's review.
- Approved and Accepted by CSI and FNBM.
- Paid directly to Mercy.
- Returned by CSI to Mercy.
- Recoursed by CSI to Mercy for repurchase.

The electronic files transmitted and received by Mercy during the course of the agreement served as the foundation for our patient account analysis. In addition, we received and analyzed CSI computer system records.

*Mercy Health System of Southeastern Pennsylvania v. CSI*
*Financial, Inc. and First National Bank of Montana, Inc. and CSI*
*Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania*

From October 28, 1999 through October 2, 2001, Mercy transmitted to CSI approximately 80,000 individual self pay patient accounts with aggregate outstanding balance of approximately $42.8 million. CSI and FNBM approved and accepted approximately 14,150 Mercy self pay patient accounts with an aggregate outstanding balance of approximately $7.4 million.

**Chart 1: Patient Account Balances**



The following paragraphs address specific aspects of Mercy's self pay patient accounts transferred, scored and reviewed as part of the Agreement.

1.    *Rejected Accounts*

Based on CSI's internal analysis, a total of approximately 65,550 individual patient accounts were rejected with a combined value of approximately $35.4 million. These accounts failed CSI's internal patient scoring process and presumably had a lower probability of collection. This rejected population of patient accounts represented approximately 83 percent (or an acceptance rate of 17 percent) of the accounts reviewed

*Mercy Health System of Southeastern Pennsylvania v. CSI*
*Financial, Inc. and First National Bank of Montana, Inc. and CSI*
*Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania*

by CSI and FNBM. CSI and FNBM rejected significantly more accounts than expected based on the projected acceptance rate in the FAST TRAC marketing materials which projected a 35 – 55 percent approval and acceptance rate.

### 2.    Approved and Accepted Accounts

The aforementioned activity translated into approximately 14,200 individual patient accounts with a combined value of $7.4 million approved and accepted by CSI and financed by FNBM. These accounts passed CSI's internal patient scoring process and presumably had a higher probability of collection. As noted previously, CSI's marketing brochure indicated a 4.8 percent recourse rate on approved and accepted patient accounts. Therefore, Mercy reasonably expected CSI to collect approximately 95 percent of the approved and accepted accounts. CSI did not report to Mercy its collection results. This reporting failure prevented Mercy from identifying CSI's poor collection of delinquent accounts, until after the accounts were recoursed. In many cases, CSI's electronic notes file indicated minimal or no collection effort on these delinquent recoursed accounts.

### 3.    Returned Accounts

The Agreement had a provision upon which certain accounts may be approved and accepted into the process that should have been excluded, such as accounts that had insurance coverage. CSI returned approximately 4,150 individual accounts with a combined value of approximately $2.4 million. Certain accounts classified as returns were actually held by CSI past the delinquent recourse period. Table 1 identifies the age and value of the account when it was returned by CSI as follows:

*Mercy Health System of Southeastern Pennsylvania v. CSI
Financial, Inc. and First National Bank of Montana, Inc. and CSI
Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania*

Table 1:  Age of Returned Accounts

| Age of the Returned Accounts | Number of Accounts | Amount |
|---|---|---|
| 90 Days or Less | 2,019 | $ 1,161,245 |
| 91 Days to 180 Days | 1,433 | 880,830 |
| Greater than 180 Days | 702 | 353,219 |
| Total | 4,154 | $ 2,395,294 |

Mercy paid interest and late fees on returned accounts.  In addition, since CSI held onto certain accounts beyond 180 days, it prevented Mercy from submitting these accounts for insurance coverage.   It appears CSI has masked delinquent recoursed accounts as returned accounts.  Typically, many third-party payors have a contractual limitation for timely submission of claims.

4.    *Recoursed Accounts*

As noted previously, the Agreement included a recourse provision by which CSI will *immediately notify* and return to Mercy on a monthly basis any account that became 90-days delinquent *during the preceding calendar month*.[16]   Based on our analysis of recourse dates in comparison to the accounts approval date, which is the date the account was financed by FNBM, we determined the number of days each individual recoursed account was held by CSI.  Chart 2 summarizes the age of the recoursed accounts during the Agreement.

---

[16] Section 7 of Agreement dated October 18, 1999.

Chart 2:  Total Accounts Recoursed by CSI - $3,112,173



We performed additional analyses to determine whether recoursed accounts should have the aging adjusted as a result of a cash payment(s).  We expected to verify CSI's actual cash receipts by account from the electronic database information provided.  However, CSI did not include the necessary database information to distinguish between cash receipts and non-cash offsets.  However, based on payment codes, we analyzed account payment histories in comparison to recourse dates and prepared a revised aging of the accounts with payments, regardless of payment type (cash or offset).  This analysis identified less than 25 accounts that needed to have the aging adjusted because of payment received prior to the recourse date.

The Agreement stated that CSI was responsible to recourse these accounts during the calendar month after the account became 90 days delinquent.   CSI recoursed approximately 5,400 delinquent patient accounts during the Agreement.  Table 2 provides examples of accounts recoursed to Mercy after the 90-day delinquency period.

Table 2: Examples of Delinquent Recoursed Accounts

| Mercy Account # | CSI Account # | Approval Date | Recourse Date | Days Held By CSI | Initial Payment Date |
|---|---|---|---|---|---|
| 31428618 | 100964010 | 01/31/00 | 10/12/00 | 255 | 11/30/00 |
| 34695015 | 104960109 | 10/29/99 | 10/12/00 | 349 | 12/15/00 |
| 5201454 | 11450659 | 05/25/01 | 09/07/01 | 105 | 03/14/03 |
| 55673883 | 100766040 | 04/17/00 | 10/12/00 | 178 | 12/18/00 |
| 75443697 | 100903040 | 04/17/00 | 07/11/01 | 450 | 03/13/03 |
| 5060231 | 107922109 | 10/30/99 | 04/25/00 | 178 | 05/25/00 |
| 1908367 | 108070109 | 10/30/99 | 04/26/00 | 179 | 05/25/00 |
| 75028357 | 107985109 | 10/30/99 | 07/11/01 | 620 | 11/08/01 |
| 65491029 | 102217080 | 08/23/00 | 03/28/01 | 217 | 04/08/03 |
| 2679348 | 101972040 | 04/17/00 | 07/11/01 | 450 | 04/08/03 |

Excerpts from CSI's electronic records[17] and the respective recourse files are included at Exhibit E. Based on the note file provided by CSI for the respective accounts, there was no indication of any payments received from the patients or Mercy prior to recourse.

In total, we identified approximately $3.1 million of patient account balances recoursed by CSI for Mercy to repurchase, of that, approximately $2.7 million were held by CSI for more than 90 days and approximately $2.1 million were held by CSI for more than 120 days. Based on account payment information provided by CSI, we determined CSI posted payments on these accounts using the payment code "01," which CSI defined as 'Paid on Account.' As previously stated, the nature of these "payments" is unclear, as CSI did not differentiate between actual cash payments received from patients and offsets for new accounts from Mercy. The possibility exists that CSI recoursed accounts to Mercy and received cash payments from patients after the recourse. In this case, CSI would receive more cash than it was entitled to because of the duplication of recourse and payment. This issue is emphasized in an August 7, 2001 e-mail from Tammy Lamping to Cindy Dorr, in which Ms. Lamping stated:

---

[17] CSI named the electronic files – the mercy note file.txt, mercy payment file.txt and mercy acct fileII.xls.

> Cindy, Please see acct ~ we recoursed this account 6/29/01 and then posted a pt pmt [patient payment] of $100.00 on 7/11/01..........??? I guess the recourse amt [amount] from client would be less then, but we've already billed them for the full balance.[18]

Based on the inability to determine the nature of the '01' payments, we were unable to determine the amount of cash collected on these accounts. These cash payments have a direct impact on CSI's and/or FNBM's asserted damages calculation.

### 5.    Transaction Activity

In order to evaluate the transactions, we analyzed the cash received by Mercy related to the Agreement and traced that activity directly into its bank statements.    Exhibit F summarizes the value of the total amount approved and accepted accounts, actual cash funded by CSI, and the net cash activity throughout the Agreement, including the offset process.    Exhibit F is summarized and segregated into four distinct time periods to quantify the net cash position at the end of each time period.    The first period illustrates CSI's initial payments for the initial accounts receivable, with no non-cash offsets for any returned or recoursed accounts during the period.    The last period documents CSI's final transactions with Mercy.    During that final period, CSI and FNBM approved and accepted approximately $1.6 million of new patient accounts and "paid" Mercy through the non-cash offset process with approximately $1.8 million of delinquent recoursed accounts.    The exhibit also documents the total amount of accounts returned, recoursed, interest paid, the cash offset, and the cash returned during the Agreement.

In addition, CSI's electronic documentation provided collection history, CSI's payment summary and the note files that were recorded related to the patient collection activity. Interestingly, these files identified a significant amount of cash receipts by CSI and FNBM. Table 3 summarizes the cash activity from CSI's payment file as follows:

---

[18] CSI0820.

Table 3: CSI Payment File Summary

| Payment Type | Description | Amount |
|---|---|---|
| 1 | PAID ON ACCOUNT | $6,369,821 |
| 3 | OVERPAID ON ACCOUNT | 30,408 |
| 11 | PAID CLIENT | 120,302 |
| 13 | OVERPAYMENT TO CLNT. | 709 |
| 21 | RETURNED CHECK | (1,891) |
| 41 | PRINCIPAL ADJUSTMENT | 144 |
| 42 | LATE FEE ADJUSTMENT | 86,222 |
| 43 | INTEREST ADJUSTMENT | 396,590 |
| 44 | BALANCE ADJUSTMENT | 64,819 |
| 45 | FINANCE CHARGE | (1,412,067) |
| 46 | LATE FEE CHARGE | (309,499) |
| 47 | RETURNED CHECK FEE | (165) |
| 48 | RETURN CHECK FEE ADJ | 86 |
| 49 | INTEREST CHARGE | - |
| 71 | OVERPMT.REFUND (CLT) | (15,416) |
| 72 | OVERPMT-REFUND (PAT) | (10,384) |
| 73 | OVERPAYMENT ADJ | (17) |
| | Total | $5,319,663 |

However, as previously discussed, CSI failed to provide the database field necessary to distinguish between actual cash transactions and non-cash offset transactions within payment type "1." Therefore, the accounting treatment commingled cash and non-cash activity.

6.      *Other Matters*

On a test basis, we compared the actual patient accounts to the detailed file information that CSI provided that documented the approved and accepted transaction date to the returned and recoursed files to determine whether the return and recourse files supported the electronic files. However, since CSI failed to provide the database field that linked payment information to the cash and non-cash activity, the analysis was unable to document actual collection activity.

*Mercy Health System of Southeastern Pennsylvania v. CSI
Financial, Inc. and First National Bank of Montana, Inc. and CSI
Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania*

CSI returned and recoursed certain accounts to Mercy that were previously returned and/or recoursed. In total, CSI returned and recoursed 201 accounts for a total of $91,915 duplicated returned and recoursed accounts. Table 4 provides examples of accounts included in both recourse and return files submitted by CSI to Mercy.

Table 4: Examples of Duplicate Return and Recourse Accounts

| Account # | Recourse Date | Return Date | Account Balance |
|---|---|---|---|
| 75236646 | 04/26/00 | 05/23/00 | $  259 |
| 60059979 | 03/28/01 | 05/25/01 | $6,592 |

In addition, we noted that CSI recoursed certain accounts to Mercy at the original accounts receivable balance (i.e., 100 percent) and not at CSI's purchase price of 92 percent. As a result, we calculated CSI improperly recoursed 2,495 accounts for a total of $117,418. This represents an overcharge of CSI's eight percent fee of approximately $10,000. Table 5 provides examples of accounts improperly recoursed to Mercy at 100 percent of the original accounts receivable balance.

Table 5: Examples of Accounts Recoursed at 100%

| Account # | Approval Date | Approval Amount (Mercy) | Recourse Date | Recourse Amount |
|---|---|---|---|---|
| 56257546 | 04/23/01 | $  460 | 07/11/01 | $  500 |
| 21736376 | 10/28/99 | $1,292 | 07/11/01 | $1,404 |

As stated previously, a graphical representation of the aforementioned overall activity is included in Exhibit C.

D.    CSI's PERFORMANCE

When Mercy became a client of CSI, it quickly became CSI's largest customer. As previously stated, CSI recoursed numerous delinquent accounts receivable back to Mercy on July 11, 2001. As a result, it became apparent to Mercy that CSI encountered

*Mercy Health System of Southeastern Pennsylvania v. CSI
Financial, Inc. and First National Bank of Montana, Inc. and CSI
Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania*

numerous issues managing Mercy's account volume. During the course of our analysis, we identified certain documents indicative of potential difficulties. For example, we identified several printed return and recourse reports on which CSI personnel manually changed the "standard" report title. For example, a December 16, 1999 Recourse Reconciliation Report was manually altered to become a Return Report.[19] Examples of CSI's manual alteration of file types are included at Exhibit G.

During the course of the Agreement, CSI recorded cash payments, offsets, interest, late fees, other adjustments, notes, among other activities. From the information provided, we were unable to determine the actual amount of cash payments associated with individual patient accounts, as CSI failed to link detailed account information that distinguished actual cash payments from offsets.

Cindy Dorr, CSI's controller, testified on July 15, 2004, that Mercy limited CSI from recoursing delinquent accounts on a monthly basis. Ms. Dorr testified that, the only time CSI was allowed to send recourse files to Mercy was when Mercy sent new account files to be included into the program. To date, CSI has failed to provide any supporting documentation for this representation. Exhibit H documented an analysis performed to determine whether Ms. Dorr's testimony corresponded with the actual account transaction detail. The analysis tied the accepted and approved account batch dates by calculating a recourse date according to the terms of the Agreement (e.g. 90 days after batch date.) The analysis summarized the actual recoursed accounts and separated the timely recoursed accounts from the delinquent recoursed accounts to calculate the recoursed account balance that CSI was contractual responsible to present to Mercy for repurchase when the account became delinquent. The analysis demonstrated CSI failed to recourse Mercy accounts on a timely basis during every period. In some cases, CSI's failed recourse balance grew to in excess of $1 million. CSI has failed to provide a report to explain why the delinquent recourse balance grew to this level. It appears CSI failed

---

[19] CSI2538.

to analyze the untimely recourse balance and further failed to communicate that information to Mercy. In summary, Ms. Dorr's statement that CSI could recourse accounts only if it received new accounts from Mercy is not supported by the historical transaction as demonstrated in Exhibit H.

E.    FIRST NATIONAL BANK OF MONTANA PERFORMANCE

As previously noted, CSI entered into financing agreements with banks in order to obtain the necessary funds for its accounts receivable transactions. CSI obtained financing from FNBM as part of the Agreement with Mercy. Based on an analysis of documents provided by FNBM and deposition testimony, FNBM approved and accepted the patient accounts that were financed as part of the Agreement.[20] FNBM was involved in collection process and daily reconciling of the patient accounts. In addition, FNBM received reports on a daily, weekly and monthly basis from CSI that documented the collection process and CSI's return and delinquency reports related to the patient accounts. FNBM's monitoring included several procedures performed by its Internal Audit department to test and determine the adequacy of CSI's procedures and controls performance in executing its collection efforts. Internal Audit procedures performed included examining patient account records for both Mercy and other hospitals participating in the program.

FNBM's Internal Auditor, Neysha Humphreys, began an internal investigation in November of 2001 to identify CSI's account collection procedures. Ms. Humphreys identified several issues regarding CSI's execution of the financing agreements with its clients. Ms. Humphreys analysis and summary concluded that originated prior to 2001 accounts were not timely returned. Ms. Humphreys also concluded that, CSI's "...old system and the conversion process to the new system had inherent flaws in processing

---

[20] Deposition Testimony from Rob Logsdon conflicted with FNBM because the CSI file was funded with minimal exceptions.

which allowed some accounts to not get recoursed when they should have been."[21]  Ms. Humphreys also testified this internal audit investigation arose in part due to the litigation related to Mercy.[22]  William Partain, CEO of FNBM, testified that Ms. Humphreys sole reason for the internal investigation related to Mercy was as a result of the litigation[23].

Examples of other issues were documented within e-mails contemporaneously prepared during the Agreement and reports to FNBM and its Board of Directors.  The following e-mail excerpts are two examples of issues identified by Ms. Humphreys regarding CSI's chargeback[24] processing.

> ...The hospital confirmations were positive.  We have received 4.  Two of them show a relisting of amounts previously sent to the hospitals and paid.  The second hospital was Bryan LGH, but he (sic) mount (sic) was only $922.01.  But the question remains how does this happen.  We aren't talking payment and letter passing the mail.  There are months differences.  The other two had smaller disputed items...However, the other two – duplicate billings – I think should go to Bob [Jaeb] for resolution, if for no other reason than he needs to know what is going on.  It is either a system issue or sloppiness working from old lists...[25]

> ...The letter sent 12-19-00...was for $23,567.57.  The hospital stated that 16 of the accounts listed on that letter had been paid in August 2000 and they only owed $14,501.57.  They had already worked this out with Cindy and a new letter for the outstanding accounts was reissued on 1-9-01.  When I checked the year end aging you sent us, all the accounts they said had been paid in August had either zero or negative balances.  My question is how did these get queued for charge back and resent to the hospital if the accounts have had zero or negative balances since August 2000?  The answer to this question is key to how your system works, the internal controls, override possibilities, the integrity of the process and our ability to rely on what you say is due from the hospitals...[26]

While these issues do not specifically address Mercy accounts receivable held by CSI, they are indicative of process-type issues identified by FNBM during testing procedures.  Another e-mail sent Ms. Humphreys to Bill Partain on December 21, 2000 that stated:

---

[21] FNBM 009233.
[22] Deposition of Neysha Humphreys– July 14, 2004 – pgs. 91-92.
[23] Deposition of William Partain – October 9, 2003 – pg. 86.
[24] Neysha Humphreys testified that chargeback referred to recourse accounts.
[25] FNBM 001419 – February 1, 2001.
[26] FNBM 001421 – February 1, 2001.

> For a while, Cindy had help. Now, Thesia says it appears Cindy is back to doing it all herself. If this is the case, the follow-up portion may be lagging. It appears Bob [Jaeb] beefed up all areas except for Cindy's payment processing, putting new accounts and processing charge backs. Also, Cindy is taking classes. She leaves early two afternoons and comes in late a couple mornings.[27]

This e-mail documented an early warning signal identified by Ms. Humphreys, which was an indication that Ms. Dorr potentially could not perform her job responsibilities. Ms. Humphreys failed to investigate the potential impact of this on CSI's account management process.

On January 12, 2002, Neysha Humphreys submitted a letter to FNBM's Board of Directors outlining certain procedures performed at the request of FNBM's CEO, Bill Partain, and Audit Committee.[28] Ms. Humphreys' letter indicated that she performed testing on 30 randomly selected accounts "charged back and returned to the Mercy Hospital Group during the period 4-01 through 8-01."[29] Based on a review of various account details, Ms. Humphreys concluded:

> accounts originated during 2001 were timely returned to Mercy. Accounts originated prior to 2001 were not timely returned. The failure to return timely was a result of two things. First, until June 2001, Mercy only accepted recoursed accounts when they had new accounts to offset. Second, the old system and the conversion process to the new system had inherent flaws in the processing which allowed some account to not get recoursed when they should have been. However, the system is currently working well.[30]

The following list outlines various issues with Ms. Humphreys' analysis:

- Ms. Humphreys performed procedures on accounts charged back and returned to Mercy during the period April 2001 through August 2001. Ms. Humphreys did not provide a basis for why her procedures only covered this period and whether activity during this period was consistent with other periods.

---

[27] FNBM 001805.
[28] FNBM 009233.
[29] FNBM 009233.
[30] FNBM 009233.

- Ms. Humphrey's concluded that accounts originated prior to 2001 were not returned timely. Of the 30 accounts tested, 22 accounts, or approximately 73 percent, originated prior to 2001. Ms. Humphreys did not comment on the significance of the number of accounts comprising this component of the population. In addition, Ms. Humphreys failed to investigate the nature or the reason why these accounts were not recoursed timely.

- Ms. Humphreys claimed that Mercy only accepted recoursed accounts when they had new accounts to offset. Ms. Humphreys' workpapers did not contain any documentation outlining testing performed to support this conclusion.

- Ms. Humphreys concluded that the "old system and the conversion process to the new system had inherent flaws in the processing which allowed some accounts to not get recoursed when they should have been."[31] However, it does not appear that Ms. Humphreys performed any procedures to determine the overall number and dollar value of accounts that may have been impacted by this issue.

- Ms. Humphreys stated that all accounts not invoiced prior to conversion were reaged by the system.[32] It does not appear that Ms. Humphreys performed any procedures to determine the overall number and dollar value of accounts that may have been impacted by this issue.

Based on our analysis of the procedures and results of Ms. Humphreys' testing, and the issues identified above, Ms. Humphreys failed to provide a reasonable assessment of the overall account activity during Mercy and CSI's contractual relationship. Instead, her assessment highlighted issues, which if investigated, may have revealed a large-scale deficiency in CSI's processes and controls. However, it appears Ms. Humphreys failed to investigate and perform reasonable testing to support her conclusions.

---

[31] FNBM 009233.
[32] FNBM 009234.

Ms Humphreys also indicated that FNBM employed a reactive approach to investigating patient account matters, which occurred when patients complained about the incorrect balance.

> 4 Q. Did you do any specific review of those hospitals
> 5    that did offsetting as opposed to payments or would that
> 6    review take place if you did a payment review?
> 7 A. It would occur when you did the payment review.
> 8 Q. Do you know, were there times when a patient would
> 9    send money to CSI as opposed to the bank?
> 10 A. There were.
> 11 Q. What, if anything, did the bank do to verify that
> 12    those payments were sent along to the bank?
> 13 A. The verification of that process comes with the
> 14    next billing. If the customer doesn't complain about a
> 15    missed payment being on the statement, then the
> 16    assumption is the processing is appropriate.[33]

The failure of Ms. Humphreys to fully investigate these issues identified by her internal audit function is consistent with FNBM's failure to properly monitor the CSI performance. During the course of Mercy's contractual relationship with CSI, FNBM did not employ procedures that likely would have indicated CSI's failure to timely recourse accounts. One possible procedure was the confirmation of account balances with Mercy. Ms. Humphreys testified that FNBM confirmed with hospitals "accounts that have been invoiced to them for chargeback, for recourse and then also the amount they owe us in detail by patient for payments made directly from the patients to the hospital, which happens sometimes."[34]

Unlike Mercy, FNBM had access to the cash collection process and the internal reports prepared by CSI. In addition, FNBM monitored this process during the Agreement period and failed to raise the concerns or perform the procedures necessary to identify CSI's failures.

---

[33] Deposition of Neysha Humphreys – July 14, 2004 – pg. 156.
[34] Deposition of Neysha Humphreys – July 14, 2004 – pg. 32.

*Mercy Health System of Southeastern Pennsylvania v. CSI
Financial, Inc. and First National Bank of Montana, Inc. and CSI
Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania*

F.    OFFSET

Mercy represented the historical collection success rate from its collection agency was 1.6 percent. It is important to note this success rate includes accounts that CSI rejected from the program because the accounts failed its credit scoring process. It is expected the age of the delinquent accounts would have negatively impacted the collection agency's efforts related to the delinquent recoursed accounts.

In an effort to calculate the potential offset for the possibility that the collection agency realized payments related to the delinquent recoursed accounts, a success rate of 1.6 percent has been applied to the population of delinquent recoursed accounts. Based on a 90-day and 120-day delinquency periods, approximately $2.7 million and $2.1 million of accounts were delinquently recoursed to Mercy. This translates into an estimated collection amount of approximately $43,000 and $34,000, respectively.

G.    DIMINUTION OF BUSINESS CLAIM

CSI has alleged that Mercy failed to make payments to CSI in accordance with the terms of the Agreement, which led to CSI filing for bankruptcy protection. It is our understanding that the CSI intends to present a claim for the lost business value as a result of the dispute with Mercy. Robert Jaeb, CSI's President, testified CSI is seeking damages of approximately $4 million based on what he believed CSI would have been worth absent problems encountered under the Agreement.[35]

This claim represents an amount greater than the actual amount received during the bankruptcy liquidation proceeding of CSI. As of the date of this report, CSI has provided no other evidence to support its claim. Typically, the information necessary to analyze this claim includes, but is not limited to, the following:

---

[35] Deposition of Robert Jaeb – July 13, 2004 – pg. 67.

- Documentation supporting all offers for sale.
- Historical financial statements.
- Pro forma financial statements and business plans.
- Key customer and competitive data.
- Analyses of working capital requirements.
- Cash flow projections.
- Potential causation factors.
- Analyses and documents commonly used to value a company.

Based on CSI's failure to provide any of the aforementioned documents, we are unable to offer an opinion regarding the reasonableness of CSI's claim.  We reserve the right to update our analysis, analyze this potential claim and supplement our report in the event this information is made available.

## IV.  CONCLUSIONS

CSI claimed to have unique industry experience with collecting patient accounts.  CSI was in the business of financing receivables and collecting amounts directly from patients.  Mercy has asserted CSI failed to manage the patient accounts (including the recourse of delinquent accounts) according to the terms of the Agreement.  CSI's options under the terms of the Agreement would have been to timely:

- Return the account because it was not a self pay account.
- Recourse the account after 90-days because of delinquency.
- Collect the account.

CSI was in the business of collecting patient accounts receivables.  CSI failed to collect these accounts and CSI attempted to recourse these patient accounts that were substantially after the 90-day delinquency period.

*Mercy Health System of Southeastern Pennsylvania v. CSI
Financial, Inc. and First National Bank of Montana, Inc. and CSI
Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania*

Table 6 details approximately a range of damages between approximately $1 million and $1.6 million of damages suffered by Mercy as a result of CSI's alleged breach of the Agreement as follows:

#### Table 6: Mercy Damages

| Transactions | | 90 Day Delinquency | 120 Day Delinquency |
|---|---|---|---|
| *Receivable Transactions:* | | | |
| Total Value of Accounts Approval and Accepted | $7,405,902 | | |
| Payable to Mercy | 0.92 | $6,813,430 | $6,813,430 |
| Accounts Returned | | (2,395,294) | (2,395,294) |
| Accounts Timely Recoursed | | (384,842) | (998,970) |
| Valid Accounts Transferred to CSI | | $4,033,294 | $3,419,166 |
| *Cash Transactions:* | | | |
| Actual Cash Paid by CSI to Mercy | | (3,179,773) | (3,179,773) |
| Actual Cash Paid by Mercy to CSI | | 1,253,415 | 1,253,415 |
| Payments Received by Mercy from Patients | | (432,626) | (432,626) |
| Net Payments Received by Mercy | | (2,358,984) | (2,358,984) |
| Estimated offset | | (43,000) | (34,000) |
| *Net Amount Due to Mercy* | | $1,631,310 | $1,026,182 |

Counsel has advised that Mercy is entitled to receive prejudgment interest, attorneys' fees and costs.  Counsel has advised that CSI has failed to comply with discovery requests, specifically documentation related to the electronic payment records and its diminution claim.  We reserve the right to supplement this report at the time of trial.

**PARENTE RANDOLPH, LLC**

_____          _____

Glenn Newman                      James O'Brien

_Mercy Health System of Southeastern Pennsylvania v. CSI
Financial, Inc. and First National Bank of Montana, Inc. and CSI
Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania_

# EXHIBIT A

# PARENTERANDOLPH

*The Power of Ideas*

**GLENN NEWMAN, CPA, MBA**
**PRINCIPAL**

## EMPLOYMENT/EXPERIENCE:

Mr. Newman has provided a variety of financial consulting and accounting services to attorneys, insurance companies, governmental agencies and public and private corporations since 1980.

Prior to joining Parente Randolph, he spent approximately nine years with a national accounting firm. He specializes in providing financial consulting analyses related to matters in dispute. Specifically, the majority of the analyses performed involve litigation and/or insurance claims matters.

Mr. Newman is responsible for the firm's Forensic Accounting and Litigation Services group. In addition, he is a member of the firm's Executive Committee. His current responsibilities include assignment planning, supervision of staff, assistance with interrogatories and expert witness testimony, as required. Responsibilities are carried out through financial and forensic analysis of: financial statements and tax returns; general ledgers and other original books of entry; relevant contracts and agreements; and industry data.

Representative assignments on which he has worked include:

- Acquisition Disputes
- Antitrust Matters
- Bankruptcy and Troubled Company Issues
- Business Interruptions
- Construction Defaults and Delays
- Directors' and Officers' Liability
- Economic Damages (lost profits)
- Fidelity and Surety Losses

- Fraud Investigations
- Healthcare Fraud and Abuse
- Intellectual Property Infringements
- Lost Earnings Capacity Analysis
- Partnership Disputes
- Products Liability
- Professional Liability
- Wrongful Termination

## ASSOCIATIONS:

AICPA – Forensic and Litigation Services Committee (2002, 2003, 2004)
AICPA – Steering Committee, National Conference on Advance Litigation Services and Fraud (2003, 2004), Chairperson - 2004
American Bar Association - Tort and Insurance Practice Section
American Bar Association - Intellectual Property Section, Special Committee on Patent Experts (Committee 655)
Licensing Executives Society
American and Pennsylvania Institutes of Certified Public Accountants (PICPA)
Former Chairman, PICPA Committee on the Construction Industry
Association of Certified Fraud Examiners
National Bond Claims Association
Surety Claims Institute

## EDUCATION:

Mr. Newman has a B.S. in Accounting from Pennsylvania State University (1980) and a Master of Business Administration Economics/Finance from West Chester University (1992). His education has been supplemented by various continuing education courses offered by a variety of professional organizations. He has spoken before professional and educational groups on various aspects of financial analysis, litigation consulting, fraud investigations and economic damages.

License/Certifications:    Certified Public Accountant in Pennsylvania
                            Certified Fraud Examiner

**Glenn Newman, CPA**
Rule 26 Disclosure – Testimony

| Date | Jurisdiction | Type | Matter |
|------|-------------|------|--------|
| 2004 | United Stated District Court Northern District of Texas | Deposition | Genlyte Thomas Group, L.L.C. v. Lutron Electronics Co., Inc. |
| 2004 | United States District Court Southern District of Florida | Trial | Sunbeam Products, Inc. v. Global-Tech Appliances, Inc. and Pentalpha Enterprises, Ltd. |
| 2003 | United States District Court Eastern District of Pennsylvania | Deposition | Capital Funding VI, LP v. Chase Manhattan Bank USA, National Association |
| 2003 | United States District Court Southern District of Florida | Deposition | Sunbeam Products, Inc. v. Global-Tech Appliances, Inc. and Pentalpha Enterprises, Ltd. |
| 2003 | United States District Court Northern District of Ohio | Deposition | Interlott Technologies, Inc. v. Pollard Banknote Limited, and Pollard (U.S.) Ltd. |
| 2003 | United States District Court Eastern District of Pennsylvania | Deposition | Carol B. Laurenzano v. Lehigh Valley Hospital, Inc. |
| 2003 | Court of Common Pleas, Chester County, Pennsylvania | Hearing | Howard v. Anderson |
| 2003 | American Arbitration Association Dallas, Texas | Deposition | MessagePhone, Inc. v. MCI Worldcom Network Services, Inc. |
| 2003 | United States District Court Western District of Pennsylvania | Deposition | Medrad, Inc. v. Tyco Healthcare Group, LP, Mallinckrodt, Inc. Liebel-Flarsheim and Nemoto Kyorindo Co., Ltd. |
| 2002 | United States District Court District of Colorado | Deposition | Wood Logic, Inc. v. Lehigh Consumer Products Corporation |
| 2002 | Court of Common Pleas Montgomery County, Pennsylvania | Trial | Rinaldi v. Lower Providence Township Municipal Authority, et al. |

**Glenn Newman, CPA**
Rule 26 Disclosure – Testimony

| Date | Jurisdiction | Type | Matter |
|------|-------------|------|--------|
| 2002 | United States District Court Southern District of Ohio | Trial | Liebel-Flarsheim Company v. Medrad, Inc. |
| 2002 | United States Circuit Court Baltimore City, Maryland | Deposition | The Burns & Russell Company of Baltimore City v. Reichhold Chemicals, Inc. |
| 2002 | United States District Court Eastern District of New York | Deposition | Michael Matnick v. Hennessy Industries, Inc. |
| 2002 | United States District Court Eastern District of Pennsylvania | Deposition | Valitek, Inc. v. Iomega Corporation |
| 2001 | United States District Court Eastern District of Pennsylvania | Trial/Deposition | Larry R. Moore v. Kulicke & Soffa Industries, Inc. |
| 2001 | United States District Court Eastern District of Pennsylvania | Deposition | Rohm and Haas Company v. Acti-Chem Specialties, Inc. |
| 2001 | United States District Court Southern District of New York | Deposition | Scanner Technologies Corporation v. ICOS Vision Systems Corporation, N.V. |
| 2001 | United States District Court Northern District of Ohio | Trial/ Deposition | Heidtman Steel Products, Inc. v. Compuware Corporation |
| 2001 | United States District Court Northern District of Illinois | Trial | Marobie-FL, Inc., v. National Association of Fire Equipment Distributors, et al. |
| 2001 | United States District Court Eastern District of Pennsylvania | Deposition | Philadelphia Cervical Collar v. Jerome Medical |
| 2001 | United States District Court Southern District of Ohio | Deposition | Liebel-Flarsheim Company v. Medrad, Inc. |

**Glenn Newman, CPA**
Rule 26 Disclosure - Testimony

| _Date_ | _Jurisdiction_ | _Type_ | _Matter_ |
|---|---|---|---|
| 2001 | American Arbitration Association New Haven, Connecticut | Arbitration | Berlin Steel Construction Company v. Sordoni Skanska |
| 2000 | United States District Court Northern District of Illinois | Deposition | Syndia Corp., et al., v. Lemelson Medical, Education and Research Foundation, LP, et al. |
| 2000 | United States District Court Eastern District of Pennsylvania | Deposition | James L. Flaherty v. M. A. Bruder & Sons, Inc. |
| 2000 | United States District Court Eastern District of Pennsylvania | Deposition | Lannett Company, Inc. v. Arenol Corporation, Inc., et al. |
| 2000 | Court of Common Pleas Chester County, Pennsylvania | Trial | New Knight, Inc. v. DKW Corporation and Frank G. Wilson |

## Glenn Newman, CPA
### Rule 26 Disclosure - Publications

| *Date* | *Publication* | *Title* |
|--------|---------------|---------|
| 2004 | CPA Consultant | *You Can't See the Future by Looking Backward* |
| 2003 | AICPA National Conference on Advance Litigation Services | *The Power of Depositions (Co-author)* |
| 2002 | Lorman-Educational Seminars Penna. Construction Issues | *Design Deficiencies – At What Cost?* |
| 2001 | Penna. Construction Issues | *A Claim in the Life of a Surety Person* |
| 2000 | Penna. Construction Issues | *Claim Analysis, Preparation and Presentation* |
| 2000 | Pennsylvania Bar Institute | *Forensic Accounting – Help When Litigation Threatens* |
| 1999 | Philadelphia Small Business Journal | *Financial Sleuths* |
| 1999 | Insurance Society of Philadelphia | *Use of Financial Statements in the Litigation Process* |
| 1997 | National Bond Claims Annual Meeting | *Sorting through Financial Dreams, Myths and Assorted Fables and Still Getting the Principal's Cooperation* |
| 1996 | The Kronman Letter | *Negotiating a Relet* |
| 1995 | American Law Institute - American Bar Association | *Walking the Line Between Reasonable and Speculative Damages* |
| 1994 | Penna. Institute of CPAs | *CPA's Role in Litigation Services* |

# PARENTE RANDOLPH

*The Power of Ideas*

**JAMES O'BRIEN, CPA**
**MANAGER**

### EMPLOYMENT/EXPERIENCE:

Mr. O'Brien has provided a variety of financial consulting and accounting services to attorneys, insurance companies, governmental agencies and public and private corporations since 1990.

Prior to joining Parente Randolph, he spent approximately eleven years with national and regional accounting firms. He specializes in providing financial consulting analyses related to matters in dispute. Specifically, the majority of the analyses performed involve litigation and/or insurance claims matters.

Responsibilities are carried out through financial and forensic analysis of: financial statements and tax returns; general ledgers and other original books of entry; relevant contracts and agreements; and industry data.

Representative assignments on which he has worked include:

- Purchase Price Disputes
- Bankruptcy and Troubled Company Issues
- Business Interruptions
- Economic Damages (lost profits)
- Construction Claims
- Products Liability Claims

- Fraud Investigations
- Healthcare Fraud and Abuse
- Intellectual Property Infringements
- Lost Earnings Capacity Analysis
- Personal Injury
- Fidelity and Surety Losses

### EDUCATION:

Mr. O'Brien has a B.S. in Accounting from York College of Pennsylvania (1989) His education has been supplemented by various continuing education courses offered by a variety of professional organizations. He has spoken before professional and educational groups on various aspects of financial analysis, litigation consulting, fraud investigations and economic damages.

Licenses:    Certified Public Accountant in Pennsylvania

### ASSOCIATIONS:

American (AICPA) and Pennsylvania Institutes of Certified Public Accountants (PICPA)

# EXHIBIT B

EXHIBIT B

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

**Documents Considered:**

| Bates Range | | Description |
|---|---|---|
| | | **General** |
| | | Complaint dated November 9, 2001 |
| | | Patient Financing Agreement dated October 17, 1999 between Mercy Health System and CSI Financial, Inc |
| CSI 1416 | CSI 1417 | Assignment of Accounts Receivable agreement |
| | | |
| | | **Depositions** |
| | | William Partain - October 1, 2003 |
| | | Kenneth Kaiser - October 8, 2003 |
| | | Scott Lenaburg - October 9, 2003 |
| | | Douglas Smith - October 14, 2003 |
| | | Joseph Bradley - October 15, 2003 |
| | | Russ Erdman- October 17, 2003 |
| | | Michael Glitz - July 7, 2004 |
| | | Robert Jaeb - July 12, 2004 |
| | | Tami Lamping - July 13, 2004 |
| | | Peter Parsons - July 13, 2004 |
| | | Robert Jaeb - July 13, 2004 |
| | | Neysha Ann Humphreys - July 14, 2004 |
| | | Cindy Dorr - July 15, 2004 |
| | | Robert Logsdon - July 28, 2004 |
| | | |
| | | **Mercy Documents** |
| 006075 | 006090 | Erdman 14 - Bank Statements |
| | | PNC Business Account 86-1133-6132 Statement 11/01/99-11/30/99 |
| | | PNC Business Account 86-1133-6132 Statement 12/01/99-12/30/99 |
| | | PNC Business Account 86-1133-6132 Statement 2/01/00-2/29/00 |
| | | PNC Business Account 86-1133-6132 Statement 4/01/00-4/30/00 |
| | | PNC Business Account 86-1133-6132 Statement 1/01/01-1/31/01 |
| | | PNC Business Account 86-1282-1594 Statement 11/01/99-11/30/99 |
| | | PNC Business Account 86-1282-1594 Statement 12/01/99-12/30/99 |
| | | PNC Business Account 86-1282-1594 Statement 2/01/00-2/29/00 |
| | | PNC Business Account 86-1282-1594 Statement 4/01/00-4/30/00 |
| | | PNC Business Account 86-1282-1607 Statement 9/01/00-9/30/00 |
| | | PNC Pinacle Previous Day Detail Report 11/4/99 |
| | | PNC Pinacle Previous Day Detail Report 11/24/99 |
| | | PNC Pinacle Previous Day Detail Report 11/22/99 |
| | | PNC Pinacle Previous Day Detail Report 12/17/99 |
| | | PNC Pinacle Previous Day Detail Report 12/23/99 |
| | | PNC Pinacle Previous Day Detail Report 2/2/00 |
| | | PNC Pinacle Previous Day Detail Report 2/14/00 |
| | | PNC Pinacle Previous Day Detail Report 2/17/00 |
| | | PNC Pinacle Previous Day Detail Report 4/26/00 |
| 006104 | 006118 | Copies of checks from Mercy payable to CSI. |
| | | Mercy PNC Bank Check # 234938-1/05/00 |
| | | Mercy PNC Bank Check # 239888-3/31/00 |
| | | Mercy PNC Bank Check # 240051-4/06/00 |
| | | Mercy PNC Bank Check # 244504-6/21/00 |
| | | Mercy PNC Bank Check # 250130-9/20/00 |
| | | Mercy PNC Bank Check # 254678-12/06/00 |
| | | Mercy PNC Bank Check # 272234-9/12/01 |
| | | Mercy's electronic file naming convention. |
| | | Excerpts from www.mercyhealth.org. |

EXHIBIT B

### Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
### and
### First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

**Documents Considered:**

| Bates Range | | Description |
|---|---|---|
| | | **CSI Documents** |
| CSI 1 | CSI 1415 | Various CSI emails |
| CSI 1416 | CSI 1417 | Assignment of Accounts Receivable |
| CSI 1418 | CSI 1418 | Patient Financing Agreement |
| CSI 1423 | CSI 1424 | Mercy web printout |
| CSI 1425 | CSI 2138 | Various CSI emails |
| CSI 2139 | CSI 2925 | Various Recourse, Return, and Buyback reports and related correspondence. |
| | | CSI overview of the CSI Financial Fast Trac program, including exhibits. |
| | | Excerpts from www.csifinancial.com. |
| | | |
| | | **First National Bank of Montana Documents** |
| FNBM 001051 | FNBM 001065 | E-mail corr: Ken Kaiser, Robert Jaeb, Bill Partain about note and line of credit btwn CSI and FNBM |
| FNBM 001051B | FNBM 001065B | Summary & Aged Receivables - June 30, 2001- Nov. 30, 2001 |
| FNBM 001066 | FNBM 001088 | Summary & Aged Receivables - Dec 31, 2001 to Apr. 30, 2002 |
| FNBM 001089 | FNBM 001115 | Mercy Recourse & Returns |
| FNBM 001116 | FNBM 001124 | Mercy Recoursed Accounts - Detail |
| FNBM 001125 | FNBM 001128 | Mercy Paid to Client Summary & Detail - Dec. 30, 2002 |
| FNBM 001129 | FNBM 001192 | C&I Aging Report by Customer - Mercy |
| FNBM 001193 | | Mercy Returns January 2003 |
| FNBM 001194 | FNBM 001227 | Mercy Recourse - January 2003 - August 2003 |
| FNBM 001228 | FNBM 001229 | Paid to Client August 2003 & September 1, 2003 Recourse Billing Report Mercy Hospital Philadelphia |
| FNBM 001230 | FNBM 001242 | CSI Outstanding Recourse - Mercy 9/27/01 |
| FNBM 001243 | FNBM 001309 | Mercy transfers of funds and offsets - First National Bank of Montana |
| FNBM 001310 | FNBM 001375 | E-mail correspondence from Cindy Orr (CSI) to Robert Jaeb (CSI), RE: Mercy Recourse Files |
| FNBM 001376 | | Aged Receivables - Alston - Teal |
| FNBM 001377 | FNBM 001406 | Letters to FNBM BoD &CSI from Neysha Humphreys (FNBM) and Emails - Error Resolution Procedures |
| FNBM 001407 | FNBM 001418 | CSI Aged Receivables Schedule for Mercy |
| FNBM 001419 | FNBM 001421 | E-mail corr: Neysha Humphreys (FNBM), Bill Partain (FNBM), Bob Jaeb (CSI) - CSI Chargeback Process |
| FNBM 001422 | FNBM 001469 | Letters and E-mail corr. between Humphreys and John Cameron (CSI) - Error Resolution Procedures |
| FNBM 001470 | FNBM 001480 | 2 Mercy Bills protested by patients |
| FNBM 001481 | FNBM 001498 | Mercy Chargebacks Outstanding 3/15/02 & 3/05/02 |
| FNBM 001499 | | Aged Receivables - Alston - Teal Updated 10/4/01 |
| FNBM 001500 | FNBM 001664 | Recourse Billing Report Mercy Community Hospital - Summary & Detail |
| FNBM 001665 | FNBM 001694 | Recourse Reconciliation Report |
| FNBM 001695 | FNBM 001698 | Mercy Chargebacks - Summary, Outstanding, & Reconciled |
| FNBM 001699 | FNBM 001730 | Active Aging Report - Summary Page - Client # 100086, 100087, 100089 |
| FNBM 001731 | FNBM 001804 | Aging Accounts Receivables - Client # 100086, 100087, 100089 |
| FNBM 001805 | FNBM 001894 | E-mail corr: Humphreys, Partain, Kaiser, Jaeb w/ attached: Summary and detail of Mercy/CSI accounts |
| FNBM 001895 | FNBM 001930 | E-mail from Rob Logsdon (CSI):Partain,Crooks,Thompson,Frohlich,Utterback w/ 2 attached: Mercy A/R detail |
| FNBM 001979 | FNBM 002001 | E-mail corr: Crooks, Partain, Utterback about CSI Wire 2/18/03 |
| FNBM 002002 | FNBM 002039 | E-mail corr: Utterback, Partian, Kaiser, Crooks concerning CSI accounting and Mercy recourse and line of credit |
| FNBM 002040 | FNBM 002056 | First National Bank of Montana Board Meeting Minutes |
| FNBM 002057 | FNBM 002061 | E-mail corr: Partain, Kaiser, Humphreys about CSI managed accounts |
| FNBM 002062 | FNBM 002063 | Loan Request Form - First National Bank of Montana |
| FNBM 002064 | FNBM 002070 | Fax cover sheets and handwritten calendar entries and phone messages |
| FNBM 002071 | FNBM 002076 | CSI/First National Bank of Montana Agreements |
| FNBM 002077 | FNBM 002078 | E-mail from Kaiser to Partain and Johanson about CSI chargebacks  w/ handwritten notes |
| FNBM 002079 | FNBM 002080 | E-mail from Linda Maness (CSI) to Crooks w/ Mercy Recourse 9/1/03 attachment |
| FNBM 002081 | FNBM 002095 | FNBM Monthly Reports for CSI from 1/02 to 4/03 |
| FNBM 002096 | FNBM 002155 | FNBM Consolidated Reserve for Loan Losses and Allowance Calculation for CSI - 1/01-8/03 |
| FNBM 009160 | FNBM 009166 | Neysha Humphreys Audit Documentation |
| FNBM 009233 | FNBM 009235 | Neysha Humphreys Audit Documentation |
| FNBM 009167 | FNBM 009232 | Neysha Humphreys Audit Documentation |
| FNBM 009236 | FNBM 009609 | Neysha Humphreys Audit Documentation |

MICROFILM:
    FNBM Dec. 2001-Jan 2002 297501-Balancing, 40-Dec (01) Reports, 237-Jan (02) Reports
    FNBM CSI Jan. 2002 Pmts., Jan. CSI Daily PMTS

EXHIBIT B

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.

and

First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

Documents Considered:

**Bates Range**          **Description**

FNBM April-June 01 Reports, 20 April 01 150701, June 01 297501
FNBM 2nd 1/4 QRT 2000 CSI Reports, 40 Apr. 00 Daily Cash Reports, 362-ACCT. Adj. Reg.
FNBM 70 10/00 Pmt Stubs CSI Reports 2000, 40 Jan 00 Pmt Stubs, 186-Nov. 00-Pmt Stubs 11/1-11/27
FNBM 3rd 1/4 2000 CSI Reports, 40-July 00-Pmt Stubs, 430 Sept. 00-Lone Acct Recone 150701 acct adj. Re
FNBM CSI Reports Oct-Nov. 2001, 40-Oct. 01 Reports, 224-Nov. 01 Reports
FNBM CSI-Reports July, Aug, Sept, 2001, 40-July 01 Reports, 340-Sept. 01 Reports
FNBM Feb. 2001 CSI Reports, Feb. 0-Pmt Stubs, CSI Lone Acct Bal 150701
FNBM Feb. March 02 Reports, 40-Feb. 02 Reports, 230-March 02 Reports
FNBM 1999 4th Qtr.. CSI 1999, 40 Oct. 99 Pmt Stubs 297501, 415
FNBM CSI 2000 1st 1/4 CSI Reports 2000, 40 Jan oo Pmt Stubs, 413 Mar. 00 Loan Acct Rec. 150701
FNBM No. Dec. 2000 CSI Reports, 20-Nov. 00-Pmt Stubs 11/27, 220-Dec. 00 1507 Bal./Ad.
FNBM Jan. 2001, 0 Pmt Stubs. Jan. 01, 194

Electronic Data Files
mercy acct file II.xls
mercy note file.txt
mercy payment file.txt
Payment and not file description.doc
010603 Recourse Billing Report.msg
012004 Recourse Billing Report.msg
012004 Recourse Billing Report-updated.msg
031703 Recourse Billing Report (2).msg
031703 Recourse Billing Report.msg
060203 Recourse Billing Report.msg
072103 Recourse Billing Report.msg
080502 Recourse Billing Report.msg
091602 Recourse Billing Report.msg
092402 Recourse Biling Report Community and 091602 Recourse Billing Report Fitzgerald.msg
092402 Return and Recourse Billing.msg
100102 Recourse Billing Report.msg
101303 Recourse Billing Report.msg
10-7-02 Recourse Billing Update.msg
1-10-02 Recourse Billing.msg
110303 Recourse Billing Report.msg
1-11-02 Return Billing.msg
1-11-02 Return report revised.msg
11-11-02 recourse billing.msg
1-15-02 Recourse Billing.msg
1-15-02 Return Report.msg
12-17-02 Return Reports.msg
12-26-021 Recourse Billing.msg
12-27-01 Returns.msg
1-22-02 Recourse Billing.msg
     1-22-02.xls
     1-10-02.xls
     12-12-01.xls
1-28-02 Return Billing.msg
1-29-02 recourse billing update.msg
1-29-02 Recourse Billing.msg
2-11-02 Recourse billing.msg
2-18-02 recourse billing.msg
2-24-03 recourse billing.msg
2-25-02 Return billing and 2-26-02 Recourse billing.msg
2-4-02 Return Billing.msg
2-5-02 Recourse billing.msg
3-18-02 recourse billing.msg
3-4-02 recourse billings.msg
4-15-02 recourse billing.msg

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

Documents Considered:

| Bates Range | Description |
|---|---|
| | 4-22-02 recourse billing.msg |
| | 4-29-02 recourse billing.msg |
| | 4-5-02 recourse.msg |
| | 4-7-03 recourse billing.msg |
| | 4-8-02 recourse.msg |
| | 5-13-02 Recourse Billing Report.msg |
| | 52002 Recourse Billing Report.msg |
| | 5-28-02 recourse and return billings.msg |
| | 5-6-02 Recourse Billing.msg |
| | 61002 Recourse Billing Report.msg |
| | 6-17-02 recourse billing.msg |
| | 7-22-02 recourse billings.msg |
| | 7-30-02 recourse billings.msg |
| | 7-8-02 recourse and return billings.msg |
| | 81302 Recourse Billing Reports.msg |
| | 8-20-02 recourse billing.msg |
| | 8-27-02 recourse billing.msg |
| | 8-5-02 recourse billing.msg |
| | 8DA3A100 |
| | C012600.txt |
| | C020100.dbf |
| | C020100.mdb |
| | C12-13-99.txt |
| | Cancel Recourse.msg |
| | CB010300.txt |
| | CB010700.txt |
| | CB012400.txt |
| | CB0221.txt |
| | CB12-14-99.txt |
| | Cb121599.dbf |
| | CB122699.txt |
| | Comm Recourse.mdb |
| | Corrected 7-30-02 recourse billing.msg |
| | Cp011100.dbf |
| | CP011100.xls |
| | Cp020200.dbf |
| | CP020200.xls |
| | Cp020300.dbf |
| | CP020300.xls |
| | CR013100.dbf |
| | CR013100.xls |
| | CR101200.dbf |
| | Cr120999.dbf |
| | CSI Flow SMS.xls |
| | CSI Recourse.xls |
| | F012201.txt |
| | F012600.txt |
| | F020100.dbf |
| | F020100.mdb |
| | F031601.txt |
| | F041400.txt |
| | F042301.txt |
| | F051600.txt |
| | F080801.txt |
| | F081800.txt |
| | F082301.txt |
| | F090701.txt |
| | F100201.txt |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

Documents Considered:

| Bates Range | Description |
| --- | --- |
| | F100300.txt |
| | f112400.txt |
| | F112400.txt |
| | F12-15-99.txt |
| | F5540221.txt |
| | Fb010300.txt |
| | Fb010700.txt |
| | FB012200.txt |
| | FB012400.txt |
| | FB0221.txt |
| | FB10300.txt |
| | FB10700.txt |
| | FB12-14-99.txt |
| | Fb121599.dbf |
| | FB122699.txt |
| | Fc032801.dbf |
| | Fitz Recourse.mdb |
| | Fitz10-26-99.mdb |
| | Fitz10-26-99.txt |
| | Fitz10-26-991.mdb |
| | Fitz11-19-99.txt |
| | Fp011100.dbf |
| | fp012102.txt |
| | fp012201.txt |
| | fp022802.txt |
| | Fp030700.dbf |
| | Fp030900.dbf |
| | Fp031601.dbf |
| | fp031601.txt |
| | fp031601.txt |
| | fp040402.txt |
| | fp042301.txt |
| | Fp051600.txt |
| | fp062200.txt |
| | FP070400.txt |
| | fp070500.txt |
| | fp080801.txt |
| | fp081800.txt |
| | fp082301.txt |
| | fp090701.txt |
| | fp100201.txt |
| | fp100300.txt |
| | fp103001.txt |
| | fp112400.txt |
| | fp120101.txt |
| | Fpc04260.dbf |
| | Fpc04270.dbf |
| | Fpc05250.dbf |
| | Fpc070400.dbf |
| | Fpc070400.xls |
| | Fpc08080.dbf |
| | Fpc08080updated.txt |
| | Fpc08080updated.xls |
| | Fpc081800.dbf |
| | Fpc081800.xls |
| | Fpc08230.dbf |
| | Fpc09070.dbf |
| | Fpc090700.dbf |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

Documents Considered:

| Bates Range | Description |
| --- | --- |
| | Fpc090700.xls |
| | Fpc10020.dbf |
| | Fpc100300.dbf |
| | Fpc100300.xls |
| | Fr011300 (2).dbf |
| | Fr011300.dbf |
| | fr012102.txt |
| | fr012201.txt |
| | Fr013100.dbf |
| | FR020100.dbf |
| | Fr020100.mdb |
| | Fr021500.dbf |
| | fr022802.txt |
| | Fr031601.dbf |
| | fr031601.txt |
| | fr042301.txt |
| | Fr051600.txt |
| | fr051702.txt |
| | fr062200.txt |
| | FR070400.txt |
| | fr070500.txt |
| | fr080801.txt |
| | fr081800.txt |
| | fr082301.txt |
| | fr090701.txt |
| | fr100201.txt |
| | fr100300.txt |
| | Fr101200.dbf |
| | FR101200.xls |
| | fr103001.txt |
| | fr112400.txt |
| | fr120101.txt |
| | Fr12099.dbf |
| | fr12-14-99.txt |
| | Frc03220.dbf |
| | Frc03280.dbf |
| | Frc032801.dbf |
| | Frc04170.dbf |
| | Frc04270.dbf |
| | FRC0711.dbf |
| | frc0810.DBF |
| | frc0810.xls |
| | Frc10120.dbf |
| | Frc1221.dbf |
| | Frm04270.dbf |
| | Frm070400.dbf |
| | Frm070400.xls |
| | Frm08080.dbf |
| | Frm08080.mdb |
| | Frm080801.mdb |
| | Frm081800.dbf |
| | Frm081800.xls |
| | Frm08230.dbf |
| | Frm09070(2).dbf |
| | Frm090800.dbf |
| | Frm090800.xls |
| | Frm10020.dbf |
| | Frm100300.dbf |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

Documents Considered:

| Bates Range | Description |
|---|---|
| | Frm100300.xls |
| | Frm10040.dbf |
| | Frm10090.dbf |
| | Fw 081103 Recourse Billing Report.msg |
| | HAV11-16-99.txt |
| | m012201.txt |
| | M031601.txt |
| | M041400.txt |
| | M042301.txt |
| | M051600.txt |
| | M080801.txt |
| | M081800.txt |
| | M082301.txt |
| | M090701.txt |
| | M100201.txt |
| | M100300.txt |
| | m112400.txt |
| | M5540221.txt |
| | MB0221.txt |
| | MB12-14-99.txt |
| | Mc032801.dbf |
| | MHOP Recourse.mdb |
| | MHOP10-26-99.txt |
| | MHOP11-19-99.txt |
| | mp012102.txt |
| | mp012201.txt |
| | mp022802.txt |
| | Mp031601.dbf |
| | mp031601.txt |
| | mp040402.txt |
| | mp042301.txt |
| | mp042301.txt |
| | Mp051600.txt |
| | mp062200.txt |
| | MP070400.txt |
| | mp070500.txt |
| | mp080801.txt |
| | mp081800.txt |
| | mp082301.txt |
| | mp090701.txt |
| | Mp090701.txt |
| | mp100201.txt |
| | mp100300.txt |
| | mp103001.txt |
| | mp112400.txt |
| | mp120101.txt |
| | Mpc03220.dbf |
| | Mpc04270.dbf |
| | Mpc05250.dbf |
| | Mpc070400.dbf |
| | Mpc070400.xls |
| | Mpc08080.dbf |
| | Mpc08080.mdb |
| | Mpc081800.dbf |
| | Mpc081800.xls |
| | Mpc08230.dbf |
| | Mpc09070.dbf |
| | Mpc090700.dbf |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.

and

First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

<u>Documents Considered:</u>

| <u>Bates Range</u> | <u>Description</u> |
|---|---|
| | Mpc090700.xls |
| | Mpc10020.dbf |
| | Mpc10020.mdb |
| | Mpc100300.dbf |
| | Mpc100300.xls |
| | mr012102.txt |
| | mr012201.txt |
| | mr022802.txt |
| | Mr031601.dbf |
| | mr031601.txt |
| | mr042301.txt |
| | Mr051600.txt |
| | mr051702.txt |
| | mr062200.txt |
| | MR070400.txt |
| | mr070500.txt |
| | mr080801.txt |
| | mr081800.txt |
| | mr082301.txt |
| | mr090701.txt |
| | mr100201.txt |
| | mr100300.txt |
| | Mr103001.txt |
| | mr112400.txt |
| | mr120101.txt |
| | Mrc032801.dbf |
| | Mrc032801.xls |
| | Mrc04120.dbf |
| | Mrc04170.dbf |
| | Mrc04250.dbf |
| | Mrc04260.dbf |
| | Mrc04260.xls |
| | Mrc04260.xls |
| | MRC0711.dbf |
| | mrc0810.DBF |
| | mrc0810.xls |
| | Mrc10120.dbf |
| | Mrm04270.dbf |
| | Mrm070400.dbf |
| | Mrm070400.xls |
| | Mrm08080.dbf |
| | Mrm081800.dbf |
| | Mrm081800.xls |
| | Mrm08230.dbf |
| | Mrm09070.dbf |
| | Mrm090800.dbf |
| | Mrm090800.xls |
| | Mrm10020.dbf |
| | Mrm100300.dbf |
| | Mrm100300.xls |
| | Mrm10040.dbf |
| | Mrm10090.dbf |
| | New address.msg |
| | P012600.txt |
| | P121399.txt |
| | P12-13-99.txt |
| | PB010300.txt |
| | PB012200.txt |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.

and

First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

<u>Documents Considered:</u>

| <u>Bates Range</u> | <u>Description</u> |
|---|---|
| | PB012400.txt |
| | Pb121599.dbf |
| | PB126699.txt |
| | PB554011800.txt |
| | PBP011800.txt |
| | Pp011100.dbf |
| | Pp011100dbf |
| | Pr010300.dbf |
| | Pr021300.dbf |
| | Pr021300.mdb |
| | Pr021400.dbf |
| | Pr101200.dbf |
| | Pr120999.dbf |
| | Read 7-30-02 recourse billing.msg |
| | Recourse and Return Billings for 3-12-02.msg |
| | recourse bill for 10-20-03.msg |
| | recourse bill for 11-10-03.msg |
| | recourse bill for 4-26-04 |
| | recourse bill for 9-1-03.msg |
| | recourse bill for 9-15-03.msg |
| | recourse billing for 10-28-02.msg |
| | recourse billing for 10-7-02.msg |
| | recourse billing for 1-13-03.msg |
| | recourse billing for 11-4-02.msg |
| | recourse billing for 12-2-03.msg |
| | recourse billing for 12-30-03.msg |
| | recourse billing for 1-27-03.msg |
| | Recourse Billing for 6-16-03.msg |
| | update to 4-5-02 recourse.msg |
| | Updated 1-22-02 recourse billing.msg |
| | updated 2-11-02 |
| | updated 4-5-02 and 4-8-02 recourse.msg |
| | V00201.txt |
| | v012201.txt |
| | v031601.txt |
| | V041400.txt |
| | V042301.txt |
| | V051600.txt |
| | V080801.txt |
| | V081800.txt |
| | V082301.txt |
| | V090701.txt |
| | V100201 |
| | V100300.txt |
| | v112400.txt |
| | Vc032801.dbf |
| | vp012102.txt |
| | vp012201.txt |
| | vp022802.txt |
| | Vp031601.dbf |
| | vp031601.txt |
| | vp042301.txt |
| | Vp051600.txt |
| | vp051702.txt |
| | Vp052300.dbf |
| | vp062200.txt |
| | VP070400.txt |
| | vp070500.txt |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

**Documents Considered:**

| Bates Range | Description |
|---|---|
| | vp0802301.txt |
| | vp080801.txt |
| | vp081800.txt |
| | Vp082301.txt |
| | vp090701.txt |
| | vp100201.txt |
| | vp100300.txt |
| | vp103001.txt |
| | vp112400.txt |
| | vp120101.txt |
| | Vpc03170.dbf |
| | Vpc0322.dbf |
| | Vpc03220.mdb |
| | Vpc04270.dbf |
| | Vpc05250.dbf |
| | Vpc070400.dbf |
| | Vpc070400.xls |
| | Vpc08080.dbf |
| | Vpc08230.dbf |
| | Vpc09070.dbf |
| | Vpc10020.dbf |
| | Vpc100300.dbf |
| | Vpc100300.xls |
| | vr012102.txt |
| | vr012201.txt |
| | Vr031601.dbf |
| | vr031601.txt |
| | Vr032000.dbf |
| | vr040402.txt |
| | vr042301.txt |
| | Vr051600.txt |
| | vr051702.txt |
| | Vr052300.dbf |
| | vr062200.txt |
| | VR070400.txt |
| | vr070500.txt |
| | vr080801.txt |
| | vr081800.txt |
| | vr082301.txt |
| | vr090701.txt |
| | vr100201.txt |
| | vr100300.txt |
| | vr103001.txt |
| | vrl112400.txt |
| | vr120101.txt |
| | Vrc030~1.dbf |
| | Vrc03210.dbf |
| | Vrc032801.dbf |
| | Vrc032801.xls |
| | VRC0711.dbf |
| | vrc0810.DBF |
| | vrc0810.xls |
| | Vrc10120.dbf |
| | Vrc10120.mdb |
| | Vrm04270.dbf |
| | Vrm070400.dbf |
| | Vrm070400.xls |
| | Vrm08080.dbf |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.

and

First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

<u>Documents Considered:</u>

| <u>Bates Range</u> | <u>Description</u> |
|---|---|
| | Vrm08230.dbf |
| | Vrm09070.dbf |
| | Vrm090800.dbf |
| | Vrm090800.xls |
| | Vrm10020.dbf |
| | Vrm100300.dbf |
| | Vrm100300.xls |
| | Vrm10040.dbf |
| | Vrm10090.dbf |

EXHIBIT C

EXHIBIT C

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

## Life Cycle of Accounts



# EXHIBIT D



FNBM 001408

# EXHIBIT E

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

Mercy #31428618 / CSI #100964010
Excerpt from "mercy payment file.txt"

```
100964010  1  100086  20000224  45I    -8.22
100964010  2  100086  20000224  461   -10.00
100964010  3  100086  20000324  45I    -9.93
100964010  4  100086  20000324  461   -10.00
100964010  5  100086  20000424  45I   -10.62
100964010  6  100086  20000424  461   -10.00
100964010  7  100086  20000524  45I   -10.28
100964010  8  100086  20000626  45I   -11.30
100964010  9  100086  20000724  45I    -9.59
100964010 10  100086  20000824  45I   -10.62
100964010 11  100086  20000925  45I   -10.96
100964010 12  100086  20001024  45I    -9.93
100964010 13  100086  20001124  45I   -10.62
100964010 14  100086  20001130  441    30.00
100964010 15  100086  20001130  1P    766.76
100964010 16  100086  20010309  45I     -.83
100964010 17  100086  20010315  45I     -.83
100964010 18  100086  20010319  45I    -1.58
100964010 19  100086  20010324  1I     105.31
100964010 20  100086  20010324  1P      66.67
```

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #31428618 / CSI #100964010**
**Excerpt from "mercy note file.txt"**

```
100964010  4   131   0 cnCSIF BATCH #: 20101310    0
100964010  5   131   0 cn 1/31/00          0
100964010  6   301   0 cnMR WL CALL INSURANCE AND    0
100964010  7   301   0 cnSEE WHY THE          0
100964010  8   301   0 cnY DID NOT PAY AND THEN HE  0
100964010  9   301   0 cn WILL CLL U         0
100964010 10   301   0 cnS BACK          0
100964010 11  1206   0 cn0811/L10 -0131/L15 -0131/  0
100964010 12  1206   0 cn0224/C02 -0324/C03      0
100964010 13  1206   0 cn0418/L10 -         0
100964010 14    0   1 cnAT: 9 9 19 **AF-PHONE/REV  0
100964010 15    0   1 cnIEW ....P7:713        0
100964010 16    0   1 cn$  0.00 06  00055     0
100964010 17    0  1607 cnAT: 1 1 18 TALKED TO MR    0
100964010 18    0  1607 cn     C10        0
100964010 19    0  1607 cn$  0.00 25  00063    0
100964010 20    0  1409 cnAT: 1 1 07 ANS MACH      0
100964010 21    0  1409 cn$  0.00 25  00076    0
100964010 22    0   859 cnAT: 1 1 07 ANS MACH      0
100964010 23    0   859 cn$  0.00 25  00087    0
100964010 24    0  1031 cnAT: 1 1 07 LEFT MSG W/WOM  0
100964010 25    0  1031 cnAN          0
100964010 26    0  1031 cn$  0.00 25  00097     0
100964010 27    0   1 cnAT: 9 9 12 AF-2201F  0/03  0
100964010 28    0   1 cn/1   $871.58       0
100964010 29    0   1 cn$  0.00 RD  00101     0
100964010 30    0  1248 cnAT: 1 1 07 ANSW MACH     0
100964010 31    0  1248 cn$  0.00 25  00110    0
100964010 32    0  1248 cnAT: F 6 11 LH#10      0
100964010 33    0  1248 cn$  0.00 25  00124    0
100964010 34    0   1 cnAT: 9 9 12 AF-2201F  0/03  0
100964010 35    0   1 cn/1   $833.43      0
100964010 36    0   1 cn$  0.00 RR  00115    0
100964010 37    0  1052 cnAT: 9 9 19 PRINT OR RECOU  0
100964010 38    0  1052 cnRSE
100964010 39    0  1052 cn$  0.00 28  00136     0
100964010 40    0  1247 cnAT: 9 9 19 AWAITING RECOU  0
```

```
100964010 41    0 1247 cnRSE              0
100964010 42    0 1247 cn$  0.00 28  00167    0
100964010 43    0 1101 cnAT: 9 9 19 RECOURSE REQUE  0
100964010 44    0 1101 cnSTED             0
100964010 45    0 1101 cn$  0.00 NR         0
100964010 46  10130 2253QMASMART CODE SERIES STOPPED 950
100964010 47  10131   1LOGSMART CODE SERIES STOPPED 950
100964010 48  10201 2317LOGSMART CODE SERIES STOPPED 950
100964010 49  10202 2014LOGSMART CODE SERIES STOPPED 950
100964010 50  10205 2130QMASMART CODE SERIES STOPPED 950
100964010 51  10206 2131LOGSMART CODE SERIES STOPPED 950
100964010 52  10207 2351LOGSMART CODE SERIES STOPPED 950
100964010 53  10208 2143LOGSMART CODE SERIES STOPPED 950
100964010 54  10209 1730LOGSMART CODE SERIES STOPPED 950
100964010 55  10212 2144LOGSMART CODE SERIES STOPPED 950
100964010 56  10213 2343LOGSMART CODE SERIES STOPPED 950
100964010 57  10214 2143QMASMART CODE SERIES STOPPED 950
100964010 58  10215 2145LOGSMART CODE SERIES STOPPED 950
100964010 59  10216 1743LOGSMART CODE SERIES STOPPED 950
100964010 60  10219 2143QMASMART CODE SERIES STOPPED 950
100964010 61  10220 2145LOGSMART CODE SERIES STOPPED 950
100964010 62  10221 2143LOGSMART CODE SERIES STOPPED 950
100964010 63  10222 2145LOGSMART CODE SERIES STOPPED 950
100964010 64  10223 1844LOGSMART CODE SERIES STOPPED 950
100964010 65  10226 2146LOGSMART CODE SERIES STOPPED 950
100964010 66  10227 1539CDOClose Code - R        0
100964010 67  10227 1539CDOINVOICED RECOURSE     911
100964010 68  10227 1539***clx -      CDO s911-01 911
100964010 69  10227 2144LOGSMART CODE SERIES STOPPED 950
100964010 70  10228 2144QMASMART CODE SERIES STOPPED 950
100964010 71  10301 2144LOGSMART CODE SERIES STOPPED 950
100964010 72  10304 1822LOGCYCLED PAST DUE      950
100964010 73  10324 1556***Close Code - I  Payment 0
100964010 74  10324 1556***PAYMENT POSTED       0
100964010 75  10324 1556*PMPAYMENT POSTED      955
100964010 76  20307 1909LOGRECOURSE REQUESTED    951
```

10/12/00            Recourse Reconcilation Report *PR1D1200*    Page    1

Hospital ID:    *100086*  201   Mercy Philadelphia

| Acct# | Patient Name | SC | * | Original Debt | Current Debt | CSI | Hospital Amount |
|-------|--------------|----|----|---------------|--------------|-----|-----------------|
| 31428618 | | 665 | 168.74 | 833.43 | 933.99 | 167.23 | 766.76 |

**Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.**
**and**
**First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health**
**System of Southeastern Pennsylvania**

Mercy #34695015 / CSI #104960109
Excerpt from "mercy payment file.txt"

```
104960109  1  100087  19991201  45I   -6.78
104960109  2  100087  19991201  461  -10.00
104960109  3  100087  20000103  461   -6.99
104960109  4  100087  20000103  461  -10.00
104960109  5  100087  20000203  45I   -6.57
104960109  6  100087  20000203  461  -10.00
104960109  7  100087  20000301  45I   -5.72
104960109  8  100087  20000403  45I   -6.99
104960109  9  100087  20000501  45I   -5.93
104960109 10  100087  20000601  45I   -6.57
104960109 11  100087  20000703  45I   -6.78
104960109 12  100087  20000801  45I   -6.15
104960109 13  100087  20000901  45I   -6.57
104960109 14  100087  20001002  45I   -6.57
104960109 15  100087  20001101  45I   -6.36
104960109 16  100087  20001201  45I   -6.36
104960109 17  100087  20001215  421   30.00
104960109 18  100087  20001215  1P   474.44
104960109 19  100087  20010211  1I    84.34
104960109 20  100087  20010211  1P    41.26
```

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #34695015 / CSI #104960109**
**Excerpt from "mercy note file.txt"**

```
104960109   4  991029    0 cnCSIF BATCH #:  20210289    0
104960109   5  991029    0 cn10/28/99           0
104960109   6  113       0 cnMR TO PROVIDE HOSP WITH I  0
104960109   7  113       0 cnNSURANCE IN        0
104960109   8  113       0 cnFO AND WILL CALL US BACK   0
104960109   9  113       0 cnAND ADVISE         0
104960109  10  113       0 cnOF PATIENT ACCTS PERSON S  0
104960109  11  113       0 cnP0KE WITH A        0
104960109  12  113       0 cnND STATUS          0
104960109  13  208       0 cnWOMAN SAID NO ON HEAR BU   0
104960109  14  208       0 cnTHAT NAME A        0
104960109  15  208       0 cnND HUNG UP.        0
104960109  16  1206      0 cnSK:OA122099224 HAZEL AVE   0
104960109  17  1206      0 cnSK:00122099 FOLSOM PA 190  0
104960109  18  1206      0 cn33                 0
104960109  19  1206      0 cn0113/L10 -1030/L15 -1030/  0
104960109  20  1206      0 cn1201/C02 -0103/C03     0
104960109  21  1206      0 cn0125/L10 -         0
104960109  22  0       1 cnAT: 9 9 19 **AF-PHONE/REV  0
104960109  23  0       1 cnIEW ....P7:711      0
104960109  24  0       1 cn$   0.00 06  99335    0
104960109  25  0  1606 cnAT: 1 1 07 ANS MACH       0
104960109  26  0  1606 cn$   0.00 25  99350      0
104960109  27  0  1227 cnAT: 9 9 19 STMT RET W/NEW   0
104960109  28  0  1227 cn ADD RESENT
104960109  29  0  1227 cn$   0.00 25  99355      0
104960109  30  0  1343 cnAT: 1 1 07 LEFT MESSAGE W   0
104960109  31  0  1343 cnITH WOMAN           0
104960109  32  0  1343 cn$   0.00 25  00017      0
104960109  33  0  1457 cnAT: A 1 26 MR TO CALL HOS   0
104960109  34  0  1457 cnP C10              0
104960109  35  0  1457 cn$   0.00 25  00017      0
104960109  36  0       1 cnAT: 9 9 12 AF-2202F 99/30  0
104960109  37  0       1 cn/2   $549.47        0
104960109  38  0       1 cn$   0.00 RD  00017    0
104960109  39  0  1748 cnAT: 1 1 07 ANS MACH       0
104960109  40  0  1748 cn$   0.00 25  00026      0
```

```
104960109 41    0 1749 cnAT: F 6 11 LH#10        0
104960109 42    0 1749 cn$   0.00 28  00042      0
104960109 43    0   1 cnAT: 9 9 12 AF-2202F 99/30  0
104960109 44    0   1 cn/2   $515.70           0
104960109 45    0   1 cn$   0.00 RR  00034      0
104960109 46    0 650 cnAT: 1 1 14 TALKED TO WOMA  0
104960109 47    0 650 cnN C-10              0
104960109 48    0 650 cn$   0.00 25  00040      0
104960109 49    0 650 cnAT: 9 9 19 PRINTED 4 RECO  0
104960109 50    0 650 cnURSE               0
104960109 51    0 650 cn$   0.00 28  00046      0
104960109 52    0 1601 cnAT: 9 9 19 RECOURSE REQUE  0
104960109 53    0 1601 cnSTED             0
104960109 54    0 1601 cn$   0.00 NR        0
104960109 55   1215 1602***LATE FEE ADJUSTMENT     0
104960109 56   10130 2256QMASMART CODE SERIES STOPPED 950
104960109 57   10131   4LOGSMART CODE SERIES STOPPED 950
104960109 58   10201 2320LOGSMART CODE SERIES STOPPED 950
104960109 59   10202 2018LOGSMART CODE SERIES STOPPED 950
104960109 60   10205 2132QMASMART CODE SERIES STOPPED 950
104960109 61   10206 2134LOGSMART CODE SERIES STOPPED 950
104960109 62   10207 2353LOGSMART CODE SERIES STOPPED 950
104960109 63   10208 2146LOGSMART CODE SERIES STOPPED 950
104960109 64   10209 1732LOGSMART CODE SERIES STOPPED 950
104960109 65   10211 1635***Close Code - R   Payment  0
104960109 66   10211 1635***PAYMENT POSTED        0
104960109 67   10212 2146LOGSMART CODE SERIES STOPPED 950
104960109 68   10213 2345LOGSMART CODE SERIES STOPPED 950
104960109 69   10214 2145QMASMART CODE SERIES STOPPED 950
104960109 70   10215 2148LOGSMART CODE SERIES STOPPED 950
104960109 71   10216 1745LOGSMART CODE SERIES STOPPED 950
104960109 72   10219 2145QMASMART CODE SERIES STOPPED 950
104960109 73   10220 2147LOGSMART CODE SERIES STOPPED 950
104960109 74   10221 2145LOGSMART CODE SERIES STOPPED 950
104960109 75   10222 2148LOGSMART CODE SERIES STOPPED 950
104960109 76   10223 1846LOGSMART CODE SERIES STOPPED 950
104960109 77   10226 2149LOGSMART CODE SERIES STOPPED 950
104960109 78   10227 2147LOGSMART CODE SERIES STOPPED 950
104960109 79   10228 2146QMASMART CODE SERIES STOPPED 950
104960109 80   10301 2146LOGSMART CODE SERIES STOPPED 950
104960109 81   10304 1824LOGCYCLED PAST DUE       950
104960109 82   20307 1909LOGRECOURSE REQUESTED      951
```

Case 2:02-cv-03608-JKG    Document 64-2    Filed 03/01/2005    Page 61 of 113

34695015                              638/26.60   515.70    610.75    136.31    474.44

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #5201454 / CSI #11450659**
**Excerpt from "mercy payment file.txt"**

```
11450659  1  100086  20010627  461    -10.00
11450659  2  100086  20010627  45I    -32.11
11450659  3  100086  20010731  461    -10.17
11450659  4  100086  20010731  45I    -31.20
11450659  5  100086  20010827  45I    -32.35
11450659  6  100086  20010927  45I    -32.37
11450659  7  100086  20011030  45I    -31.33
11450659  8  100086  20011127  45I    -32.37
11450659  9  100086  20011227  45I    -32.55
11450659  10 100086  20020127  45I    -35.25
11450659  11 100086  20020227  45I    -35.70
11450659  12 100086  20020327  45I    -32.66
11450659  13 100086  20020429  45I    -36.57
11450659  14 100086  20020528  45I     -3.58
11450659  15 100086  20020628  45I    -69.31
11450659  16 100086  20020729  45I    -36.71
11450659  17 100086  20020828  45I    -38.40
11450659  18 100086  20020927  45I    -38.91
11450659  19 100086  20021028  45I    -38.15
11450659  20 100086  20021129  45I    -39.89
11450659  21 100086  20021230  45I    -39.07
11450659  22 100086  20030127  45I    -40.86
11450659  23 100086  20030228  45I    -41.43
11450659  24 100086  20030314  1I      95.66
11450659  25 100086  20030314  1P     201.84
11450659  26 100086  20030314  43I    655.11
11450659  27 100086  20030314  421     20.17
11450659  28 100086  20030328  45I    -32.91
11450659  29 100086  20030428  45I    -29.97
11450659  30 100086  20030528  45I    -29.37
11450659  31 100086  20030628  45I    -30.73
11450659  32 100086  20030728  45I    -30.13
11450659  33 100086  20030828  45I    -31.52
11450659  34 100086  20030929  45I    -31.90
11450659  35 100086  20031028  45I    -31.25
11450659  36 100086  20031128  45I    -32.71
11450659  37 100086  20031227  45I    -32.04
```

```
11450659 38 100086 20040127 45I   -33.55
11450659 39 100086 20040227 45I   -33.97
11450659 40 100086 20040326 45I   -32.19
11450659 41 100086 20040427 45I   -34.82
```

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #5201454 / CSI #11450659**
**Excerpt from "mercy note file.txt"**

```
11450659  1   10801  1306ASK FOR SR.              0
11450659  4   10531  1411LOGStmt Copy Requested      0
11450659  5   10601  1657LOGStmt Copy Requested      0
11450659  6   10604  924LOGStmt Copy Requested      0
11450659  7   10710  1720QMAPAST DUE LETTER SENT    916
11450659  8   10718  1155BCILEFT MESS W/BOY         101
11450659  9   10718  1155BCITEL RES - LEFT MESSAGE  101
11450659  10  10723  934BCIWork Ph -  215 471-9376   0
11450659  11  10723  935BCIANSW MACH               101
11450659  12  10723  935BCITEL RES - LEFT MESSAGE   101
11450659  13  10723  1214ESCAttempted-unknown        0
11450659  14  10726  1208BCIANSW MACH              101
11450659  15  10726  1208BCITEL RES - LEFT MESSAGE  101
11450659  16  10727  657ESCD/A NO LISTING          650
11450659  17  10727  700ESC5303 PINE ST             0
11450659  18  10727  700ESCCK CREDIT REPORT/NW INFO  652
11450659  19  10727  701ESCRE LH15#1               658
11450659  20  10730  1148BCILEFT MESS W/GUY        101
11450659  21  10730  1148BCITEL RES - LEFT MESSAGE  101
11450659  22  10731  806LOGStmt Produced and Mailed   0
11450659  23  10801  1307BCILEFT MESS W/JR         101
11450659  24  10801  1307BCITEL RES - LEFT MESSAGE  101
11450659  25  10802  1402LOGSERIOUSLY P/D LETTER SENT 915
11450659  26  10803  1049BCIANSW MACH              101
11450659  27  10803  1049BCITEL RES - LEFT MESSAGE  101
11450659  28  10808  946BCILEFT MESS W/SON         101
11450659  29  10808  946BCITEL RES - LEFT MESSAGE   101
11450659  30  10810  1022BCILEFT MESG W/SON WHO SD HE 101
11450659  31  10810  1022BCIGAVE CLARENCE MESG AND HE 101
11450659  32  10810  1022BCI SD HE WLD CALL       101
11450659  33  10810  1022BCITEL RES - LEFT MESSAGE  101
11450659  34  10814  919BCISON SD TO CALL BACK LATER 109
11450659  35  10814  919BCISD HE HAD ALREADY GIVEN  109
11450659  36  10814  919BCIHIS DAD MY MSG BEFORE    109
11450659  37  10814  1509BCITEL RES-LINE IS BUSY    103
11450659  38  10815  1651BCILEFT MSG W/GIRL WHO SD HE 101
11450659  39  10815  1651BCIWAS BUSY              101
```

```
11450659 40  10815 1651BCITEL RES - LEFT MESSAGE   101
11450659 41  10820 1244BCITEL RES-LINE IS BUSY   103
11450659 42  10822 1514BCILEFT MSG W/LADY      101
11450659 43  10822 1514BCITEL RES - LEFT MESSAGE  101
11450659 44  10824 1304BCIANSW MACH            101
11450659 45  10824 1304BCITEL RES - LEFT MESSAGE  101
11450659 46  10827 1604LOGACCOUNT RECOURSED        9
11450659 47  10827 1604***clx -      LOG s009-01  9
11450659 48  10904 1346***opx - R    SRI s911-01 911
11450659 49  10904 1346SRIINVOICED RECOURSE        911
11450659 50  10904 1346SRIINVOICE SENT          913
11450659 51  10904 1346***clx -      SRI s913-01 913
11450659 52  10905  750ESC5040 HAZEL AVE          0
11450659 53  10905  750ESCState/Zip - PA 19143     0
11450659 54  10905  750ESCNEW ADDR/FROM POST OFFICE 663
11450659 55  21121 1441LMAAccount Viewed          0
11450659 56  30314 1309CDOAccount Viewed          0
11450659 57  30314 1343***PAYMENT POSTED          0
11450659 58  30314 1343***INTEREST ADJUSTMENT       0
11450659 59  30314 1343***LATE FEE ADJUSTMENT       0
```

| Account # | Last Name | Amount Placed | Principle | Interest | Fees | Total Due | 92% client | 8% CSI | Score |
|---|---|---|---|---|---|---|---|---|---|
| 90701 | Mercy Philadelphia | | | | | | | | |

| 5201454 | | $ 2,523.00 | $ 2,523.00 | $ 95.66 | $ 20.17 | $ 2,638.83 | $ 2,321.16 | $ 317.67 | 625 |

FNBM 0016009

**EXHIBIT E**

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

Mercy #55673883 / CSI #100766040
Excerpt from "mercy payment file.txt"

```
100766040  1  100086  20000516  45I    -1.84
100766040  2  100086  20000516  46I   -10.00
100766040  3  100086  20000616  45I    -2.11
100766040  4  100086  20000717  45I    -2.11
100766040  5  100086  20000816  45I    -2.05
100766040  6  100086  20000918  45I    -2.25
100766040  7  100086  20001016  45I    -1.91
100766040  8  100086  20001116  45I    -2.11
100766040  9  100086  20001218  42I    10.00
100766040 10  100086  20001218  1P    152.72
100766040 11  100086  20010309  45I    -2.07
100766040 12  100086  20010315  45I     -.23
100766040 13  100086  20010319  45I     -.17
100766040 14  100086  20010319  45I     -.18
100766040 15  100086  20010324  1I     17.03
100766040 16  100086  20010324  1P     13.28
```

**Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.**
**and**
**First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health**
**System of Southeastern Pennsylvania**

**Mercy #55673883 / CSI #10766040**
**Excerpt from "mercy note file.txt"**

```
100766040  4    417   0 cnCSIF BATCH #: 20104170    0
100766040  5    417   0 cn 4/17/00              0
100766040  6    510   0 cnMRS SAID THIS WAS PAID GA  0
100766040  7    510   0 cnVE MRS THE           0
100766040  8    510   0 cnDOS ON THIS ACCT AND SHE   0
100766040  9    510   0 cnSAID SHE WA          0
100766040  10   510   0 cnS NEVER IN THE HOSP ON TH  0
100766040  11   510   0 cnAT DAY MRS           0
100766040  12   510   0 cnIS 81 YRS OLD SHE SAID SH  0
100766040  13   510   0 cnE WILL CALL          0
100766040  14   510   0 cnTHE HOSP TO SEE WHAT THIS  0
100766040  15   510   0 cn IS FOR GAV          0
100766040  16   510   0 cnE # AND HOSP ACCT # NEED   0
100766040  17   510   0 cnTO SEE WHY           0
100766040  18   510   0 cnMRS IS GETTING BILLED     0
100766040  19   525   0 cnDOS 1/24/00 * REFERRED BY  0
100766040  20   525   0 cn HER PHYSIC          0
100766040  21   525   0 cnIAN * ORIGINAL BILL WAS $  0
100766040  22   525   0 cn830 * MCARE          0
100766040  23   525   0 cnPD $74.70 * DISCOUNT $589  0
100766040  24   525   0 cn.30 * BALAN          0
100766040  25   525   0 cnCE IS $166 * NO OTHER INS  0
100766040  26   525   0 cn IN SMS.             0
100766040  27   531   0 cnMRS SAID SHE ONLY GET $52  0
100766040  28   531   0 cn0 FROM SSI           0
100766040  29   531   0 cnAND CANT PAY THIS BILL AN  0
100766040  30   531   0 cnD SHE WILL           0
100766040  31   531   0 cnTURN THIS IN TO MEDICIDE   0
100766040  32   531   0 cnAND SEE WHA          0
100766040  33   531   0 cnT THEY CAN DO FOR HER     0
100766040  34   1206  0 cn0419/L15 -0419/C01       0
100766040  35   1206  0 cn0516/C02 -           0
100766040  36   0  1018 cnAT: B 1 26 TALKED TO MRS  0
100766040  37   0  1018 cn  C10                0
100766040  38   0  1018 cn$  0.00 24  00132      0
100766040  39   0    1 cnAT: 9 9 19 **AF-PHONE/REV  0
100766040  40   0    1 cnIEW ....P7:713           0
```

```
100766040 41    0    1 cn$   0.00 06  00137     0
100766040 42    0  619 cnAT: 9 9 19 C10 NOTES      0
100766040 43    0  619 cn$   0.00 24  00132     0
100766040 44    0  911 cnAT: 9 9 19 PER SMS   C10   0
100766040 45    0  911 cn$   0.00 13  00147     0
100766040 46    0 1524 cnAT: B 1 16 TALKED TO MRS   0
100766040 47    0 1524 cn  C10              0
100766040 48    0 1524 cn$   0.00 12  00153     0
100766040 49    0 1525 cnAT: 9 9 19 PRINT FOR RECO  0
100766040 50    0 1525 cnURSE              0
100766040 51    0 1525 cn$   0.00 28  00168     0
100766040 52    0 1149 cnAT: 9 9 19 RECOURSE REQUE  0
100766040 53    0 1149 cnSTED              0
100766040 54    0 1149 cn$   0.00 NR        0
100766040 55  1218 1158***LATE FEE ADJUSTMENT      0
100766040 56 10130 2252QMASMART CODE SERIES STOPPED 950
100766040 57 10131    1LOGSMART CODE SERIES STOPPED 950
100766040 58 10201 2317LOGSMART CODE SERIES STOPPED 950
100766040 59 10202 2014LOGSMART CODE SERIES STOPPED 950
100766040 60 10205 2130QMASMART CODE SERIES STOPPED 950
100766040 61 10206 2130LOGSMART CODE SERIES STOPPED 950
100766040 62 10207 2351LOGSMART CODE SERIES STOPPED 950
100766040 63 10208 2143LOGSMART CODE SERIES STOPPED 950
100766040 64 10209 1730LOGSMART CODE SERIES STOPPED 950
100766040 65 10212 2143LOGSMART CODE SERIES STOPPED 950
100766040 66 10213 2343LOGSMART CODE SERIES STOPPED 950
100766040 67 10214 2143QMASMART CODE SERIES STOPPED 950
100766040 68 10215 2144LOGSMART CODE SERIES STOPPED 950
100766040 69 10216 1743LOGSMART CODE SERIES STOPPED 950
100766040 70 10219 2142QMASMART CODE SERIES STOPPED 950
100766040 71 10220 2144LOGSMART CODE SERIES STOPPED 950
100766040 72 10221 2143LOGSMART CODE SERIES STOPPED 950
100766040 73 10222 2145LOGSMART CODE SERIES STOPPED 950
100766040 74 10223 1844LOGSMART CODE SERIES STOPPED 950
100766040 75 10226 2145LOGSMART CODE SERIES STOPPED 950
100766040 76 10227 2143LOGSMART CODE SERIES STOPPED 950
100766040 77 10228  908SRIClose Code - R        0
100766040 78 10228  908SRIINVOICED RECOURSE      911
100766040 79 10228  908***clx -     SRI s911-01 911
100766040 80 10228 2143QMASMART CODE SERIES STOPPED 950
100766040 81 10301 2143LOGSMART CODE SERIES STOPPED 950
100766040 82 10304 1821LOGCYCLED PAST DUE       950
100766040 83 10324 1556***Close Code - I  Payment 0
100766040 84 10324 1556***PAYMENT POSTED        0
100766040 85 10324 1556*PMPAYMENT POSTED       955
100766040 86 20307 1909LOGRECOURSE REQUESTED      951
```

55673883                              733  27.66  166.00   184.11   31.39   152.72

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and C I Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #75443697 / CSI #100903040**
**Excerpt from "mercy payment file.txt"**

```
100903040   1  100086  20000516  45I    -1.14
100903040   2  100086  20000516  461    -1.10
100903040   3  100086  20000616  45I    -1.68
100903040   4  100086  20000616  461    -1.00
100903040   5  100086  20000717  45I    -1.68
100903040   6  100086  20000717  461    -1.00
100903040   7  100086  20000816  45I    -1.62
100903040   8  100086  20000918  45I    -1.78
100903040   9  100086  20001016  45I    -1.51
100903040  10  100086  20001116  45I    -1.68
100903040  11  100086  20010309  461    -1.04
100903040  12  100086  20010309  45I    -1.72
100903040  13  100086  20010315  45I    -1.71
100903040  14  100086  20010319  45I    -1.71
100903040  15  100086  20010319  45I    -1.72
100903040  16  100086  20010416  45I    -1.78
100903040  17  100086  20010517  45I    -1.69
100903040  18  100086  20010618  45I    -1.80
100903040  19  100086  20010717  45I    -1.74
100903040  20  100086  20010816  45I    -1.80
100903040  21  100086  20010917  45I    -1.80
100903040  22  100086  20011017  45I    -1.74
100903040  23  100086  20011119  45I    -1.80
100903040  24  100086  20011217  45I    -1.80
100903040  25  100086  20020116  45I    -2.24
100903040  26  100086  20020218  45I    -2.27
100903040  27  100086  20020318  45I    -2.08
100903040  28  100086  20020416  45I    -2.32
100903040  29  100086  20020517  45I    -2.28
100903040  30  100086  20020617  45I    -2.38
100903040  31  100086  20020716  45I    -2.34
100903040  32  100086  20020819  45I    -2.45
100903040  33  100086  20020917  45I    -2.47
100903040  34  100086  20021017  45I    -2.43
100903040  35  100086  20021118  45I    -2.54
100903040  36  100086  20021216  45I    -2.49
100903040  37  100086  20030117  45I    -2.60
```

| | | | | | |
|---|---|---|---|---|---|
| 100903040 | 38 | 100086 | 20030217 | 45I | -2.64 |
| 100903040 | 39 | 100086 | 20030313 | 1I | 26.76 |
| 100903040 | 40 | 100086 | 2003031? | 1P | 11.07 |
| 100903040 | 41 | 100086 | 20030313 | 43I | 40.67 |
| 100903040 | 42 | 100086 | 20030313 | 42I | 4.14 |
| 100903040 | 43 | 100086 | 20030317 | 45I | -2.35 |
| 100903040 | 44 | 100086 | 20030417 | 45I | -1.65 |
| 100903040 | 45 | 100086 | 20030519 | 45I | -1.61 |
| 100903040 | 46 | 100086 | 20030617 | 45I | -1.69 |
| 100903040 | 47 | 100086 | 20030717 | 45I | -1.65 |
| 100903040 | 48 | 100086 | 20030818 | 45I | -1.73 |
| 100903040 | 49 | 100086 | 20030917 | 45I | -1.75 |
| 100903040 | 50 | 100086 | 20031017 | 45I | -1.72 |
| 100903040 | 51 | 100086 | 20031117 | 45I | -1.80 |
| 100903040 | 52 | 100086 | 20031216 | 45I | -1.76 |
| 100903040 | 53 | 100086 | 20040116 | 45I | -1.84 |
| 100903040 | 54 | 100086 | 20040216 | 45I | -1.87 |
| 100903040 | 55 | 100086 | 20040315 | 45I | -1.77 |
| 100903040 | 56 | 100086 | 20040415 | 45I | -1.91 |
| 100903040 | 57 | 100086 | 20040516 | 45I | -1.87 |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #75443697 / CSI #100903040**
**Excerpt from "mercy note file.txt"**

```
100903040  4    417   0 cnCSIF BATCH #: 20104170    0
100903040  5    417   0 cn 4/17/00              0
100903040  6     0    1 cnAT: 9 9 12 AF-2201F 0/10  0
100903040  7     0    1 cn/8   $138.40         0
100903040  8     0    1 cn$   0.00 RR  00199    0
100903040  9     0  819 cnAT: 9 9 19 LINKED ACCOUNT   0
100903040 10     0  819 cn$   0.00 NR           0
100903040 11  10108 1606***Owner changed from W2   916
100903040 12  10108 1606QMAASSIGNED TO CS REP      916
100903040 13  10108 1606***Owner changed from 33   916
100903040 14  10108 1606***Owner changed from 31   916
100903040 15  10313  849LOGNOT WORKED IN LAST 30    995
100903040 16  10409 1022BPARECOURSE - STANDARD     801
100903040 17  10409 1022***clx -     BPA s801-01 801
100903040 18  10630 1336***opx - R    CDO s911-01 911
100903040 19  10630 1336CDOINVOICED RECOURSE       911
100903040 20  10630 1336CDOINVOICE SENT        913
100903040 21  10630 1336***clx -      CDO s913-01 913
100903040 22  30313 1435***PAYMENT POSTED        0
100903040 23  30313 1435***INTEREST ADJUSTMENT     0
100903040 24  30313 1435***LATE FEE ADJUSTMENT     0
100903040 25  30502 1130CRIREC. STATUS CODE ENTERED 815
```

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

Mercy #75443697 / CSI #100903040
Excerpt from "mercy payment file.txt"

```
100903040  1 100086 20000516 45I   -1.14
100903040  2 100086 20000516 46I   -1.10
100903040  3 100086 20000616 45I   -1.68
100903040  4 100086 20000616 46I   -1.00
100903040  5 100086 20000717 45I   -1.68
100903040  6 100086 20000717 46I   -1.00
100903040  7 100086 20000816 45I   -1.62
100903040  8 100086 20000918 45I   -1.78
100903040  9 100086 20001016 45I   -1.51
100903040 10 100086 20001116 45I   -1.68
100903040 11 100086 20010309 46I   -1.04
100903040 12 100086 20010309 45I   -1.72
100903040 13 100086 20010315 45I   -1.71
100903040 14 100086 20010319 45I   -1.71
100903040 15 100086 20010319 45I   -1.72
100903040 16 100086 20010416 45I   -1.78
100903040 17 100086 20010517 45I   -1.69
100903040 18 100086 20010618 45I   -1.80
100903040 19 100086 20010717 45I   -1.74
100903040 20 100086 20010816 45I   -1.80
100903040 21 100086 20010917 45I   -1.80
100903040 22 100086 20011017 45I   -1.74
100903040 23 100086 20011119 45I   -1.80
100903040 24 100086 20011217 45I   -1.80
100903040 25 100086 20020116 45I   -2.24
100903040 26 100086 20020218 45I   -2.27
100903040 27 100086 20020318 45I   -2.08
100903040 28 100086 20020416 45I   -2.32
100903040 29 100086 20020517 45I   -2.28
100903040 30 100086 20020617 45I   -2.38
100903040 31 100086 20020716 45I   -2.34
100903040 32 100086 20020819 45I   -2.45
100903040 33 100086 20020917 45I   -2.47
100903040 34 100086 20021017 45I   -2.43
100903040 35 100086 20021118 45I   -2.54
100903040 36 100086 20021216 45I   -2.49
100903040 37 100086 20030117 45I   -2.60
```

| | | | | | |
|---|---|---|---|---|---|
| 100903040 | 38 | 100086 | 20030217 | 45I | -2.64 |
| 100903040 | 39 | 100086 | 20030313 | 1I | 26.76 |
| 100903040 | 40 | 100086 | 20030313 | 1P | 11.07 |
| 100903040 | 41 | 100086 | 20030313 | 43I | 40.67 |
| 100903040 | 42 | 100086 | 20030313 | 42I | 4.14 |
| 100903040 | 43 | 100086 | 20030317 | 45I | -2.35 |
| 100903040 | 44 | 100086 | 20030417 | 45I | -1.65 |
| 100903040 | 45 | 100086 | 20030519 | 45I | -1.61 |
| 100903040 | 46 | 100086 | 20030617 | 45I | -1.69 |
| 100903040 | 47 | 100086 | 20030717 | 45I | -1.65 |
| 100903040 | 48 | 100086 | 20030818 | 45I | -1.73 |
| 100903040 | 49 | 100086 | 20030917 | 45I | -1.75 |
| 100903040 | 50 | 100086 | 20031017 | 45I | -1.72 |
| 100903040 | 51 | 100086 | 20031117 | 45I | -1.80 |
| 100903040 | 52 | 100086 | 20031216 | 45I | -1.76 |
| 100903040 | 53 | 100086 | 20040116 | 45I | -1.84 |
| 100903040 | 54 | 100086 | 20040216 | 45I | -1.87 |
| 100903040 | 55 | 100086 | 20040315 | 45I | -1.77 |
| 100903040 | 56 | 100086 | 20040415 | 45I | -1.91 |
| 100903040 | 57 | 100086 | 20040516 | 45I | -1.87 |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #75443697 / CSI #100903040**
**Excerpt from "mercy note file.txt"**

```
100903040  4    417   0 cnCSIF BATCH #:  20104170    0
100903040  5    417   0 cn 4/17/00              0
100903040  6     0    1 cnAT: 9 9 12 AF-2201F 0/10  0
100903040  7     0    1 cn/8   $138.40           0
100903040  8     0    1 cn$  0.00 RR  00199      0
100903040  9     0  819 cnAT: 9 9 19 LINKED ACCOUNT   0
100903040 10     0  819 cn$  0.00 NR           0
100903040 11  10108 1606***Owner changed from W2   916
100903040 12  10108 1606QMAASSIGNED TO CS REP        916
100903040 13  10108 1606***Owner changed from 33     916
100903040 14  10108 1606***Owner changed from 31     916
100903040 15  10313  849LOGNOT WORKED IN LAST 30     995
100903040 16  10409 1022BPARECOURSE - STANDARD       801
100903040 17  10409 1022***clx -      BPA s801-01 801
100903040 18  10630 1336***opx - R    CDO s911-01 911
100903040 19  10630 1336CDOINVOICED RECOURSE        911
100903040 20  10630 1336CDOINVOICE SENT             913
100903040 21  10630 1336***clx -      CDO s913-01 913
100903040 22  30313 1435***PAYMENT POSTED            0
100903040 23  30313 1435***INTEREST ADJUSTMENT       0
100903040 24  30313 1435***LATE FEE ADJUSTMENT       0
100903040 25  30502 1130CRIREC. STATUS CODE ENTERED 815
```

| ACCT | HOSPITAL | NAME | ORG_DEB | REV_AMT | CSI_AMT | HOSP_AMT | NOTES | SCORE |
|------|----------|------|---------|---------|---------|----------|-------|-------|
| 75443697 | 100086 | ROBINSON | 138.40 | 165.76 | 27.36 | 138.40 | | 623 |

EXHIBIT E

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #5060231 / CSI #107922109**
**Excerpt from "mercy payment file.txt"**

| | | | | | | |
|---|---|---|---|---|---|---|
| 107922109 | 1 | 100086 | 19991201 | 45I | -10.12 |
| 107922109 | 2 | 100086 | 19991201 | 46I | -5.00 |
| 107922109 | 3 | 100086 | 20000103 | 45I | -10.22 |
| 107922109 | 4 | 100086 | 20000103 | 46I | -4.90 |
| 107922109 | 5 | 100086 | 20000203 | 45I | -9.40 |
| 107922109 | 6 | 100086 | 20000203 | 46I | -4.80 |
| 107922109 | 7 | 100086 | 20000301 | 45I | -8.02 |
| 107922109 | 8 | 100086 | 20000403 | 45I | -9.80 |
| 107922109 | 9 | 100086 | 20000501 | 45I | -8.14 |
| 107922109 | 10 | 100086 | 20000525 | 441 | 14.70 |
| 107922109 | 11 | 100086 | 20000525 | 1I | 55.70 |
| 107922109 | 12 | 100086 | 20000525 | 1P | 651.78 |
| 107922109 | 13 | 100086 | 20000601 | 45I | -7.51 |
| 107922109 | 14 | 100086 | 20000703 | 45I | -1.45 |
| 107922109 | 15 | 100086 | 20000705 | 1I | 8.96 |
| 107922109 | 16 | 100086 | 20000801 | 45I | -1.40 |
| 107922109 | 17 | 100086 | 20000901 | 45I | -1.46 |
| 107922109 | 18 | 100086 | 20001002 | 45I | -1.46 |
| 107922109 | 19 | 100086 | 20001101 | 45I | -1.39 |
| 107922109 | 20 | 100086 | 20001201 | 45I | -1.39 |
| 107922109 | 21 | 100086 | 20010104 | 45I | -1.46 |
| 107922109 | 22 | 100086 | 20010202 | 45I | -1.73 |
| 107922109 | 23 | 100086 | 20010301 | 45I | -1.70 |
| 107922109 | 24 | 100086 | 20010323 | 1I | 11.99 |
| 107922109 | 25 | 100086 | 20010323 | 1P | 117.22 |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #5060231 / CSI #107922109**
**Excerpt from "mercy note file.txt"**

```
107922109  4 991030    0 cnCSIF BATCH #: 20110299A    0
107922109  5 991030    0 cn10/30/99           0
107922109  6    0    1 cnAT: 9 9 12 AF-2201F 99/30  0
107922109  7    0    1 cn/3  $769.00          0
107922109  8    0    1 cn$   0.00 RR  00034    0
107922109  9    0 1553 cnAT: 9 9 19 LINKED ACCT    0
107922109 10    0 1553 cn$   0.00 NR          0
107922109 11  1206    0 cn1030/L15 -1030/C01      0
107922109 12  1206    0 cn1201/C02 -0103/C03      0
107922109 13  1206    0 cn0120/L10 -          0
107922109 14    0    1 cnAT: 9 9 19 **AF-PHONE/REV  0
107922109 15    0    1 cnIEW ....P7:711        0
107922109 16    0    1 cn$   0.00 06  99335    0
107922109 17    0 1148 cnAT: 2 1 07 ANS MACH      0
107922109 18    0 1148 cn$   0.00 25  99344     0
107922109 19    0 1610 cnAT: 2 1 07 ANS MACH      0
107922109 20    0 1610 cn$   0.00 25  00005     0
107922109 21    0    1 cnAT: 9 9 12 AF-2201F 99/30  0
107922109 22    0    1 cn/3  $1599.09         0
107922109 23    0    1 cn$   0.00 RD  00017    0
107922109 24    0 1044 cnAT: 2 1 07 ANS MACH      0
107922109 25    0 1044 cn$   0.00 25  00021     0
107922109 26    0 1044 cnAT: F 6 11 LH#10       0
107922109 27    0 1044 cn$   0.00 25  00021     0
107922109 28    0 1902 cnAT: 2 1 23 WRONG #, NO ON  0
107922109 29    0 1902 cnE BY THAT NAME        0
107922109 30    0 1902 cn$   0.00 NR          0
107922109 31    0 1904 cnAT: 9 9 23 D/A SHOWS R LO  0
107922109 32    0 1904 cnVE 215-549-6813        0
107922109 33    0 1904 cn$   0.00 NR          0
107922109 34    0 1904 cnAT: 9 9 19 PRINT FOR RECO  0
107922109 35    0 1904 cnURSE             0
107922109 36    0 1904 cn$   0.00 28  00035     0
107922109 37    0 1554 cnAT: 9 9 19 RECOURSE PENDI  0
107922109 38    0 1554 cnNG              0
107922109 39    0 1554 cn$   0.00 28  00046     0
107922109 40    0 1138 cnAT: 9 9 19 RECOURSE REQUE  0
```

**EXHIBIT E**

```
107922109 41    0 1138 cnSTED              0
107922109 42    0 1138 cn$   0.00 NR       0
107922109 43  10130 2256QMASCS 01 STARTED       951
107922109 44  10131    5LOGSCS 01 STARTED    951
107922109 45  10201 2321LOGSCS 01 STARTED      951
107922109 46  10202 2018LOGSMART CODE SERIES STOPPED 950
107922109 47  10205 2133QMASMART CODE SERIES STOPPED 950
107922109 48  10206 2134LOGSMART CODE SERIES STOPPED 950
107922109 49  10207 2354LOGSMART CODE SERIES STOPPED 950
107922109 50  10208 2146LOGSMART CODE SERIES STOPPED 950
107922109 51  10209 1733LOGSMART CODE SERIES STOPPED 950
107922109 52  10212 2146LOGSMART CODE SERIES STOPPED 950
107922109 53  10213 2346LOGSMART CODE SERIES STOPPED 950
107922109 54  10214 2146QMASMART CODE SERIES STOPPED 950
107922109 55  10215 2148LOGSMART CODE SERIES STOPPED 950
107922109 56  10216 1746LOGSMART CODE SERIES STOPPED 950
107922109 57  10219 2145QMASMART CODE SERIES STOPPED 950
107922109 58  10220 2147LOGSMART CODE SERIES STOPPED 950
107922109 59  10221 2146LOGSMART CODE SERIES STOPPED 950
107922109 60  10222 2149LOGSMART CODE SERIES STOPPED 950
107922109 61  10223 1846LOGSMART CODE SERIES STOPPED 950
107922109 62  10226  937SRIClose Code - R       0
107922109 63  10226  937SRIINVOICED RECOURSE       911
107922109 64  10226  937***clx -     SRI s911-01 911
107922109 65  10226 2149LOGSMART CODE SERIES STOPPED 950
107922109 66  10227 2147LOGSMART CODE SERIES STOPPED 950
107922109 67  10228 2147QMASMART CODE SERIES STOPPED 950
107922109 68  10301 2146LOGSMART CODE SERIES STOPPED 950
107922109 69  10304 1825LOGCYCLED PAST DUE        950
107922109 70  10323 1611***Close Code - I   Payment  0
107922109 71  10323 1611***PAYMENT POSTED        0
107922109 72  10323 1611*PMPAYMENT POSTED       955
107922109 73  20307 1909LOGRECOURSE REQUESTED     951
```

MRC04250

Recourse Reconcilation Report                    Page    1

04/25/00

Hospital ID: 201 - Philadelphia

| Acct# | Patient Name | sc | * | Original Debt | Current Debt | CS1 | Hospital Amount |
|-------|--------------|-----|---|---------------|--------------|-----|-----------------|
| 5060231 | | 687 | | 769.00 | 816.56 | 109.08 | 707.48 |

**Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.**
**and**
**First National Bank of Montana, Inc. and CSI Financial Inc. v. Mercy Health**
**System of Southeastern Pennsylvania**

Mercy #1908367 / CSI #108070109
Excerpt from "mercy payment file.txt"

```
108070109  1  100086  19991201  45I    -10.01
108070109  2  100086  19991201  461    -10.00
108070109  3  100086  20000103  45I    -10.32
108070109  4  100086  20000103  461    -10.00
108070109  5  100086  20000203  45I     -9.69
108070109  6  100086  20000203  461    -10.00
108070109  7  100086  20000301  45I     -8.44
108070109  8  100086  20000403  45I    -10.32
108070109  9  100086  20000501  45I     -8.76
108070109 10  100086  20000525  1P     642.58
108070109 11  100086  20000525  441     30.00
108070109 12  100086  20000525  1I      57.54
108070109 13  100086  20000601  45I     -7.58
108070109 14  100086  20000703  45I     -1.56
108070109 15  100086  20000705  1I       9.14
108070109 16  100086  20000706  1P     118.42
```

**Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.**
**and**
**First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health**
**System of Southeastern Pennsylvania**

Mercy #1908367 / CSI #108070109
Excerpt from "mercy note file.txt"

```
108070109  4  991030    0 cnCSIF BATCH #: 20110299A    0
108070109  5  991030    0 cn10/30/99              0
108070109  6  105       0 cnMRS SAID THAT METHA WAS U  0
108070109  7  105       0 cnNAVAILABLE,              0
108070109  8  105       0 cnWHEN I TOLD HER WHO I WAS  0
108070109  9  105       0 cn - SHE SAID            0
108070109 10  105       0 cnTHAT THEY ARE WORKING WIT  0
108070109 11  105       0 cnH THE INS C            0
108070109 12  105       0 cnOMPANY TO GET THIS PAID -  0
108070109 13  105       0 cn I TOLD MRS             0
108070109 14  105       0 cnTHAT ACCOUNT IS ACCRUING  0
108070109 15  105       0 cnLATE FEES E            0
108070109 16  105       0 cnACH MONTH THAT THERE IS N  0
108070109 17  105       0 cnO PAYMENT R            0
108070109 18  105       0 cnECD.  MRS SAID THAT METHA  0
108070109 19  105       0 cn WILL NOT P            0
108070109 20  105       0 cnAY ANY LATE FEES - I TOLD  0
108070109 21  105       0 cn MRS THAT I            0
108070109 22  105       0 cnF THERE IS NO PAYMENT MAD  0
108070109 23  105       0 cnE WITHIN 90            0
108070109 24  105       0 cnDAYS OF FIRST BILLING, TH  0
108070109 25  105       0 cnAT ACCOUNT            0
108070109 26  105       0 cnWOULD GO BACK TO HOSPITAL  0
108070109 27  105       0 cn AS A COLLE            0
108070109 28  105       0 cnCTION ITEM AND SHE SAID F  0
108070109 29  105       0 cnINE, BUT SH            0
108070109 30  105       0 cnE WOULD KNOW SOMETHING FR  0
108070109 31  105       0 cnOM INS CO N            0
108070109 32  105       0 cnEXT WEEK.  I TOLD MRS AGA  0
108070109 33  105       0 cnIN ABOUT LA            0
108070109 34  105       0 cnTE FEES ON ACCOUNT AND SH  0
108070109 35  105       0 cnE SAID WHAT            0
108070109 36  105       0 cnEVER!              0
108070109 37  211       0 cnDARLEEN IS MRS DAUGHTER A  0
108070109 38  211       0 cnND GAVE IHS            0
108070109 39  211       0 cn INFO MRS HAS KEYSTONE 65  0
108070109 40  211       0 cn AND MEDICA            0
```

```
108070109 41   211   0 cnRE MRS CLAIM # FOR KEYSTO  0
108070109 42   211   0 cnNE IS 220-1              0
108070109 43   211   0 cn0-6525D NEED TO KNOW IF H  0
108070109 44   211   0 cnOSP HAS SAM
108070109 45   211   0 cnE INFO AND IF IT REBILLED  0
108070109 46   211   0 cn NEED DATER              0
108070109 47   211   0 cnOF SEV AND WHAT FOR DARLE  0
108070109 48   211   0 cnEN GAVE HER              0
108070109 49   211   0 cn HM # TO CALL HER BACK RE  0
108070109 50   211   0 cn THIS ACCT
108070109 51   211   0 cn#215-879-6641            0
108070109 52   221   0 cnNOTES SHOW MCARE AND UNIO  0
108070109 53   221   0 cnN MED - - -              0
108070109 54   221   0 cnWILL FORWARD INS INFO TO   0
108070109 55   221   0 cnDOUG, HOWEV              0
108070109 56   221   0 cnER MRS RECD 9 STMTS BEFOR  0
108070109 57   221   0 cnE CSI TOOK               0
108070109 58   221   0 cnACCT - - MRS NEEDS TO MAK  0
108070109 59   221   0 cnE PYMTS ON               0
108070109 60   221   0 cnACCT, THIS BALANCE IS HER  0
108070109 61   221   0 cn MCARE DEDU              0
108070109 62   221   0 cnCTIBLE.                  0
108070109 63   223   0 cnBRENDA SAID THAT SHE IS G  0
108070109 64   223   0 cnOING TO CAL              0
108070109 65   223   0 cnL THE HOSP AND GET SERVIC  0
108070109 66   223   0 cnE INFO AND               0
108070109 67   223   0 cnDOS JUST FOR HER RECORDS.  0
108070109 68   223   0 cn TOLD HER T              0
108070109 69   223   0 cnHAT MRS NEEDS TO MAKE PMN  0
108070109 70   223   0 cnTS AND IF S              0
108070109 71   223   0 cnHE IS WILLING TO DO SO I   0
108070109 72   223   0 cnCAN REAGE H              0
108070109 73   223   0 cnER ACCOUNT SO SHE DOSNT H  0
108070109 74   223   0 cnAVE TO PAY               0
108070109 75   223   0 cnSUCH A BIG AMMOUNT BUT JU  0
108070109 76   223   0 cnST ONE PMNT              0
108070109 77   223   0 cn. BRENDA SIAD THAT WOULD   0
108070109 78   223   0 cnBE GREAT AN              0
108070109 79   223   0 cnD SHE WILL CALL BACK AFTE  0
108070109 80   223   0 cnR SHE TALKE              0
108070109 81   223   0 cnS TO THE HOSP AND SHE WIL  0
108070109 82   223   0 cnL GET BACK               0
108070109 83   223   0 cnTO ME TODAY.             0
108070109 84   223   0 cnTHE SERVICE DATE IS FROM   0
108070109 85   223   0 cn1997, IT IS              0
108070109 86   223   0 cnA MEDICARE DEDUCTIBLE BIL  0
```

```
108070109 87    223    0 cnLED TO HER            0
108070109 88    223    0 cnUNION INSURANCE. CLIENT   0
108070109 89    223    0 cnDID FOLLOW            0
108070109 90    223    0 cnUP AND WAS TOLD THAT THE   0
108070109 91    223    0 cnUNION MEDIC           0
108070109 92    223    0 cnAID PLAN WAS NO LONGER IN  0
108070109 93    223    0 cn EXISTENCE.           0
108070109 94    320    0 cnTALKED TO SISTER AND SHE   0
108070109 95    320    0 cnSAID THAT T           0
108070109 96    320    0 cnHEY ARE STIL WORKING ON T  0
108070109 97    320    0 cnHIS BILL. T           0
108070109 98    320    0 cnOLD HER OF PMNTS NEEDED T  0
108070109 99    320    0 cnO BE MADE.            0
108070109 100   320    0 cnSHE SAID THAT IT WILL BE   0
108070109 101   320    0 cnRESOLVED WH           0
108070109 102   320    0 cnEN IT IS ALL TAKEN CARE O  0
108070109 103   320    0 cnF. TOLD MRS           0
108070109 104   320    0 cn THAT CAN ONLY HOLD ONTO   0
108070109 105   320    0 cnACCOUNT FOR           0
108070109 106   320    0 cn 90 DAYS WITHOUT PMNT AND  0
108070109 107   320    0 cn THIS ACCOU           0
108070109 108   320    0 cnTN IS WAY PAST THAT POINT  0
108070109 109   320    0 cn. MRS SAID            0
108070109 110   320    0 cnTHAT IT SHOULD BE RESOLVE  0
108070109 111   320    0 cnD BY THE EN           0
108070109 112   320    0 cnD OF THE WEEK. TOLD MRS T  0
108070109 113   320    0 cnHAT I WILL            0
108070109 114   320    0 cnGIVE THE UNTILL THE 24 TO  0
108070109 115   320    0 cn GET THIS R           0
108070109 116   320    0 cnESOLVED OR GET A PMNT IS   0
108070109 117   320    0 cnOR I WILL H           0
108070109 118   320    0 cnAVE TO SND IT BACK TO THE  0
108070109 119   320    0 cn HOSP AS A            0
108070109 120   320    0 cnCOLLECTION ITEM. MRS SAID  0
108070109 121   320    0 cn THAT WAS F           0
108070109 122   320    0 cnAIR AND SHE WILL GET IN T  0
108070109 123   320    0 cnOUCH WITH H           0
108070109 124   320    0 cnER OTHER SISTERS TO SEE W  0
108070109 125   320    0 cnHAT SHE CAN           0
108070109 126   320    0 cn DO. PRINTING 4 RECOURSE   0
108070109 127   1206   0 cn1030/L15 -1030/C01    0
108070109 128   1206   0 cn1201/C02 -0103/C03    0
108070109 129   1206   0 cn0124/L10 -0321/L10    0
108070109 130   0      1 cnAT: 9 9 19 **AF-PHONE/REV  0
108070109 131   0      1 cnIEW ....P7:711         0
108070109 132   0      1 cn$  0.00 06  99335       0
```

```
108070109 133    0 1647 cnAT: 2 1 21 NO ANSWER      0
108070109 134    0 1647 cn$  0.00 25  99349     0
108070109 135    0 1030 cnAT: 2 1 09 TALKED TO WOMA  0
108070109 136    0 1030 cnN?? C10              0
108070109 137    0 1030 cn$  0.00 25  00014     0
108070109 138    0    1 cnAT: 9 9 12 AF-2201F 99/30   0
108070109 139    0    1 cn/3  $801.33          0
108070109 140    0    1 cn$  0.00 RD  00017     0
108070109 141    0 1634 cnAT: 2 1 21 NO ANSWER      0
108070109 142    0 1634 cn$  0.00 25  00024     0
108070109 143    0 1635 cnAT: F 6 11 LH#10        0
108070109 144    0 1635 cn$  0.00 25  00024     0
108070109 145    0    1 cnAT: 9 9 12 AF-2201F 99/30   0
108070109 146    0    1 cn/3  $761.00          0
108070109 147    0    1 cn$  0.00 RR  00034     0
108070109 148    0  720 cnAT: 9 9 19 NEEDS SUPERVIS  0
108070109 149    0  720 cnOR REVIEW            0
108070109 150    0  720 cn$  0.00 28  00042     0
108070109 151    0 1147 cnAT: B 1 18 MRS (DARLEEN)    0
108070109 152    0 1147 cnCALLED C10           0
108070109 153    0 1147 cn$  0.00 24  00045     0
108070109 154    0 1133 cnAT: 9 9 19 HX  1908367M    0
108070109 155    0 1133 cn$  0.00 24  00049     0
108070109 156    0  649 cnAT: 9 9 19 PER SMS  C10   0
108070109 157    0  649 cn$  0.00 13  00053     0
108070109 158    0  659 cnAT: 2 1 26 TLKD TO DAUGHT  0
108070109 159    0  659 cnER (BRENDA) C10        0
108070109 160    0  659 cn$  0.00 25  00056     0
108070109 161    0 1427 cnAT: 9 9 19 PER DOUG  C10   0
108070109 162    0 1427 cn$  0.00 25  00056     0
108070109 163    0  742 cnAT: 2 1 07 LFT MSG W/SIST  0
108070109 164    0  742 cnER              0
108070109 165    0  742 cn$  0.00 25  00069     0
108070109 166    0  702 cnAT: 2 1 18 TALKED TO SIST  0
108070109 167    0  702 cnER C-10            0
108070109 168    0  702 cn$  0.00 25  00084     0
108070109 169    0  705 cnAT: 9 9 19 PRINTED 4 RECO  0
108070109 170    0  705 cnURSE              0
108070109 171    0  705 cn$  0.00 28  00091     0
108070109 172    0  705 cnAT: F 6 11 LH#10        0
108070109 173    0  705 cn$  0.00 28  00091     0
108070109 174    0 1445 cnAT: 9 9 19 RECOURSE REQUE  0
108070109 175    0 1445 cnSTED              0
108070109 176    0 1445 cn$  0.00 NR          0
108070109 177  10130 2256QMASCS 01 STARTED       951
108070109 178  10131  5LOGSCS 01 STARTED      951
```

**EXHIBIT E**

```
108070109 179  10201 2321LOGSCS 01 STARTED        951
108070109 180  10202 2018LOGSCS 01 STARTED        951
108070109 181  10205 2133QMASCS 01 STARTED         951
108070109 182  10206 2134LOGSCS 01 STARTED        951
108070109 183  10207 2354LOGSCS 01 STARTED        951
108070109 184  20307 1909LOGRECOURSE REQUESTED       951
```

MRC 04260

04/26/00             Recourse Reconcilation Report             Page    1

Hospital ID: 201 *mercy - Philadelphia*

| Acct# | Patient Name | SC | * | Original Debt | Current Debt | CSI | Hospital Amount |
|-------|--------------|-----|---|---------------|--------------|-----|-----------------|
| 1908367 | METHA SHIELDS | 788 | | 761.00 | 809.78 | 109.66 | 700.12 |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

Mercy #75028357 / CSI #107985109
Excerpt from "mercy payment file.txt"

```
107985109  1 100086 19991201 45I    -4.29
107985109  2 100086 19991201 461   -10.00
107985109  3 100086 20000103 45I    -4.42
107985109  4 100086 20000103 461   -10.00
107985109  5 100086 20000203 45I    -4.15
107985109  6 100086 20000203 461   -10.00
107985109  7 100086 20000301 45I    -3.62
107985109  8 100086 20000403 45I    -4.42
107985109  9 100086 20000501 45I    -3.75
107985109 10 100086 20000601 45I    -4.15
107985109 11 100086 20000703 45I    -4.29
107985109 12 100086 20000801 45I    -3.89
107985109 13 100086 20000901 45I    -4.15
107985109 14 100086 20001002 45I    -4.15
107985109 15 100086 20001101 45I    -4.02
107985109 16 100086 20001201 45I    -4.02
107985109 17 100086 20010104 461   -10.00
107985109 18 100086 20010104 45I    -4.07
107985109 19 100086 20010202 461   -10.00
107985109 20 100086 20010202 45I    -4.09
107985109 21 100086 20010301 461   -10.00
107985109 22 100086 20010301 45I    -4.10
107985109 23 100086 20010402 461   -10.00
107985109 24 100086 20010402 45I     -.04
107985109 25 100086 20010501 461   -10.00
107985109 26 100086 20010501 45I    -4.87
107985109 27 100086 20010601 45I    -9.29
107985109 28 100086 20010702 45I    -5.00
107985109 29 100086 20010801 45I    -5.16
107985109 30 100086 20010904 45I    -5.16
107985109 31 100086 20011001 45I    -5.00
107985109 32 100086 20011102 45I    -5.16
107985109 33 100086 20011108 1I    105.26
107985109 34 100086 20011108 11     80.00
107985109 35 100086 20011108 1P      .03
107985109 36 100086 20011203 45I    -4.25
107985109 37 100086 20020102 45I    -4.18
```

**EXHIBIT E**

```
107985109 38 100086 20020204 45I    -4.25
107985109 39 100086 20020304 45I    -3.89
107985109 40 100086 20020401 45I    -4.36
107985109 41 100086 20020502 45I    -4.27
107985109 42 100086 20020604 45I    -4.47
107985109 43 100086 20020702 45I    -4.37
107985109 44 100086 20020801 45I    -4.58
107985109 45 100086 20020903 45I    -4.64
107985109 46 100086 20021002 45I    -4.55
107985109 47 100086 20021104 45I    -4.75
107985109 48 100086 20021202 45I    -4.66
107985109 49 100086 20030102 45I    -4.87
107985109 50 100086 20030203 45I    -4.94
107985109 51 100086 20030303 45I    -4.51
107985109 52 100086 20030311 1I   -15.32
107985109 53 100086 20030311 1P    26.05
107985109 54 100086 20030311 43I    86.86
107985109 55 100086 20030402 45I    -4.23
107985109 56 100086 20030502 45I    -3.74
107985109 57 100086 20030603 45I    -3.92
107985109 58 100086 20030703 45I    -3.84
107985109 59 100086 20030804 45I    -4.01
107985109 60 100086 20030903 45I    -4.06
107985109 61 100086 20031002 45I    -3.98
107985109 62 100086 20031104 45I    -4.17
107985109 63 100086 20031201 45I    -4.08
107985109 64 100086 20040102 45I    -4.27
107985109 65 100086 20040201 45I    -4.33
107985109 66 100086 20040301 45I    -4.10
107985109 67 100086 20040331 45I    -4.44
107985109 68 100086 20040430 45I    -4.35
```

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

Mercy #75028357 / CSI #107985109
Excerpt from "mercy note file.txt"

```
107985109  4  991030   0 cnCSIF BATCH #: 20110299A   0
107985109  5  991030   0 cn10/30/99        0
107985109  6   126     0 cnMR RELATE HIS INS INFO TO  0
107985109  7   126     0 cn ME "PRUDEN          0
107985109  8   126     0 cnTIAL HEALTH CARE HMO ID #  0
107985109  9   126     0 cn68241204388         0
107985109 10   126     0 cn43102 GROUP #39100 PH#800  0
107985109 11   126     0 cn-648-4478"          0
107985109 12   126     0 cnPLEASE RELATE INFO TO HOS  0
107985109 13   126     0 cnP TO GET RE          0
107985109 14   126     0 cnBILLED.             0
107985109 15   211     0 cnWE HAVE BILLED THIS TWICE  0
107985109 16   211     0 cn TO PRUDENT          0
107985109 17   211     0 cnIAL, 1/22/99 AND 10/27/99  0
107985109 18   211     0 cn - INS DID           0
107985109 19   211     0 cnNOT PAY EITHER TIME. INS   0
107985109 20   211     0 cn NEEDS MORE          0
107985109 21   223     0 cnNFO FROM PT.         0
107985109 22   224     0 cnMR WANTED TO KNOW WHY INS  0
107985109 23   224     0 cn HAS NOT PA          0
107985109 24   224     0 cnID TOLD MR TO CALL INS AN  0
107985109 25   224     0 cnD THE HOSP           0
107985109 26   224     0 cnTO FIND OUT THAT INFO TOL  0
107985109 27   224     0 cnD MR THE NO          0
107985109 28   224     0 cnTES THAT INS NEEDS MORE I  0
107985109 29   224     0 cnNFO MR WAS          0
107985109 30   224     0 cnCALLING TO GET THIS REBIL  0
107985109 31   224     0 cnLED                0
107985109 32  1206     0 cn0119/L10 -1030/L15 -1030/  0
107985109 33  1206     0 cn1201/C02 -0103/C03      0
107985109 34    0      1 cnAT: 9 9 19 **AF-PHONE/REV  0
107985109 35    0      1 cnEW ....P7:711         0
107985109 36    0      1 cn$  0.00 06  99335      0
107985109 37    0   1422 cnAT: 1 1 07 ANS MACH      0
107985109 38    0   1422 cn$  0.00 25  99354      0
107985109 39    0   1006 cnAT: 1 1 07 ANS MACH      0
107985109 40    0   1006 cn$  0.00 25  00010      0
```

```
107985109 41    0   1 cnAT: 9 9 12 AF-2201F 99/30  0
107985109 42    0   1 cn/3   $354.71        0
107985109 43    0   1 cn$   0.00 R. 00017      0
107985109 44    0  838 cnAT: 1 1 18 TALKED TO MR C  0
107985109 45    0  838 cn-10              0
107985109 46    0  838 cn$   0.00 24  00027      0
107985109 47    0   1 cnAT: 9 9 12 AF-2201F 99/30  0
107985109 48    0   1 cn/3   $326.00        0
107985109 49    0   1 cn$   0.00 RR  00034      0
107985109 50    0  1354 cnAT: 9 9 19 PRINT & FAX IN  0
107985109 51    0  1354 cnS INFO TO DOUG        0
107985109 52    0  1354 cn$   0.00 02  00042      0
107985109 53    0  1430 cnAT: 9 9 19 NOTE FROM DOUG  0
107985109 54    0  1430 cn  C10            0
107985109 55    0  1430 cn$   0.00 25  00045      0
107985109 56    0  955 cnAT: 1 1 07 LFT MSG W/WOMA  0
107985109 57    0  955 cnN              0
107985109 58    0  955 cn$   0.00 25  00059      0
107985109 59    0  1007 cnAT: A 1 26 TALKED TO MR  0
107985109 60    0  1007 cnC10            0
107985109 61    0  1007 cn$   0.00 25  02034      0
107985109 62  10108 1606QMAASSIGNED TO CS REP    916
107985109 63  10108 1606***Owner changed from W2   916
107985109 64  10130 2256QMASMART CODE SERIES STOPPED 950
107985109 65  10131   5LOGSMART CODE SERIES STOPPED 950
107985109 66  10201 2321LOGSMART CODE SERIES STOPPED 950
107985109 67  10202 2018LOGSMART CODE SERIES STOPPED 950
107985109 68  10205 2133QMASMART CODE SERIES STOPPED 950
107985109 69  10206 2134LOGSMART CODE SERIES STOPPED 950
107985109 70  10207 2354LOGSMART CODE SERIES STOPPED 950
107985109 71  10208 2146LOGSMART CODE SERIES STOPPED 950
107985109 72  10209 1733LOGSMART CODE SERIES STOPPED 950
107985109 73  10212 2146LOGSMART CODE SERIES STOPPED 950
107985109 74  10213 2346LOGSMART CODE SERIES STOPPED 950
107985109 75  10214 2146QMASMART CODE SERIES STOPPED 950
107985109 76  10215 2148LOGSMART CODE SERIES STOPPED 950
107985109 77  10216 1746LOGSMART CODE SERIES STOPPED 950
107985109 78  10219 2145QMASMART CODE SERIES STOPPED 950
107985109 79  10220 2147LOGSMART CODE SERIES STOPPED 950
107985109 80  10221 2146LOGSMART CODE SERIES STOPPED 950
107985109 81  10222 2149LOGSMART CODE SERIES STOPPED 950
107985109 82  10223 1846LOGSMART CODE SERIES STOPPED 950
107985109 83  10226 2149LOGSMART CODE SERIES STOPPED 950
107985109 84  10227 2147LOGSMART CODE SERIES STOPPED 950
107985109 85  10228 2147QMASMART CODE SERIES STOPPED 950
107985109 86  10301 2146LOGSMART CODE SERIES STOPPED 950
```

```
107985109  87   10304  1825LOGCYCLED PAST DUE           950
107985109  88   10313  849LOGNOT WORKED IN LAST 30    995
107985109  89   10336  1628LOGSERIOUSLY P/D LETTER MLD  998
107985109  90   10405  1600LOGREMOVED SMART CODE SERIES 953
107985109  91   10416  1221LOGPAST DUE LETTER SERIES    915
107985109  92   10417  1137BPAREASSIGN TO ELLEN        516
107985109  93   10417  1137***Owner changed from 16    516
107985109  94   10418  1358ESTQCat changed from - 200  101
107985109  95   10418  1358ESTMACHN                    101
107985109  96   10418  1358ESTTEL RES - LEFT MESSAGE   101
107985109  97   10501  1119ESTTEL RES-LINE IS BUSY     103
107985109  98   10504  1659ESTTEL RES-LINE IS BUSY     103
107985109  99   10507  1553ESTLEFT MESS W/ WIFE        101
107985109  100  10507  1553ESTTEL RES - LEFT MESSAGE  101
107985109  101  10507  1601VJAMR CALLED TO LET US KNOW 322
107985109  102  10507  1601VJATHAT HIS INS SHOULD HAVE 322
107985109  103  10507  1601VJAPAID THIS, I HAVE NO IDEA 322
107985109  104  10507  1602VJA WHY THE INS HASN'T PAID 322
107985109  105  10510  1410LOGACCOUNT RECOURSED        9
107985109  106  10510  1410***clx -      LOG s009-01  9
107985109  107  10630  1234***opx - R    CDO s911-01 911
107985109  108  10630  1234CDOINVOICED RECOURSE       911
107985109  109  10630  1234CDOINVOICE SENT        913
107985109  110  10630  1234***clx -      CDO s913-01 913
107985109  111  11108  1552***PAYMENT POSTED          0
107985109  112  11108  1552*PMPAYMENT POSTED          955
107985109  113  21113  917SRIAccount Viewed          0
107985109  114  21121  943CDOAccount Viewed          0
107985109  115  21121  944CDOAccount Viewed          0
107985109  116  30311  1551CDOAccount Viewed         0
107985109  117  30311  1551CDOAccount Viewed         0
107985109  118  30311  1621***PAYMENT POSTED          0
107985109  119  30311  1621***INTEREST ADJUSTMENT      0
```

| ACCT | HOSPITAL NAME | ORG_DEB | REV_AMT | CSI_AMT | HOSP_AM | NOTES | SCORE |
|------|---------------|---------|---------|---------|---------|-------|-------|
| 75028357 | 100086 | 326.00 | 490.78 | 164.78 | 326.00 | | 779 |

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #65491029 / CSI #102217080**
**Excerpt from "mercy payment file.txt"**

| | | | | | |
|---|---|---|---|---|---|
| 102217080 | 1 | 100087 | 20000918 | 45I | -5.34 |
| 102217080 | 2 | 100087 | 20000918 | 46I | -10.00 |
| 102217080 | 3 | 100087 | 20001016 | 45I | -5.75 |
| 102217080 | 4 | 100087 | 20001016 | 46I | -10.00 |
| 102217080 | 5 | 100087 | 20001116 | 45I | -6.37 |
| 102217080 | 6 | 100087 | 20001116 | 46I | -10.00 |
| 102217080 | 7 | 100087 | 20010309 | 45I | -6.25 |
| 102217080 | 8 | 100087 | 20010315 | 45I | -6.25 |
| 102217080 | 9 | 100087 | 20010319 | 45I | -6.27 |
| 102217080 | 10 | 100087 | 20010319 | 45I | -6.34 |
| 102217080 | 11 | 100087 | 20010416 | 45I | -6.58 |
| 102217080 | 12 | 100087 | 20010517 | 45I | -6.16 |
| 102217080 | 13 | 100087 | 20010618 | 45I | -6.74 |
| 102217080 | 14 | 100087 | 20010717 | 45I | -6.52 |
| 102217080 | 15 | 100087 | 20010816 | 45I | -6.74 |
| 102217080 | 16 | 100087 | 20010917 | 45I | -6.74 |
| 102217080 | 17 | 100087 | 20011017 | 45I | -6.52 |
| 102217080 | 18 | 100087 | 20011119 | 45I | -6.74 |
| 102217080 | 19 | 100087 | 20011217 | 45I | -6.70 |
| 102217080 | 20 | 100087 | 20020116 | 45I | -8.04 |
| 102217080 | 21 | 100087 | 20020218 | 45I | -8.15 |
| 102217080 | 22 | 100087 | 20020318 | 45I | -7.45 |
| 102217080 | 23 | 100087 | 20020416 | 45I | -8.34 |
| 102217080 | 24 | 100087 | 20020517 | 45I | -8.18 |
| 102217080 | 25 | 100087 | 20020617 | 45I | -8.55 |
| 102217080 | 26 | 100087 | 20020716 | 45I | -8.38 |
| 102217080 | 27 | 100087 | 20020819 | 45I | -8.77 |
| 102217080 | 28 | 100087 | 20020917 | 45I | -8.87 |
| 102217080 | 29 | 100087 | 20021017 | 45I | -8.70 |
| 102217080 | 30 | 100087 | 20021118 | 45I | -9.11 |
| 102217080 | 31 | 100087 | 20021216 | 45I | -8.92 |
| 102217080 | 32 | 100087 | 20030117 | 45I | -9.34 |
| 102217080 | 33 | 100087 | 20030217 | 45I | -9.45 |
| 102217080 | 34 | 100087 | 20030317 | 45I | -8.65 |
| 102217080 | 35 | 100087 | 20030408 | 1I | 75.31 |
| 102217080 | 36 | 100087 | 20030408 | 1P | 40.00 |
| 102217080 | 37 | 100087 | 20030408 | 43I | 155.60 |

```
102217080 38 100087 20030408 421    30.00
102217080 39 100087 20030417 45I    -8.79
102217080 40 100087 20030519 45I    -5.77
102217080 41 100087 20030617 45I    -6.03
102217080 42 100087 20030717 45I    -5.92
102217080 43 100087 20030818 45I    -6.19
102217080 44 100087 20030917 45I    -6.27
102217080 45 100087 20031017 45I    -6.14
102217080 46 100087 20031117 45I    -6.43
102217080 47 100087 20031216 45I    -6.30
102217080 48 100087 20040116 45I    -6.59
102217080 49 100087 20040216 45I    -6.68
102217080 50 100087 20040315 45I    -6.32
102217080 51 100087 20040415 45I    -6.84
102217080 52 100087 20040516 45I    -6.71
```

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

**Mercy #65491029 / CSI #102217080**
**Excerpt from "mercy note file.txt"**

```
102217080  4   823   0 cnCSIF BATCH #: 20208220   0
102217080  5   823   0 cn 8/22/00               0
102217080  6  1206   0 cn0731/C01 -0823/L15 -0823/  0
102217080  7  1206   0 cn0918/C02 -1016/C03       0
102217080  8  1206   0 cn1103/L10 -               0
102217080  9     0   1 cnAT: 9 9 19 **AF-PHONE/REV  0
102217080 10     0   1 cnIEW ....P7:713           0
102217080 11     0   1 cn$  0.00 06  00262        0
102217080 12     0  907 cnAT: 1 1 07 ANSWERING MACH  0
102217080 13     0  907 cnINE              0
102217080 14     0  907 cn$  0.00 25  00266    0
102217080 15     0 1158 cnAT: 1 1 07 LEFT MSG W/WOM  0
102217080 16     0 1158 cnAN              0
102217080 17     0 1158 cn$  0.00 25  00276    0
102217080 18     0  927 cnAT: 1 1 21 LINE BUSY     0
102217080 19     0  927 cn$  0.00 25  00279    0
102217080 20     0  902 cnAT: 1 1 21 610-394-0223 T  0
102217080 21     0  902 cnEMP DISC          0
102217080 22     0  902 cn$  0.00 25  00283    0
102217080 23     0  903 cnAT: 9 9 19 DA NO LISTING   0
102217080 24     0  903 cnIN AREA          0
102217080 25     0  903 cn$  0.00 25  00283    0
102217080 26     0 1010 cnAT: 1 1 07 ANS MSG     0
102217080 27     0 1010 cn$  0.00 25  00291    0
102217080 28     0 1023 cnAT: 1 1 07 ANSWER MACHINE  0
102217080 29     0 1023 cn$  0.00 25  00297    0
102217080 30     0 1547 cnAT: 1 1 07 LFT MSG W/GIRL  0
102217080 31     0 1547 cn SD MR HOME EVN      0
102217080 32     0 1547 cn$  0.00 15  00299    0
102217080 33     0 1911 cnAT: 1 1 07 LFT MSG W/GIRL  0
102217080 34     0 1911 cn$  0.00 15  00306    0
102217080 35     0   1 cnAT: 9 9 12 AF-2202F 0/23  0
102217080 36     0   1 cn/6  $531.09         0
102217080 37     0   1 cn$  0.00 RD  00306    0
102217080 38     0 1512 cnAT: 9 9 19 PRINT FOR RECO  0
102217080 39     0 1512 cnURSE            0
102217080 40     0 1512 cn$  0.00 28  00335    0
```

```
102217080 41    0 1512 cnAT: F 6 11 LH#10        0
102217080 42    0 1512 cn$   0.00 28  00335      0
102217080 43    0   1 cnAT: 9 9 12 AF-2202F 0/23   0
102217080 44    0   1 cn/6   $500.00          0
102217080 45    0   1 cn$   0.00 RR  00321      0
102217080 46    0 1133 cnAT: 9 9 19 RECOURSE      0
102217080 47    0 1133 cn$   0.00 28  00335      0
102217080 48  10130 2254QMASMART CODE SERIES STOPPED 950
102217080 49  10131   3LOGSMART CODE SERIES STOPPED 950
102217080 50  10201 2319LOGSMART CODE SERIES STOPPED 950
102217080 51  10202 2016LOGSMART CODE SERIES STOPPED 950
102217080 52  10205 2132QMASMART CODE SERIES STOPPED 950
102217080 53  10206 2133LOGSMART CODE SERIES STOPPED 950
102217080 54  10207 2352LOGSMART CODE SERIES STOPPED 950
102217080 55  10208 2145LOGSMART CODE SERIES STOPPED 950
102217080 56  10209 1731LOGSMART CODE SERIES STOPPED 950
102217080 57  10212 2053CBAREMOVE FOLLOW UP DATES   901
102217080 58  10212 2053CBARECOURSE - STANDARD      801
102217080 59  10212 2053***clx -     CBA s801-01 801
102217080 60  10212 2145LOGSMART CODE SERIES STOPPED 950
102217080 61  10213 2345LOGSMART CODE SERIES STOPPED 950
102217080 62  10214 2144QMASMART CODE SERIES STOPPED 950
102217080 63  10215 2147LOGSMART CODE SERIES STOPPED 950
102217080 64  10216 1744LOGSMART CODE SERIES STOPPED 950
102217080 65  10219 2144QMASMART CODE SERIES STOPPED 950
102217080 66  10220 2146LOGSMART CODE SERIES STOPPED 950
102217080 67  10221 2145LOGSMART CODE SERIES STOPPED 950
102217080 68  10222 2147LOGSMART CODE SERIES STOPPED 950
102217080 69  10223 1845LOGSMART CODE SERIES STOPPED 950
102217080 70  10226 2148LOGSMART CODE SERIES STOPPED 950
102217080 71  10227 2146LOGSMART CODE SERIES STOPPED 950
102217080 72  10228 2145QMASMART CODE SERIES STOPPED 950
102217080 73  10301 2145LOGSMART CODE SERIES STOPPED 950
102217080 74  10304 1823LOGCYCLED PAST DUE         950
102217080 75  10312 1558SRIClose Code - R          0
102217080 76  10312 1558SRIINVOICED RECOURSE       911
102217080 77  10312 1558***clx -     SRI s911-01 911
102217080 78  10312 2209LOGCYCLED PAST DUE         950
102217080 79  21120 1509SRIAccount Viewed         0
102217080 80  30408 1405CDOAccount Viewed         0
102217080 81  30408 1433***PAYMENT POSTED         0
102217080 82  30408 1433***INTEREST ADJUSTMENT      0
102217080 83  30408 1433***LATE FEE ADJUSTMENT      0
102217080 84  30515 1823DSTREC. STATUS CODE ENTERED 815
```

03/28/01                          Return Report                          Page    6

CSI 2347

ᴵᵃ, ᴶ⁴     ᴼ. ⸗    ⁴ᴼ⁸⁻²⸗⸗⸗          ᴵ⸗ᴵ    L BANK OF MI          P    18

03/23,                          Report                          Page

65491029                              999    500.00    72.57    572.57

CSI 2348

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Healt
System of Southeastern Pennsylvania

**Mercy #2679348 / CSI #101972040**
**Excerpt from "mercy payment file.txt"**

```
101972040   1  100087  20000516  45I    -8.81
101972040   2  100087  20000516  461    -8.00
101972040   3  100087  20000616  45I    -9.87
101972040   4  100087  20000616  461    -8.10
101972040   5  100087  20000717  45I    -9.87
101972040   6  100087  20000717  461    -8.10
101972040   7  100087  20000816  45I    -9.68
101972040   8  100087  20000918  45I   -10.64
101972040   9  100087  20001016  45I    -9.03
101972040  10  100087  20001116  45I   -10.00
101972040  11  100087  20010309  461   -10.00
101972040  12  100087  20010309  45I    -9.61
101972040  13  100087  20010315  461   -10.00
101972040  14  100087  20010315  45I    -9.68
101972040  15  100087  20010319  45I    -9.56
101972040  16  100087  20010319  45I    -9.64
101972040  17  100087  20010508  45I    -9.46
101972040  18  100087  20010509  45I    -9.77
101972040  19  100087  20010618  45I   -10.33
101972040  20  100087  20010717  45I   -10.00
101972040  21  100087  20010817  45I   -10.33
101972040  22  100087  20010917  45I   -10.33
101972040  23  100087  20011017  45I   -10.00
101972040  24  100087  20011119  45I   -10.33
101972040  25  100087  20011217  45I   -10.41
101972040  26  100087  20020118  45I   -12.86
101972040  27  100087  20020218  45I   -13.01
101972040  28  100087  20020318  45I   -11.91
101972040  29  100087  20020419  45I   -13.34
101972040  30  100087  20020520  45I   -13.05
101972040  31  100087  20020617  45I   -13.66
101972040  32  100087  20020718  45I   -13.40
101972040  33  100087  20020819  45I   -14.01
101972040  34  100087  20020918  45I   -14.19
101972040  35  100087  20021018  45I   -13.91
101972040  36  100087  20021118  45I   -14.55
101972040  37  100087  20021217  45I   -14.26
```

```
101972040 38 100087 20030120 45I   -14.92
101972040 39 100087 20030217 45I   -15.09
101972040 40 100087 20030318 45I   -13.82
101972040 41 100087 20030408 1I    156.28
101972040 42 100087 20030408 1P     61.44
101972040 43 100087 20030408 43I   247.05
101972040 44 100087 20030408 42I    44.20
101972040 45 100087 20030418 45I   -13.75
101972040 46 100087 20030519 45I    -8.87
101972040 47 100087 20030617 45I    -9.28
101972040 48 100087 20030718 45I    -9.10
101972040 49 100087 20030818 45I    -9.51
101972040 50 100087 20030918 45I    -9.64
101972040 51 100087 20031020 45I    -9.44
101972040 52 100087 20031117 45I    -9.87
101972040 53 100087 20031218 45I    -9.69
101972040 54 100087 20040117 45I   -10.13
101972040 55 100087 20040217 45I   -10.26
101972040 56 100087 20040317 45I    -9.72
101972040 57 100087 20040416 45I   -10.52
```

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health
System of Southeastern Pennsylvania

Mercy #2679348 / CSI #101972040
Excerpt from "mercy note file.txt"

```
101972040  4    417   0 cnCSIF BATCH #: 20204180    0
101972040  5    417   0 cn 4/17/00              0
101972040  6    0     1 cnAT: 9 9 12 AF-2202F 0/10  0
101972040  7    0     1 cn/8   $768.00        0
101972040  8    0     1 cn$   0.00 RR  00199    0
101972040  9    0 1410 cnAT: 9 9 19 LINKED ACCOUNT  0
101972040  10   0 1410 cn$   0.00 NR         0
101972040  11   10108 1606QMAASSIGNED TO CS REP     916
101972040  12   10108 1606***Owner changed from W2   916
101972040  13   10313 849LOGNOT WORKED IN LAST 30   995
101972040  14   10416  842BPARECOURSE - STANDARD    801
101972040  15   10416  842***clx -    BPA s801-01 801
101972040  16   10701  1031***opx - R    CDO s911-01 911
101972040  17   10701  1031CDOINVOICED RECOURSE     911
101972040  18   10701  1031CDOINVOICE SENT       913
101972040  19   10701  1031***clx -    CDO s913-01 913
101972040  20   21120 1514SRIAccount Viewed      0
101972040  21   30408 1416CDOAccount Viewed      0
101972040  22   30408 1433***PAYMENT POSTED      0
101972040  23   30408 1433***INTEREST ADJUSTMENT   0
101972040  24   30408 1433***LATE FEE ADJUSTMENT   0
101972040  25   30508 1840DSTREC. STATUS CODE ENTERED 815
```

CSI 1637

630

768.00

180.15

948.15

768.00

100087

2679348

# EXHIBIT F

EXHIBIT F

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

| Period | Approved at 92 Percent | Less: Actual Cash Paid by CSI | Returned | Less: Offsets Timely | Recoursed Delinquent | Patient Pmts. Made to Mercy | Add back: Direct Pmts For Offset Items Cash Pmts. Made by Mercy to CSI |
|---|---|---|---|---|---|---|---|
| 10/28/99-11/19/99 | $ 2,349,655 | $ 2,259,785 | $ - | $ - | $ - | $ - | $ - |
| 11/20/99-4/24/00 | 1,196,243 | 542,096 | 519,491 | 338,889 | 224,702 | 55,661 | 600,464 |
| 4/25/00-1/31/01 | 1,699,424 | 377,891 | 1,205,436 | 2,744 | 672,061 | 121,888 | 558,573 |
| 2/1/01-Present | 1,568,108 | - | 670,367 | 43,209 | 1,830,568 | 255,077 | 94,378 |
| **Total** | **$ 6,813,430** | **$ 3,179,772** | **$ 2,395,294** | **$ 384,842** | **$ 2,727,331** | **$ 432,626** | **$ 1,253,415** |
| | | | | *(1)* | | *(2)* | |

**Notes**

(1) Timely Recoursed is based upon 90 days.

(2) The timing of payments is based upon the date included in the respective file naming conventions.

EXHIBIT F.1

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

| Period | Approved at 92 Percent | Less: Actual Cash Paid by CSI | Returned | Less: Offsets | | Patient Pmts. Made to Mercy | Add Back: Direct Pmts For Offset Items Cash Pmts. Made by Mercy to CSI |
| | | | | Recoursed Timely | Recoursed Delinquent | | |
|---|---|---|---|---|---|---|---|
| 10/28/99-11/19/99 | $ 2,349,655 | $ 2,259,785 | $ - | $ - | $ - | $ - | $ - |
| 11/20/99-4/24/00 | 1,196,243 | 542,096 | 519,491 | 456,486 | 107,105 | 55,661 | 600,464 |
| 4/25/00-1/31/01 | 1,699,424 | 377,891 | 1,205,436 | 3,292 | 671,513 | 121,888 | 558,573 |
| 2/1/01-Present | 1,568,108 | - | 670,367 | 539,192 | 1,334,585 | 255,077 | 94,378 |
| Total | $ 6,813,430 | $ 3,179,772 | $ 2,395,294 | $ 998,970 | $ 2,113,203 | $ 432,626 | $ 1,253,415 |
| | | | | (1) | | (2) | |

Notes

(1) Timely Recoursed is based upon 120 days.

(2) The timing of payments is based upon the date included in the respective file naming conventions.

# EXHIBIT G

12/16/99

*Returns*
~~Recourse~~ Reconciliation Report     *FB121599*  Page  1

Hospital ID: 202  *Mercy Fitz*  File Name: TRN202.DBF

| Acct# | Patient Name | * | Org Debt | Curr Debt | CSI | Hospital |
|---|---|---|---|---|---|---|
| 20906087 | ELEANOR DIJOSEPH *12·31* | R | 460.70 | 460.70 | 36.86 | 423.84 |
| 21176110 | JEAN GUILLEMETTE *9·46* | R | 354.00 | 354.00 | 28.32 | 325.68 |
| 21220710 | REGINA EICHINGER *(2·63)* | R | 100.00 | 100.00 | 0.00 | 100.00 |
| 21265772 | HEYWOOD FULLENLOVE *6·25* | D | 234.00 | 234.00 | 18.72 | 215.28 |
| 21298203 | PATRICIA GANNON *10·23* | R | 383.00 | 383.00 | 16.86 | 193.86 |
| 21327804 | PETER TERRELL *29·92* | R | 1120.00 | 1120.00 | 89.60 | 1030.40 |
| 21380688 | CONNELL MCNELIS *(2·50)* | R | 93.60 | 93.60 | 0.00 | 93.60 |
| 21503115 | LEROY DAVIS *2·77* | D | 103.80 | 103.80 | 8.30 | 95.50 |
| 21512728 | JEFFREY BOUNDS *4·22* | L | 158.00 | 158.00 | 12.64 | 145.36 |
| 21535265 | LIZZIE TIMONEY *2·0* | D | 75.00 | 75.00 | 6.00 | 69.00 |
| 21545900 | GEORGE J. SPERA *17·69* | D | 662.50 | 662.50 | 53.00 | 609.50. |
| 21661194 | ELLA WILLIAMS | D | 968.00 | 968.00 | 77.44 | 890.56· |
| 21727219 | KIRBY SMITH *02·37* | R | 3456.25 | 3456.25 | 105.93 | 1218.17. |
| 21762398 | CASTELLA WIGINGTON *12·5✓* | D | 470.15 | 470.15 | 37.61 | 432.54. |
| 22085252 | CHARLES HARRIS *1·6✓* | R | 57.00 | 57.00 | 4.56 | 52.44 |
| 22130553 | DOLORES WELLINGTON | R | 410.00 | 410.00 | 0.00 | 50.00. |
| 22247902 | HARRIET DEVINE *31* | R | 27.60 | 27.60 | 2.21 | 25.39✓ |
| 22301147 | JAMES F. BOYCE *7·7✓* | D | 290.20 | 290.20 | 23.22 | 266.98· |
| 22439657 | ATHANASIOS FOTIOU *3·63* | L | 131.98 | 131.98 | 10.56 | 121.42· |
| 2527497✗ | CHARLES FRAELICH | R | 887.92 | 887.92 | 0.00 | 20.00 |
| 2553808 | JAMES BOYLE *20·5✓* | D | 768.00 | 768.00 | 61.44 | 706.56' |
| 2575991 | SAEED KAZMI *320·6✓* | R | 12004.90 | 12004.90 | 960.39 | 11044.51✓ |
| 2585685 | GLORIA JOHNSON *1A3·07* | R | 27483.89 | 27483.89 | 2198.71 | 25285.18✓ |
| 2585750 | ROGER THOMPSON *20·6✓* | R | 768.00 | 768.00 | 61.44 | 706.56, |
| 2593051 | IRA I GLOVER . | R | 816.50 | 816.50 | 0.00 | 100.00✓ |
| 2608784 | MARIE PELLECCHIA *20·81* | R | 768.00 | 768.00 | 61.44 | 706.56 |
| 2618247 | KAREN A. CIZMARIK *10·53* | D | 768.00 | 768.00 | 61.44 | 706.56 |
| 2622694 | MARGARET BROWN *20·6✓* | D | 768.00 | 768.00 | 61.44 | 706.56 |
| 2626059 | ELLA WILLIAMS *16·9✓* | D | 625.00 | 625.00 | 50.00 | 575.00 |
| 2626299 | ERIKA PARKER | R | 1056.14 | 1056.14 | 0.00 | 1056.14· |
| 2628501 | ELLA WILLIAMS *AO* | D | 375.00 | 375.00 | 30.00 | 345.00✓ |
| 33178641 | SIMEON BLAHUT *18·✓* | R | 680.17 | 680.17 | 50.96 | 586.04· |
| 33323775 | DOLORES MCCULLOUGH *(61)* | R | 32.40 | 32.40 | 0.00 | 32.40, |
| 33345653 | MARIE PELLECCHIA *✓* | R | 15.00 | 15.00 | 0.00 | 15.00✓ |
| 33407164 | ALONZO WATTS *10·03* | D | 375.50 | 375.50 | 30.04 | 345.46 |
| 33432402 | ROBIN RICHARDS *2·07* | R | 97.00 | 97.00 | 7.76 | 89.24· |
| 33471954N | KATHLEEN ANGONE | R | 425.00 | 425.00 | 0.00 | 340.00 |
| 33536855 | YOLANDE MAILLOUX *(1·56)* | R | 54.60 | 54.60 | 0.00 | 54.60✓ |
| 33737297 | DENISE BUTLER *(5·19)* | R | 180.00 | 180.00 | 0.00 | 180.0 OW |
| 33763137 | JEANNE FLETCHER *(9·37)* | R | 349.00 | 349.00 | 0.00 | 349.00, |
| 33765421 | DENISE BUTLER *(2·53)* | R | 92.00 | 92.00 | 0.00 | 92.00✓ |
| 33810102 | TANYA STANTON | R | 175.00 | 175.00 | 0.00 | 25.004 |
| 33819533 | MILDRED PRESTON *5·69* | D | 212.75 | 212.75 | 17.02 | 195.73 |
| 33819871 | ADEDAYO ABEEB *2·64* | L | 99.00 | 99.00 | 7.92 | 91.08 |
| 33823030 | ROBIN RICHARDS *DVP* | R | 68.10 | 68.10 | 0.00 | 68.106 |
| 33824111 | DR JOHN MURPHY *36·59* | R | 1366.00 | 1366.00 | 106.68 | 1226.89✓ |
| 33843228 | DENISE BUTLER *(3·19)* | R | 118.00 | 118.00 | 0.00 | 118.00✓ |
| 33844523 | DAVID WALTON *2·24* | D | 84.00 | 84.00 | 6.72 | 77.28✓ |
| 33880287 | HELENE CORCORAN *(✓)* | R | 116.00 | 116.00 | 0.00 | 116.00, |
| 33881632 | VINCENT SCANNAPIECO *2·85* | R | 147.96 | 147.96 | 7.66 | 87.98✓ |
| 33906322 | JOSEPH TRAINOR *(1·09)* | R | 39.60 | 39.60 | 0.00 | 39.60✓ |
| 33913922 | CHARLES BIANCHI | R | 2592.80 | 2592.80 | *0.00* | 2511.90, |

CSI 2538

ISI NAI L BANK OF MT          PAGE  12

03/28/01

Recourse
~~Return~~ Report FC032801          Page   1

Hospital ID: 100087   Mercy Fitzgerald

| Acct# | Patient Name | Sc | Original Debt | Interest | Current Debt |
|---|---|---|---|---|---|
| 20832630 | JOHN CAHILL | 611 | 819.09 | 194.72 | 1013.81 |
| 21003819 | MARION PUGH | 810 | 146.00 | 59.15 | 205.15 |
| 21206842 | BLANCHE PERRY | 805 | 175.85 | 65.00 | 240.93 |
| 21396528 | EARL WILLIAMS | 628 | 60.00 | 65.94 | 125.94 |
| 21540372 | WILLIAM CUMMINGS | 688 | 29.00 | 35.83 | 64.83 |
| 21705991 | BRIDGET NERCH | 798 | 25.00 | 21.22 | 46.22 |
| 22075360 | JOSE HERNANDEZ | 754 | 117.20 | 52.10 | 169.30 |
| 22306591 | MAX WORSHALL | 741 | 557.80 | 117.70 | 675.50 |
| 22362628 | ANDREA SALVATORE | 692 | 347.00 | 98.71 | 445.71 |
| 2603173 | DONATO DORTENZZO | 642 | 432.48 | 142.70 | 575.18 |
| 2611739 | BARBARA DIGREGORIO | 623 | 240.00 | 24.18 | 264.18 |
| 2705267 | DAISY ADAMS | 662 | 150.00 | 49.22 | 199.22 |
| 2709533 | BARBARA DIGREGORIO | 604 | 240.00 | 0.00 | 144.58 |
| 2759942 | JANIE FOUNTAIN | 633 | 776.00 | 87.65 | 863.65 |
| 2780971 | JAMES M, MCNULTY | 662 | 205.00 | 32.59 | 237.59 |
| 32060880 | ANDREA SALVATORE | 692 | 437.00 | 102.19 | 539.19 |

CSI 2342

# EXHIBIT H

EXHIBIT H

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

Analysis of Timely & Untimely Recourse

| Approved & Accepted Date | Number of Accounts | Amount Approved | 90 Days from batch | Actual Recourse | | Timely Recourse of Batch | | Untimely Recourse of Batch | | Untimely Cumulative Recourse |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Number of Accounts | Amount | Number of Accounts | Amount | Number of Accounts | Amount | Balance |
| A 30-Oct-99 | 4,551 | $ 2,062,111 | 28-Jan-00 | 873 | $ 336,498 | 542 | $ 222,087 | 2,055 | $ 847,898 | $ 733,437 |
| 16-Nov-99 | 966 | 394,177 | 14-Feb-00 | 414 | 89,852 | 313 | 97,454 | 110 | 69,211 | 810,300 |
| 19-Nov-99 | 242 | 97,685 | 17-Feb-00 | | | 51 | 18,452 | 66 | 25,193 | 833,946 |
| 14-Dec-99 | 51 | 16,735 | 13-Mar-00 | 60 | 26,603 | 1 | 47 | 23 | 7,000 | 834,350 |
| 16-Dec-99 | 33 | 5,286 | 15-Mar-00 | | | | | 16 | 2,127 | 836,517 |
| 28-Jan-00 | 1 | 5,813 | 27-Apr-00 | 1,029 | 471,251 | | | 1 | 5,348 | 370,614 |
| 31-Jan-00 | 303 | 105,226 | 30-Apr-00 | | | 11 | 2,662 | 66 | 15,812 | 389,089 |
| 17-Apr-00 | 1,440 | 968,608 | 16-Jul-00 | | | 5 | 930 | 582 | 373,059 | 763,077 |
| 18-Apr-00 | 291 | 198,755 | 17-Jul-00 | | | | | 59 | 46,959 | 810,036 |
| 16-May-00 | 579 | 320,119 | 14-Aug-00 | | | | | 210 | 130,848 | 940,884 |
| 17-May-00 | 104 | 66,357 | 15-Aug-00 | | | | | 19 | 19,992 | 960,877 |
| 18-Aug-00 | 745 | 396,664 | 16-Nov-00 | 334 | 170,950 | | | 286 | 162,551 | 952,458 |
| 23-Aug-00 | 507 | 231,239 | 21-Nov-00 | | | | | 338 | 164,847 | 1,117,345 |
| 4-Oct-00 | 398 | 200,166 | 02-Jan-01 | 390 | 143,242 | | | 169 | 84,274 | 1,058,378 |
| 24-Oct-00 | 538 | 276,155 | 25-Feb-01 | | | | | 7 | 1,112 | 1,059,490 |
| 23-Jan-01 | 590 | 334,500 | 23-Apr-01 | 624 | 408,556 | 1 | 135 | 245 | 164,029 | 815,097 |
| 19-Mar-01 | 583 | 336,020 | 17-Jun-01 | | | | | 283 | 165,254 | 980,351 |
| 24-Apr-01 | 559 | 359,839 | 23-Jul-01 | 1,300 | 760,387 | 10 | 11,053 | 238 | 154,425 | 385,441 |
| 25-May-01 | 467 | 324,025 | 23-Aug-01 | 506 | 337,985 | 37 | 21,665 | 161 | 115,161 | 184,283 |
| 9-Aug-01 | 41 | 16,312 | 07-Nov-01 | 286 | 180,150 | | | 18 | 7,022 | 11,155 |
| 23-Aug-01 | 53 | 31,000 | 21-Nov-01 | 19 | 8,636 | 1 | 137 | 28 | 15,022 | 17,678 |
| 7-Sep-01 | 779 | 439,707 | 06-Dec-01 | 36 | 17,765 | 6 | 1,359 | 346 | 150,165 | 151,437 |
| 2-Oct-01 | 343 | 197,563 | 31-Dec-01 | 322 | 159,027 | 16 | 8,860 | 109 | | 1,270 |
| After Litigation | | | Various | 228 | 1,270 | | | | | 0 |
| Grand Total | 14,154 | $ 7,405,901 | | 6,421 | $ 3,112,172 | 594 | $ 384,842 | 5,427 | $ 1,727,330 | |

A = This Batch Date covers accounts approved & accepted during the period 10/28/99 - 10/30/99
B = Certain amounts may be subject to immaterial rounding.

EXHIBIT 11.1

Mercy Health System of Southeastern Pennsylvania v. CSI Financial, Inc.
and
First National Bank of Montana, Inc. and CSI Financial, Inc. v. Mercy Health System of Southeastern Pennsylvania

Analysis of Timely & Untimely Recourse

| Approved & Accepted Date | Number of Accounts | Amount Approved | 120 Days from batch | Actual Recourse Number of Accounts | Actual Recourse Amount | Timely Recourse of Batch Number of Accounts | Timely Recourse of Batch Amount | Untimely Recourse of Batch Number of Accounts | Untimely Recourse of Batch Amount | Untimely Cumulative Recourse Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| A 30-Oct-99 | 4,551 | $ 2,062,111 | 27-Feb-00 | 1,287 | $ 426,350 | 922 | $ 310,397 | 1,675 | $ 759,549 | $ 643,635 |
| 16-Nov-99 | 966 | 394,177 | 15-Mar-00 | 60 | 26,603 | 373 | 124,057 | 50 | 42,607 | 783,696 |
| 19-Nov-99 | 242 | 97,683 | 18-Mar-00 | 191 | 91,091 | 51 | 18,452 | 66 | 25,193 | 827,342 |
| 14-Dec-99 | 51 | 16,575 | 12-Apr-00 | | | 4 | 2,731 | 20 | 4,316 | 743,299 |
| 16-Dec-99 | 33 | 5,286 | 14-Apr-00 | | | | | 16 | 2,127 | 745,426 |
| 28-Jan-00 | 1 | 5,813 | 27-May-00 | 838 | 390,160 | 11 | 2,662 | 1 | 5,248 | 370,614 |
| 31-Jan-00 | 303 | 105,226 | 30-May-00 | | | 5 | 930 | 66 | 15,812 | 389,089 |
| 3-Feb-00 | - | - | 02-Jun-00 | | | | | 17 | 3,061 | 393,080 |
| 17-Apr-00 | 1,440 | 968,608 | 15-Aug-00 | | | 565 | 369,997 | 565 | 369,997 | 763,077 |
| 18-Apr-00 | 291 | 198,755 | 16-Aug-00 | | | 59 | 46,959 | 59 | 46,959 | 810,036 |
| 16-May-00 | 579 | 320,119 | 13-Sep-00 | | | 210 | 130,848 | 210 | 130,848 | 940,884 |
| 17-May-00 | 104 | 66,357 | 14-Sep-00 | | | 19 | 19,992 | 19 | 19,992 | 960,877 |
| 18-Aug-00 | 745 | 396,664 | 16-Dec-00 | 334 | 170,950 | 1 | 548 | 285 | 161,983 | 932,458 |
| 22-Aug-00 | - | - | 20-Dec-00 | | | | | 327 | 164,987 | 1,117,345 |
| 23-Aug-00 | 507 | 253,239 | 21-Dec-00 | 390 | 143,242 | | | 1 | 1 | 974,103 |
| 3-Oct-00 | - | - | 31-Jan-01 | | | | | 83 | 45,184 | 1,019,387 |
| 4-Oct-00 | 398 | 200,166 | 01-Feb-01 | | | | | 86 | 39,090 | 1,058,378 |
| 24-Nov-00 | 538 | 276,155 | 24-Mar-01 | 624 | 408,556 | | | 7 | 1,112 | 1,059,490 |
| 22-Jan-01 | - | - | 22-May-01 | | | | | 32 | 21,453 | 672,387 |
| 23-Jan-01 | 590 | 334,500 | 23-May-01 | | | 1 | 135 | 213 | 142,575 | 815,097 |
| 19-May-01 | 583 | 336,020 | 17-Jul-01 | 1,700 | 760,387 | 138 | 78,725 | 147 | 86,529 | 219,964 |
| 23-Apr-01 | 559 | 359,839 | 21-Aug-01 | 506 | 337,985 | 76 | 65,555 | 39 | 16,448 | (36,018) |
| 24-Apr-01 | 467 | 324,025 | 22-Aug-01 | | | 105 | 78,649 | 28 | 4,826 | 47,456 |
| 25-Aug-01 | 41 | 16,312 | 22-Sep-01 | 241 | 162,918 | 180 | 133,563 | 18 | 3,262 | 21,364 |
| 9-Aug-01 | 53 | 31,000 | 07-Dec-01 | 100 | 43,633 | 16 | 7,022 | 2 | - | (15,247) |
| 23-Aug-01 | 779 | 439,707 | 21-Dec-01 | 299 | 159,027 | 26 | 15,159 | 3 | - | (159,115) |
| 7-Sep-01 | 343 | 197,563 | 05-Jan-02 | 27 | 1,270 | 309 | 151,524 | 43 | - | (8,860) |
| 2-Oct-01 | - | - | 30-Jan-02 | 110 | | 105 | 8,860 | 20 | - | (0) |
| After Litigation B | - | - | Various | 114 | | | | | | (0) |
| Grand Total | 14,154 | $ 7,405,902 | | 6,411 | $ 3,112,172 | 2,323 | $ 998,970 | 4,098 | $ 2,113,202 | |

A = This Batch Date covers accounts approved & accepted during the period 10/28/99 - 10/30/99
B = The files recoursed after litigation excluded a hospital amt.
C = Certain amounts may be subject to immaterial rounding.